IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER, | : |
| Plaintiff, | : |
| v. | : |
| JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER, | : CIVIL ACTION NO. <br> : _____ |
| and | : |
| SNP TRANSFORMATION, INC., | : |
| and | : |
| SNP SCHNEIDER-NEUREITHER & PARTNER SE, | : |
| and | : |
| SN ASSETS AMERICAS LLC, | : |
| Defendants. | : |

## CIVIL ACTION

Plaintiff, Jillian Schrotberger, by and through her attorneys, Kleinbard LLC, hereby files this complaint against Defendants and avers as follows:

## Jurisdiction and Venue

1. The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to diversity of citizenship and amount in controversy, 28 U.S.C. § 1332.

{02017490 }

2. Defendants are subject to personal jurisdiction in this District as they regularly conduct business in Pennsylvania, have offices in Pennsylvania, and/or employ Plaintiff in Pennsylvania.

3. Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 in that certain events giving rise to the claim occurred in the Eastern District of Pennsylvania.

**The Parties**

4. Plaintiff, Jillian Schrotberger ("Schrotberger") is an adult individual with a residence at 301 Village Drive #326, King of Prussia, Pennsylvania.

5. Defendant, John Doe, is the Administrator of the Estate of Andreas Schneider-Neureither. Decedent Andreas Schneider-Neureither ("Schneider-Neureither"), an adult individual, maintained a personal residence in the United States at 125 Fox Glen Circle, Irving, TX 75062. Schneider-Neureither's widow and children reside in Germany.

6. Defendant, SNP Transformation, Inc. ("SNP"), is a Virginia corporation, with a Pennsylvania business address at 1205 Westlakes Drive, Suite 240, Berwyn, PA 19312.

7. SNP Schneider-Neureither & Partner SE ("SNP SE"), is a foreign company, with a business address at Dossenheimer Landstraße 100, 69121 Heidelberg, Germany. SNP SE does business in the United States through Defendant SNP.

8. Defendant, SN Assets Americas LLC ("SN Assets"), is a Texas company, with a business address at 125 Fox Glen Circle, Irving, TX 75062. SN Assets also owns the business/residential property located at this address (the property shall herein be referred to the "Bluefield House").

**Facts**

9. Plaintiff incorporates by reference the prior paragraphs of this Complaint, as though fully set forth at length.

10. Schrotberger was hired as a consultant to Defendants SNP and SNP SE on January 1, 2018 by Defendant Schneider-Neureither. By March 2018, she was hired as a full-time employee with the job title of Chief Executive Assistant to Schneider-Neureither.

11. Schneider-Neureither is the CEO and Chairman of the Boards of SNP and SNP SE. (SNP SE and SNP shall herein be collectively referred to as the "SNP Entities"). He further is the largest single shareholder of SNP SE. Schneider-Neureither also is a principal of SN Assets. Schrotberger reported to Schneider-Neureither in his dual capacities at the SNP Entities, as well as his capacity as a principal of SN Assets.

12. In May 2018, Schrotberger was promoted to the position of Senior Advisor to Schneider-Neureither. Schrotberger was paid directly by SNP Transformation, Inc. as an employee. Until her demotion in late 2020, however, SNP, "charged back" her salary to the German parent company, SNP SE.

13. Upon information and belief, SN Assets also contributed to Schrotberger's compensation paid by the SNP Entities.

14. As part of her compensation package, SN Assets paid the monthly rent for Schrotberger's personal residence in Berwyn, Pennsylvania in 2018.

15. SN Assets further reimbursed Schrotberger for a business expense incurred by an SNP SE employee, Tristan Neureither, while he performed work on behalf of the SNP Entities in

{02017490 }

Pennsylvania. Specifically, Schrotberger personally paid for business lodging for Neureither, which SN Assets reimbursed to Schrotberger, and which Schneider-Neureither later submitted as a personal business expense to SNP SE.

16. As Senior Advisor to the CEO and Chairman, Schrotberger advised Schneider-Neureither on all matters related to corporate strategy and daily business objectives of the SNP Entities and SN Assets. Her salary was $110,000 annually, and included a compensation package with annual bonuses, full company benefits, and participation in SNP SE's Stock Options Plan 2020.

17. By way of background, Schrotberger was first introduced to Schneider-Neureither in November 2017 by former SNP employees Regina Fox and David Kennison, who was the then-head of Sales at SNP, during an SNP business meeting in Las Vegas. At a company dinner held by the SNP Entities, Schneider-Neureither became increasingly intoxicated, repeatedly groped Schrotberger and made inappropriate remarks in front of employees and clients of the SNP Entities. Later that night, Schrotberger accompanied Fox to two SNP after-parties in Las Vegas, including one in Schneider-Neureither's suite. There, Schneider-Neureither, Fox and Kennison consumed large amounts of alcohol and used cocaine, and pressured Schrotberger to do so as well.

18. What followed would be the first in a long series of sexual assaults, harassment and coerced sex acts by Schneider-Neureither, all with common elements: Schneider-Neureither, heavily intoxicated from drugs and alcohol, would coerce Schrotberger into a hotel room, and with a combination of promises, threats and even violence, would engage in unwanted sexual intercourse with Schrotberger.

{02017490 }

19. After Schrotberger's hire, and following an SNP business trip to Germany in late January 2018, Schneider-Neureither stated to Schrotberger that he wanted to engage in a sexual relationship with Schrotberger.  Schrotberger responded to Schneider-Neureither that she did not want to have a sexual relationship with him, and explained to him that she valued her new job and wanted to proceed solely in a professional and mentor relationship.  Instead of honoring Schrotberger's wishes, Schneider-Neureither began a campaign of egregious abuse, harassment and discrimination against Schrotberger.[1]

20. Schneider-Neureither believed that part of Schrotberger's job duties involved being on-demand for sexual favors during their business trips. On such trips, Schneider-Neureither followed a familiar pattern: Schneider-Neureither would get drunk and/or high, gain access to Schrotberger's hotel room, and then cajole or coerce Schrotberger into unwanted sex.

21. Sometimes, however, Schneider-Neureither employed not coercion but violence.

22. Most recently, in February 2020, Schneider-Neureither raped Schrotberger.  This sexual assault occurred at the Bluefield House, which is owned by SN Assets and functions as Schneider-Neureither's personal residence in the United States as well as office space for the SNP Entities.  Indeed, at all relevant times, Schrotberger was at the Bluefield House as an invitee, conducting business of the SNP Entities.  There, Schneider-Neureither, while drunk and high on illegally-obtained Adderall (which is illegal in Germany and therefore unavailable to

---

[1] Plaintiff has filed a preliminary administrative complaint with the U.S. Equal Employment Opportunity Commission, to be dual filed with the Pennsylvania Human Relations Commission, asserting her rights under federal and state employment discrimination laws. Schrotberger filed these prior to Schneider-Neureither's death. Upon exhaustion of her administrative remedies, Plaintiff intends to amend this complaint to include these employment claims against Schneider-Neureither and the SNP Entities.

{02017490 }

Schneider-Neureither in the United States unless he obtained the drug here illegally as well), got on top of Schrotberger and forced himself inside her as she tried to stop him.

23. On three (3) other occasions, Schneider-Neureither also violently forced Schrotberger to engage in unwanted and unwelcome sex acts.

24. At no time did Schrotberger consent to Schneider-Neureither's sex acts and conduct. Schneider-Neureither blamed his alcohol and/or drug use for his actions and begged for Schrotberger's forgiveness, promising it would not occur again.

25. Further, Schneider-Neureither repeatedly touched and groped Schrotberger throughout her body and against her will at the Bluefield House as well as at company-sponsored events. This conduct was witnessed by several employees of the SNP Entities as well as third parties.

26. The SNP Entities fostered a "party" atmosphere, allowing and encouraging heavy drinking and illegal drug use by their employees and management, which in turn has led to sexual assaults and abuse.

27. For example, Schrotberger suffered abuse and feared for her safety at the Bluefield House, at SNP Entities-sponsored events and in the SNP Entities' premises, including but not limited to, these incidents:

    a. During an alcohol and drug-fueled rage on a business trip, Schneider-Neureither struck Schrotberger in the face with a closed fist;

   b. At the 2019 SAPPHIRE conference, Schneider-Neureither obtained a key to Schrotberger's hotel room from hotel staff, to which she did not consent or agree. Drunk and high, Schneider-Neureither entered her room in the middle of the night while Schrotberger was asleep. Schneider-Neureither demanded sex, which Schrotberger repeatedly refused;

   c. Schneider-Neureither and Benedikt Biesinger, the son of SNP SE board member Karl Biesinger have each come to Schrotberger's hotel door at company conferences, knocking heavily and demanding that she let them in to perform sexual acts. On each occasion, Schrotberger refused to let them in and instead, cowered in fear in her hotel room; and

   d. Schneider-Neureither forced Schrotberger to travel by car with him and his son (and SNP SE employee), Tristan Neureither, from Dallas to Pennsylvania. During the drive, both father and son used cocaine and alcohol. At the first extended stop in Memphis, TN, Schneider-Neureither demanded that Schrotberger stay in his hotel room, which she refused. Fearing for her safety, Schrotberger went to airport in the middle of the night to get a flight home to Pennsylvania in the morning.

28. Schneider-Neureither also menaced Schrotberger by telling her that he had firearms at the Bluefield House, which he had obtained illegally. Schrotberger was frightened and threatened by this disclosure, notably because Schneider-Neureither also told he that he was capable of killing others, and that he even had a prepared script in the event he was questioned by police after shooting and killing someone.

29. Schneider-Neureither's abuse and harassment also included, but is not limited to:

   a. repeatedly demanding that Schrotberger have sexual relations with him, including during conferences and business trips sponsored by the SNP Entities;

   b. repeatedly and openly groping Schrotberger, including in front of employees and clients of the SNP Entities as well as third parties;

   c. repeatedly attempting to kiss and embrace Schrotberger, including in front of employees and clients of the SNP Entities as well as third parties;

   d. requesting that Schrotberger give Schneider-Neureither massages, sending Schrotberger unwanted "romantic" emails and handwritten "love" notes;

   e. stating, in writing and verbally, that he loves Schrotberger and would leave his wife to marry Schrotberger;

   f. making repeated and unwanted marriage proposals to Schrotberger and stating that he wanted Schrotberger to live at the Bluefield House, which is Schneider-Neureither's residence near Dallas, Texas and which Schneider-Neureither also leases, in part, to the SNP Entities for offices;

   g. discussing Schrotberger's body and features, and private medical diagnoses, with employees of the SNP Entities and third parties;

   h. misrepresenting to employees of the SNP Entities and others that he was in a consensual sexual relationship with Schrotberger;

   i. openly and repeatedly discussing sex with Schrotberger, including the fact that his wife did not want to have sex with him;

    j.  undressing in front of Schrotberger and exposing himself to her on several occasions

    k.  forcing Schrotberger's unwilling participation in Schneider-Neureither's criminal and wrongful conduct, including (but not limited to) his fraud in relation to the payment, construction and permitting of the Bluefield House, his counseling of Schrotberger to lie in court proceedings about Schneider-Neureither's sexual misconduct (with Schrotberger), his participation in the SNP Entities' misstatement to German regulatory authorities of material facts about the health and conduct of the SNP Entities' CEO and Chairman, and his obtaining of illegal drugs.

30. The SNP Entities and SN Assets have known about Schneider-Neureither egregious acts and conduct as well as that of Benedikt Biesinger and Tristan Neureither, and did nothing to address it and/or protect Schrotberger or any other employee.

31. Indeed, despite a complaint by Schrotberger's colleague, Gabrielle Gaeto, against Schneider-Neureither; the hiring of a law firm to do human resources compliance work due to complaints about Schneider-Neureither's flagrant misconduct; Schneider-Neureither's frequent public admissions and demonstrations of inappropriate sexual behavior towards Schrotberger; Schrotberger's disclosure to a lawyer representing the SNP Entities that Schneider-Neureither had forced Schrotberger to have sex; SNP General Counsel Jane He's recognition that Schneider-Neureither engaged in abusive and harassing conduct that the SNP's human resources department had ignored; and a federal complaint filed by Regina Fox, which specifically alleged a sexual relationship between Schneider-Neureither and Schrotberger; the SNP Entities did not

interview Schrotberger, investigate Schneider-Neureither's or other employees' actions, or take any remedial actions until Schrotberger finally notified them that she was filing a claim.

32. The SNP Entities were also aware that Schneider-Neureither:

    a.    repeatedly used the shocking and deplorable racial slur "nigger", including when speaking about African American employees of the SNP Entities and while speaking at SNP Entities' meetings and conferences with third parties;

    b.    repeatedly made derogatory comments about Jewish, Indian and Turkish people, including Jewish, Indian and Turkish employees and clients of the SNP Entities;

    c.    repeatedly made comments about the physical appearance/characteristics of other women employed by the SNP Entities, including women who have similarly complained about Schneider-Neureither's conduct; and

    d.    publicly stated at the 2019 SNP Transformation World conference that women were not in "leadership positions" at the SNP Entities because "they're not good enough."

33. Schrotberger feared losing her job if she complained about Schneider-Neureither's conduct and she knew - based on past experience - that the Human Resources department would not advocate on her behalf, but rather would rally around Schneider-Neureither and against her.

34. Schrotberger also knew that Schneider-Neureither had forced other employees to sign false statements in support of his actions, by threatening their continued employment with the

SNP Entities. Upon information and belief, these employees are now willing to recant their statements and describe the circumstances under which they were forced to make them.

35. While Schrotberger was aware that SNP's own in-house Counsel, Jane He, had alerted SNP SE executives about the ineffectiveness of the Human Resources department, how the problems prevented "[c]andid disclosure to HR", and that improvements were necessary to promote "a safe working environment", she nevertheless finally raised her complaints about Schneider-Neureither's egregious conduct in early July 2020, when she confided in the then-SNP CEO, Derek Oats.

36. Once Schrotberger formally complained about Schneider-Neureither's acts and conduct, however, as feared by Schrotberger, the SNP Entities retaliated against her, denying her a promised promotion and then demoting her to a lesser position at SNP in October 2020.

37. Schneider-Neureither died under suspect circumstances on November 2, 2020 in Heidelberg, Germany. Employees (and former employees) previously threatened by Schneider-Neureither, and who observed the acts alleged herein, are now willing to speak truthfully about his flagrant wrongful conduct toward Schrotberger and other SNP Entities' employees.

### COUNT I
### Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither
### Battery

38. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

39. Schneider-Neureither's offensive and harmful contact with Schrotberger as set forth herein at length constituted a battery upon her.

40. The aforesaid conduct by Schneider-Neureither was committed willfully, knowingly, maliciously, intentionally, wantonly, recklessly, and/or negligently.

41. As the direct and proximate result of Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger has suffered serious and debilitating injuries, mental anguish, humiliation, embarrassment, physical and emotional upset, including, but not limited to, post-traumatic stress disorder, depression, sleeplessness, isolation, flashbacks, anxiety, eating disorder, low self-esteem and confidence, and suicidal tendencies, the full extent of which injuries are not yet known, and some or all of which may be permanent in nature.

42. As the direct and proximate result of the Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger suffered and will in the future continue to suffer serious pain, mental anguish, emotional upset, and the loss of enjoyment of life's pleasures.

43. As the direct and proximate result of Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger has sustained a loss of earnings and earning capacity.

44. As the direct and proximate result of the Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger has in the past and will in the future continue to be compelled to expend large sums of money for psychological treatment and therapy.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, the Estate of Andreas Schneider-Neureither, in an

amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus reasonable attorneys' fees, interest, costs, punitive damages, and such other relief as the Court deems just and proper.

## COUNT II
### Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither
### Assault

45. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

46. Schneider-Neureither's harmful or offensive contact with Schrotberger as set forth herein at length, placed her in imminent apprehension of such contact, and constituted an assault upon her.

47. The aforesaid conduct by Schneider-Neureither was committed willfully, knowingly, maliciously, intentionally, wantonly, recklessly, and/or negligently.

48. As the direct and proximate result of Schneider-Neureither's acts described in the foregoing paragraphs of this Complaint, Schrotberger has suffered serious and debilitating injuries, mental anguish, humiliation, embarrassment, physical and emotional upset, including, but not limited to, post-traumatic stress disorder, depression, sleeplessness, isolation, flashbacks, anxiety, eating disorder, low self-esteem and confidence, and suicidal tendencies, the full extent of which injuries are not yet known and some or all of which may be permanent in nature.

49. As the direct and proximate result of Schneider-Neureither's acts described in the foregoing paragraphs of this Complaint, Schrotberger suffered and will in the future continue to

suffer serious pain, mental anguish, emotional upset, and the loss of enjoyment of life's pleasures.

50. As the direct and proximate result of Schneider-Neureither's acts described in the foregoing paragraphs of this Complaint, Schrotberger has sustained a loss of earnings and earning capacity.

51. As the direct and proximate result of Schneider-Neureither's acts described in the foregoing paragraphs of this Complaint, Schrotberger has in the past and will in the future continue to be compelled to expend large sums of money for psychological treatment and therapy.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, the Estate of Andreas Schneider-Neureither, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

**COUNT III**
**Jillian Schrotberger v. the Estate of Andreas Schneider-Neureither**
**Intentional and Negligent Infliction of Emotional Distress**

52. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

53. Schneider-Neureither's conduct, as set forth in the foregoing paragraphs of this Complaint, was so outrageous in character and so extreme in degree as to fall outside the bounds of decency, and is to be regarded as intolerable in the community.

54. At all times relevant hereto, Schneider-Neureither knew with substantial certainty, or should have known that severe emotional distress would be produced by his conduct.

55. By engaging in the acts set forth in the foregoing paragraphs of this Complaint, Schneider-Neureither engaged in extreme and outrageous conduct and intentionally inflicted severe emotional distress upon Schrotberger.

56. By engaging in the acts set forth in the foregoing paragraphs of this Complaint, Schneider-Neureither exploited and abused his friendship, and his business and mentor relationship with Schrotberger, violated her trust, and caused her great distress.

57. As a direct and proximate result of the acts of Schneider-Neureither as set forth in the foregoing paragraphs of this Complaint, Schrotberger has in the past been required, and may in the future required, medicine, medical, psychological and other treatment in order to cure herself of the injuries she has sustained; has in the past been obliged, and may in the future be obliged, to expend various sums of money for such medical care and treatment.

58. As further direct and proximate result of the acts of the Schneider-Neureither as set forth in the foregoing paragraphs of this Complaint, Schrotberger has been caused to suffer and continues to suffer severe emotional distress, humiliation, embarrassment and financial loss.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, the Estate of Andreas Schneider-Neureither, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

## COUNT IV
### Jillian Schrotberger v. The SNP Entities and SN Assets Americas LLC
### Negligence, Gross Negligence and Recklessness

59. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

60. At all times relevant, the SNP Entities and SN Assets had a duty of care to protect Schrotberger.

61. The SNP Entities and SN Assets violated their duties of care, and were negligent, grossly negligent, and/or reckless as follows:

    a.    by failing to properly screen, interview, hire, and train employees/volunteers/contractors/agents;

    b.    by failing to adopt, implement, and/or enforce adequate policies and procedures related to the supervision of employees/volunteers/contractors/agents;

    c.    by failing to adequately train employees/volunteers/contractors/agents regarding sexual abuse;

    d.    by retaining and continuing to do business with Schneider-Neureither after they became aware of his abusive conduct;

    e.    by failing to provide a safe environment for Schrotberger to conduct business of the SNP Entities and SN Assets; and/or

    f.    by failing to protect Schrotberger from the abuse and harm caused to her on their premises.

62. As a direct and proximate cause of the SNP Entities' and SN Assets' actions and omissions, and breach of the duties of reasonable care, Schrotberger was abused, including sexually and mentally, resulting in damages as set forth above.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against SNP Transformation, Inc., SNP Schneider-Neureither & Partner SE, and SN Assets Americas LLC, jointly and severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

## COUNT V
**Jillian Schrotberger v. All Defendants**
**Conspiracy**

63. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

64. The SNP Entities, SN Assets, and Schneider-Neureither have acted in concert to commit tortious acts against Schrotberger.

65. The SNP Entities, SN Assets, and Schneider-Neureither have acted in concert to create an environment whereby Schrotberger was raped, physically and emotionally harmed, and forced to commit criminal acts.

66. The SNP Entities, SN Assets, and Schneider-Neureither have acted without legal justification and with the intent to injure Schrotberger.

67. The action of each of the SNP Entities, SN Assets, and Schneider-Neureither violates the law and shocks the conscience.

68. Schrotberger has sustained damages as a direct and proximate cause of the SNP Entities', SN Assets' and Schneider-Neureither's concerted actions.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against SNP Transformation, Inc., SNP Schneider-Neureither & Partner SE, SN Assets Americas LLC, and the Estate of Andreas Schneider-Neureither, jointly and severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

**KLEINBARD LLC**

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Lorena E. Ahumada (No. 91630)
Samantha G. Zimmer* (No. 325650)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Counsel for Plaintiff, Jillian Schrotberger*

*Application for general admission pending*

Dated: January 27, 2021