IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Schrotberger,<br><br>             Plaintiff,<br>v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>             Defendants. | No. 2:21-cv-00364 |

**Memorandum in Support of**
**Motion to Dismiss of Defendant SN Assets Americas, LLC**

### I.    Background

The gravamen of this action is that Plaintiff, Jillian Schrotberger ("Ms. Schrotberger"), claims she underwent abuse at the hands of Andreas Schneider-Neureither ("Mr. Schneider-Neureither"). Ms. Schrotberger brings claims against the estate of Mr. Schneider-Neureither, who is deceased; against certain companies allegedly related to Mr. Schneider-Neureither for whom Ms. Schrotberger worked, including SNP Transformation, Inc. ("SNP") and SNP Schneider-Neureuther & Partner, SE ("SNP SE"); and moving Defendant SN Assets Americas, LLP ("SN Assets").[1] Ms. Schrotberger's Complaint recounts tales of rape, coercion, and illegal drug use.

As against Defendant SN Assets, however, the averments in the Complaint are few and far between. We are told that SN Assets is a Texas LLC with a Texas business address that owns property in Texas. (Compl. ¶ 8.) Plaintiff avers that SN Assets allegedly contributed to Ms.

---

[1] Ms. Schrotberger plays fast and loose with the record, admitting that she was employed by SNP and SNP SE, (Compl. ¶ 10), yet at other times she inaccurately suggests that SN Assets employed her, (Compl. ¶ 2), which Plaintiff of course knows is not true.

Schotberger's salary by paying the rent at her personal residence in Pennsylvania in 2018. (Compl. ¶¶ 13-14.) And, SN Assets may have been involved with reimbursing an employee for a business expense in Pennsylvania on one occasion. (Compl. ¶ 15.) That's is. There are no other averments in the Complaint that seek to tie SN Assets to the forum state, Pennsylvania, to the allegations of wrongdoing herein, or that or otherwise provide a basis for the imposition of liability.

This case must be dismissed as to SN Assets. *First*, service of the Complaint and summons on SN Assets was deficient, and so SN Assets is not a proper Defendant herein. *Second*, and equally importantly, this Court lacks personal jurisdiction over SN Assets, and so the claims against it must be dismissed.

## II.      Standard of Review

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence," and may not "rely on the bare pleadings alone." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990). Where an evidentiary hearing is held, "the plaintiff has the . . . substantial burden of proving that personal jurisdiction is proper by a preponderance of the evidence." *Leone v. Cataldo*, 574 F. Supp. 2d 471, 477 (E.D. Pa. 2008) (internal quotation marks omitted).

Federal Rule of Civil Procedure Rule 4(e) authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state in which the District Court sits. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 697 (3d Cir. 1990). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction over nonresident defendants to the extent

permitted by the U.S. Constitution. *N. Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689-90 (3d Cir. 1990); 42 Pa.C.S.A. § 5322(b). The due process limit to the exercise of personal jurisdiction is governed by a two-part test. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. *Id.* Second, the assertion of personal jurisdiction over the defendant must comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 440 (E.D. Pa. 2006). Personal jurisdiction may be exercised under two distinct theories: general jurisdiction and specific jurisdiction. Neither exists herein with respect to SN Assets.

### III. <u>Argument</u>[2]

#### A. <u>Service on SN Assets Was Not Proper</u>

Here, though there is no return of service posted on the docket, Plaintiff purported to serve SN Assets through the mail. Through Rule 4, the Pennsylvania Rules of Civil Procedure permit plaintiffs to serve process by mail on defendants who are located outside the Commonwealth. See Pa. R. Civ. P. 403, 404(2). But the record in the present case does not contain any evidence of a "receipt signed by the defendant or his authorized agent," as required to establish proper service under Pennsylvania law. See Pa. R. Civ. P. 403, 404, 410. Therefore, plaintiffs have not established that SN Assets has been properly served. *Pennington v. Wells Fargo Bank, N.A.*, 2012 WL 959361, at *2 (E.D. Pa. Mar. 22, 2012).

---

[2] SN Assets seeks dismissal herein based on (i) improper service upon SN Assets, and (ii) the lack of personal jurisdiction over SN Assets in this Court. Because dismissal of this action is required on these grounds, SN Assets does not challenge the merits of Plaintiff's claims under Rule 12(b)(6) at this time. However, in the event the Court declines to dismiss the claims against SN Assets pursuant to the arguments set forth herein, SN Assets will raise its merits arguments in a motion for judgment on the pleadings under Rule 12(c), which arguments will not have been waived. Fed.R.Civ.P. 12(h)(2).

3

The rule is clear: though SN Assets may have received "notice of the complaint . . ., there is no evidence that [it] or anyone authorized to accept service on [its] behalf signed the return receipt card containing the summons or complaint. Informal notice is not service. Therefore, the plaintiffs have not met their burden of proving that service on . . . [was] proper." *Hutton v. KDM Transp., Inc.*, 2014 WL 3353237, at *3–4 (E.D. Pa. July 9, 2014). Put differently, "[s]imply accepting a certified mail package . . . does not make on an agent for service of process for the entity to whom the package is addressed. *Grant St. Grp., Inc. v. D & T Ventures, LLC*, 2011 WL 778438, at *2 (W.D. Pa. Mar. 1, 2011). *See also, Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) ("Pennsylvania Rule 403 requires . . . a receipt signed by the defendant or his authorized agent. Plaintiff admits that the defendant did not sign the receipts and has offered no proof that the signatures belong to defendant's authorized agents. . . . Thus the mailing . . . did not constitute effective service under Pennsylvania law.")

The facts relating to this service are not in dispute. On Friday, June 25, 2021, a package containing the Complaint and summons was delivered to Meredith CPAs ("Meredith") in Texas. Meredith provides only accounting services to SN Assets; it is not authorized to accept service of process for SN Assets. (Declaration of Kathy Phillipa ("Phillips Decl.") ¶¶ 3-6, attached hereto as Exhibit 1.) The Operations Manager for Meredith, Kathy Phillips, signed for the package but was not authorized to accept process for SN Assets. (*Id.*) Simply, because process was not served on and signed for by someone authorized to accept service for SN Assets, service was not proper and this case must be dismissed as to SN Assets.

The burden to show proper service lies upon the Plaintiff, and where, as here, Plaintiff cannot come forward with proper proof of service of process, courts "have no choice but to grant Defendants' motion as to insufficient service." *Stursberg v. Morrison Sund, Pllc*, 2020 WL

4

7319546, at *6 (E.D. Pa. Dec. 11, 2020); *see also Ghost v. Victory Recovery Servs.*, 2014 WL 1515700, at *2 (E.D. Pa. Apr. 17, 2014) ("When the named defendant does not sign a returned receipt, the plaintiff must supply some proof that the individual who did so was an authorized agent of the defendant."). And where the plaintiff relies on receipt by someone other than the defendant, he must produce evidence that the signatory had authority to sign on the defendant's behalf. Otherwise, service is not proper. *Hutton*, 2014 WL 3353237, at *3. This is because "the mere fact that a return receipt is signed, without a showing that the signature belongs to an authorized agent, is insufficient to prove service. *Lampe*, 952 F.2d at 701. Rather, "[t]he propriety of service under Pennsylvania law commonly depends upon the relationship between the person receiving process and the party to the litigation." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 485 (3d Cir. 1993). Therefore, "an authorized agent for purposes of Pa. R.C.P. 403 must have the authority to accept service of process—as opposed to merely the authority to accept certified mail deliveries. *Aardvark Event Logistics, Inc. v. Bobcar Media, LLC*, 2016 WL 7429187, at *3 (E.D. Pa. Dec. 21, 2016)

Further, Rule 405 of the Pennsylvania Rules of Civil Procedure requires not only a signed receipt but the filing of a return of service attaching the signed receipt. *Denochick v. DeMag*, 155 F. Supp. 2d 386, 389 (E.D. Pa. 2001). Where, as here, it is absent, two problems are presented. "First, we have no reliable evidence that the defendant ever received [service]. Second, even if a receipt had been returned, we would need to determine if it was signed by someone who was authorized to accept service on behalf of the corporation." *Id.* Because Plaintiff has filed to file a return of service on the docket, service was improper for this reason as well.

5

## B. The Court Lacks Personal Jurisdiction over SN Assets

Dismissal of SN Assets is required for a second, independent reason. This Court does not have personal jurisdiction over this Texas entity.

### 1. There Is No General Jurisdiction

The exercise of general jurisdiction over a nonresident requires a plaintiff to establish that the defendant's contacts with the forum state are "so continuous and substantial" that the defendant should reasonably expect to be haled into court there on any cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The plaintiff must come forward with "extensive and persuasive" facts indicating that the defendant has maintained such continuous and substantial forum affiliations. *Metallic Ceramic Coatings, Inc. v. Precision Prods.*, Inc., 2001 WL 122227, at *2 (E.D. Pa. Feb.13, 2001); *see also Reliance Steel Prod. v. Watson, Ess, Marshall, & Enggas*, 675 F.2d 587, 588–89 (3d Cir. 1982).

SN Assets has no such contacts with Pennsylvania. As its Tax Manager, who is familiar with SN Assets' books and papers, has established, SN Assets has no continuous or substantial contacts with the Commonwealth of Pennsylvania. (Declaration of Tiffany Nguyen ("Nguyen Decl.") ¶¶ 1-3, attached hereto as Exhibit 2.) SN Assets is a Texas entity formed under Texas law. (Nguyen Decl. ¶ 5.) It is physically located in Irving Texas, and that is the only place it does business, and so it would have no Pennsylvania property, accounts, employees, offices, etc. in Pennsylvania. (*Id.* ¶¶ 6-7.) And the Pennsylvania Secretary of State corporation search does not reveal that SN Assets is licensed to do business in Pennsylvania. (https://www.corporations.pa.gov/search/corpsearch.)

Where, as here, SN Assets is not registered to conduct business in Pennsylvania, does not maintain offices or employees in Pennsylvania, does not own property in Pennsylvania, etc.,

general jurisdiction does not exist. *D'Onofrio*, 430 F. Supp. 2d at 440.

### 2. There Is No Specific Jurisdiction

Nor is there specific personal jurisdiction for Ms. Schrotberger's claims against SN Assets. Specific jurisdiction arises when the plaintiff's "claim is related to or arises out of the defendant's contacts with the forum." *Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 211 (3d Cir.1984). Specific jurisdiction exists only where the relationship among the defendant, the causes of action, and the forum satisfies the "minimum contacts" analysis. *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Put differently, specific jurisdiction is appropriate only if the plaintiff's claims stem from the defendant's forum-related activities such that it should reasonably expect to be haled into court. *Vetrotex*, 75 F.3d at 151.

Further, the defendant must have "purposefully directed his activities at residents of the forum," and plaintiff's claims must result from alleged injuries that "arise out of or relate[] to those activities." *BP Chem., Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (internal quotations omitted). Moreover, a defendant's contacts with the forum that "are not the basis of the alleged [wrongful] acts . . . are not considered in a finding of specific jurisdiction." *Hydro Eng'g v. Landa, Inc.*, 231 F. Supp. 2d 1130, 1135 (D. Utah 2002). That is, "[q]uestions of specific jurisdiction are properly tied to the particular claims asserted." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). The factors courts consider in this context include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, [and] the interstate [and international] judicial system's interest in obtaining the most efficient resolution of controversies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007).

The factors considered by courts in this context demonstrate that jurisdiction is lacking. The burden on SN Assets – which has no Pennsylvania presence – of litigating in Pennsylvania would be significant. And Pennsylvania's interest in adjudicating this dispute as to SN Assets, a non-resident with virtually no contacts with the forum, is minimal if not nonexistent. And the case-specific allegations as to SN Asset are most inconsequential. In terms of jurisdictional facts, Plaintiff falls short. All Plaintiff can muster is the averment that SN Assets allegedly contributed to Ms. Schotberger's salary by paying the rent at her personal residence in 2018, (Compl. ¶¶ 13-14), and SN Assets may have been involved with reimbursing an employee for a business expense in Pennsylvania on one occasion, (Compl. ¶ 15). That's is. But none of those facts is sufficient to show "defendant's suit-related conduct" that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The sum total of SN Assets' contacts with Pennsylvania amount to nothing more than the payment of rent in one year and, according to the Complaint, the possible repayment of some unknown business expense. None of these contacts, even if true, supports the exercise of specific personal jurisdiction against SN Assets. Vague allegations of rent or reimbursement of a business expense cannot support the exercise of personal jurisdiction. *Hill v. Consultants in Pathology, S.C.*, 345 F. Supp. 3d 1011, 1015 (N.D. Ill. 2018) ("[W]here factual assertions amount only to vague generalizations or unsupported allegations, they are not enough to support personal jurisdiction."); *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 323 (S.D.N.Y. 2017) ("conclusory statements without any supporting facts . . . lack the factual specificity necessary to confer jurisdiction"). Further, none of the Defendants is a Pennsylvania entity, and the abuse alleged in the Complaint happened predominantly in Texas and Germany (*e.g.*, Compl. ¶¶ 19, 22). Pennsylvania's interest in this matter is thus attenuated.

Nor can Ms. Schrotberger show that the required "purposeful direction" needed to establish specific jurisdiction exists or that its claims are alleged to result from such activities. While the Complaint purports to include a few allegations that try to connect SN Assets with the forum, none of those allegations has anything to do with Ms. Schrotberger's claims or injury. The gravamen of her case is, in Ms. Schrotenberger's own words:

> What followed would be the first in a long series of sexual assaults, harassment and coerced sex acts by Schneider-Neureither, all with common elements: Schneider-Neureither, heavily intoxicated from drugs and alcohol, would coerce Schrotberger into a hotel room, and with a combination of promises, threats and even violence, would engage in unwanted sexual intercourse with Schrotberger.

(Compl. ¶ 18.) But none of the averments in the Complaint that purport to tie SN Assets to this forum relates to such alleged wrongdoing. As a result, personal jurisdiction over SN Assets with respect to Plaintiff's claims does not exist.

## IV.   Conclusion

For the foregoing reasons, Defendant SN Assets Americas, LLC, respectfully requests that the Court dismiss Plaintiff's claims against it with prejudice.

Respectfully submitted,

/s/ George M. Vinci, Jr.
George M. Vinci, Jr., Esquire
Neal R. Troum, Esquire
Spector Gadon Rosen Vinci P.C.
1635 Market Street
Seventh Floor
Philadelphia, PA 19103
(215) 241-8888
gvinci@lawsgr.com, ntroum@lawsgr.com

Dated: July 16, 2021                              *Attorneys for Defendant SN Assets Americas, LLC*

**Certificate of Service**

I, Neal R. Troum, hereby certify that I filed the foregoing with the Court's ECF/CM electronic filing system, which served it upon all counsel of record.

Dated: July 16, 2021  /s/ Neal R. Troum
Neal R. Troum