## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:21-CV-00364-JMY |
| v. | : |
| | : |
| JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER; ET AL. | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2021, upon consideration of Plaintiff Jillian Schrotberger's Motion for Alternative Service of the Summons and Complaint upon SN Assets Americas LLC, and any responses thereto, it is hereby **ORDERED** and **DECREED** as follows:

1.   The Motion is **GRANTED.**

2.   Service upon SN Assets shall be made by:

    a.   Posting to 222 W Las Colinas Blvd, Ste 1150E, Irving, TX 75039;

    b.   Mailing copies to 222 W Las Colinas Blvd, Ste 1150E, Irving, TX 75039;

    c.   Certified mail, return receipt requested to SN Assets' counsel, George M. Vinci, Jr., and Neal R. Troum, Spector Gadon Rosen Vinci P.C., 1635 Market Street, Seventh Floor, Philadelphia, PA 19103; and

    d.   Publication in The Dallas Morning News.

3.  The time for service is extended to September 10, 2021.

**BY THE COURT:**

_____

JOHN MILTON YOUNGE, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILLIAN SCHROTBERGER | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:21-CV-00364-JMY |
| v. | : |
| | : |
| JOHN DOE, as the ADMINISTRATOR of the | : |
| ESTATE OF ANDREAS SCHNEIDER- | : |
| NEUREITHER; ET AL. | : |
| | : |
| Defendants. | : |

**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE
OF THE SUMMONS AND COMPLAINT UPON SN ASSETS AMERICAS LLC**

Pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, plaintiff Jillian

Schrotberger, by and through her undersigned counsel, hereby moves for alterative service of the

complaint and summons upon defendant, SN Assets Americas LLC.  Plaintiff bases her motion

on the arguments set forth in the accompanying memorandum of law and exhibit, which she

incorporates herein by reference.

Respectfully submitted,

**KLEINBARD LLC**

/s/ Samantha G. Zimmer
Matthew H. Haverstick
Lorena E. Ahumada
Eric J. Schreiner
Samantha G. Zimmer
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Counsel for Plaintiff, Jillian Schrotberger*

Dated:  July 23, 2021

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILLIAN SCHROTBERGER | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 2:21-CV-00364-JMY |
| v. | : | |
| | : | |
| JOHN DOE, as the ADMINISTRATOR of the | : | |
| ESTATE OF ANDREAS SCHNEIDER- | : | |
| NEUREITHER; ET AL. | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF HER MOTION FOR ALTERNATIVE SERVICE**
**OF THE SUMMONS AND COMPLAINT UPON SN ASSETS AMERICAS LLC**

Plaintiff, Jillian Schrotberger ("Schrotberger"), by and through her undersigned counsel,

respectfully submits this memorandum of law in support of her Motion to for Alternative Service

of the Summons and Complaint upon SN Assets Americas LLC ("SN Assets").

I.  **PROCEDURAL HISTORY AND GENERAL BACKGROUND**

On January 27, 2021, Schrotberger commenced this action asserting tort claims arising from the acts and omissions of Andreas Schneider-Neureither, a German national, and defendants, SNP Transformations, Inc. ("SNP Transformations"), SN Assets Americas, LLC ("SN Assets"), and SNP Schneider-Neureither & Partner SE ("SNP SE").

On February 9, 2021, SNP Transformations executed a waiver of the service of the summons and complaint. SNP Transformations thereafter filed its Answer on April 8, 2021. Schrotberger recently received proof of service of the Summons and Complaint on SNP SE, consistent with the Hague Convention, and will be filing an affidavit of service shortly. Schrotberger has further moved to conduct expedited discovery for purposes of service on the estate of Andreas Schneider-Neureither, who is now deceased. The motion was granted by the Court on May 27, 2021 (Doc. no.13). Schrotberger has served interrogatories pursuant to this order.

With regard to service upon SN Assets, Schrotberger first sought waiver of service through counsel representing SNP Transformations which, upon information and belief, is a related entity to SN Assets. *See* Attorney Declaration of Lorena E. Ahumada ¶¶ 3-4, attached hereto as Exhibit A. On February 8, 2021, counsel for SNP Transformations wrote to undersigned counsel, stating he could not accept service on behalf of SN Assets at the time, but that he was investigating whether there was anyone who could accept or waive service on its behalf. *Id.* ¶ 5. Not hearing further from SNP Transformations' counsel, pursuant to Fed. R. Civ. P. 4(h)(1) (in the manner prescribed under Rule 4(e)(1)) and Pennsylvania Rule of Civil Procedure 403, on April 1, 2021, Schrotberger served SN Assets' registered agent, SNP Applications Americas, Inc. ("SNP Applications") by certified, return-receipt requested U.S.

Mail. Attorney Declaration of Lorena E. Ahumada ¶ 6. Pursuant to Texas state records, SNP

Applications' address is listed as 4825 West Royal Lane, Irving, TX 75063 ("West Royal Lane

Address"), which is where Schrotberger served this entity. *Id.* ¶ 14. Although Schrotberger

received online confirmation that the Complaint and Summons were received by SN Assets'

registered agent at the West Royal Lane Address, a green card was never returned by the U.S.

Postal Service. *Id.* ¶ 6. On May 19, 2021, SN Assets' counsel wrote to undersigned counsel,

contending that service was not proper because there was no green card signed by an individual

authorized to accept service on behalf of their client. *Id.* ¶ 7, Ex. 1. Due to a failure of the return

of the "green" confirmation card as well as SN Assets' objections as to service, on June 1, 2021,

Schrotberger moved for an extension of time to serve SN Assets. (Doc. No. 15). This Court

granted the motion by order dated June 2, 2021, extending the deadline for service upon SN

Assets until July 27, 2021. (Doc. No. 17).

Undersigned counsel further inquired with SN Assets' counsel if they would accept

service and waive service of the Complaint and Summons. Attorney Declaration of Lorena E.

Ahumada. ¶ 8. Counsel for SN Assets declined. *Id.* On June 11, 2021, Schrotberger then

attempted personal service on SN Assets' registered agent, SNP Applications, at the West Royal

Lane Address. *Id.* ¶ 9. Schrotberger's service agent, however, was informed by an occupant at

the West Royal Lane Address that SNP Applications has not used that address in two years. *Id.*

Schrotberger then attempted personal service at SN Assets' registered business address, 222 Las

Colinas Boulevard W, Suite 1150 E, Irving, TX, 75039 ("Las Colinas Boulevard Address"). *Id.* ¶

10. The Complaint and Summons were accepted by an individual at the Las Colinas Boulevard

Address.[1] *Id.* Despite the fact that undersigned counsel had not yet received an executed affidavit of service from its vendor for the June 25, 2021 attempted service nor filed an affidavit of service, SN Assets filed on July 16, 2021 a motion to dismiss for improper service and lack of jurisdiction (Doc. No. 18). In its motion to dismiss, SN Assets argues that the individual who accepted service at the Las Colinas Boulevard Address did not have authority to do so.

Prior to every service attempt, Schrotberger's counsel confirmed that SN Assets' filings with the Office of the Texas Secretary of State identify SN Assets' registered agent as SNP Applications, located at the West Royal Lane address. Indeed, SN Assets most recently represented on its October 15, 2020 Texas Franchise Tax Public Information Report ("2020 Franchise Tax Report") that its registered agent is SNP Applications. *See* Attorney Declaration of Lorena E. Ahumada ¶ 14. However, further research by Schrotberger shows that the agent, SNP Applications, terminated its Texas business registration in 2019, when it merged with defendant SNP Transformations, Inc. *Id.* ¶ 15.

Moreover, SN Assets has represented in its Texas state filings that its registered business address is the Las Colinas Boulevard Address, which is one of the addresses where Schrotberger has attempted service upon SN Assets. *Id.* ¶ 12. Finally, SN Assets represented in Texas state filings that its only officers are Andreas Schneider-Neureither and Andreas Neureither. Andreas Schneider-Neureither is deceased, and the mailing address listed for Andreas Neureither is simply the Las Colinas Boulevard Address, where Schrotberger has previously attempted service. *Id.* ¶¶ 17, 18. Upon information and belief, Andreas Neureither is Andreas-Schneider Neureither. *Id.* ¶ 19.

---

[1] The affidavit of service for this attempted service states that on June 25, 2021, Schrotberger's agent handed the Complaint and Summons to Kathy Phillips, HR/OPS Manager at the Las Colinas Boulevard Address. *See* Ex. A ¶ 10.

## II.    ARGUMENT

Schrotberger has demonstrated under the relevant framework of the Federal and Pennsylvania Rules of Civil Procedure that she has made a good faith effort to locate SN Assets, made a practical effort to serve SN Assets, and has proposed various methods reasonably calculated to provide SN Assets with formal notice of an action of which it has actual notice. Equity requires that Schrotberger be permitted to seek service by alternative means, including: posting and mailing copies to the registered business address for SN Assets; mailing copies to SN Assets' counsel; and publishing in The Dallas Morning News, a newspaper of general circulation within the county where SN Assets maintains its business. Thus, this Court should grant Schrotberger's motion.

While there is no federal rule governing an alternative form of service of process, Federal Rule of Procedure 4(e)(1) permits service by following state law for service of the summons. *Laborers' District Council Constr. Indust. Pension Fund v. Miniscalo Corp.*, No. 2:20-cv-5745-KSM, 2021 WL 121136 at *2 (E.D. Pa. Jan. 12, 2021). Therefore, courts in the Third Circuit apply Pennsylvania Rule of Civil Procedure 430 when considering motions for alternative service. *Id.* Pennsylvania Rule of Civil Procedure 430 provides "[i]f service cannot be made under the applicable rule the plaintiff may move the court for a special order directing the method of service." Pa.R.C.P. No. 430(a). The motion must include an affidavit setting forth the nature and extent of the investigation made to determine the defendant's whereabouts and why service cannot be made. *Id.* Courts in the Third Circuit have synthesized these requirements of Pennsylvania Rule of Civil Procedure 430(a) into three elements the plaintiff must establish for alternative service: (1) good faith effort to locate the defendant; (2) practical efforts to serve under the circumstances; and (3) a proposed method of alternative service that is reasonably

calculated to provide the defendant with notice. *Calabro v. Leiner*, 464 F. Supp. 2d 470, 472 (E.D. Pa. 2006); *see also Barbosa v. Dana Capital Group, Inc.*, No. 07-cv-1724, 2009 WL 902339 at *4. (E.D. Pa. March 31, 2009).

*First*, Schrotberger has made a good faith effort to locate SN Assets, having researched business filings to locate SN Assets' registered agent or any officers that may be served. Good faith effort includes: (1) inquiries with postal authorities; (2) inquiries of defendant's relatives, neighbors, friends, employers; (3) examinations of telephone directories, courthouse records, voter registration records, local tax records, motor vehicle records; and (4) a reasonable internet search. *See* Note to Pa.R.C.P. No. 430(a). Schrotberger has researched Texas business records and conducted a reasonable Internet search to locate SN Assets, its registered agent, or an individual who is authorized to accept service on its behalf. Because SN Assets is a corporate entity and its only corporate officer is now deceased, inquiries of relatives, friends and employers, or examinations of voter registration and motor vehicle records would be futile.[2]

Filings with the Office of the Texas Secretary of State demonstrate that SN Assets' registered agent and corporate officers cannot be located. Specifically, the registered agent, SNP Applications, terminated its business registration in 2019 and merged with SNP Transformations, a defendant in this action. Thus, Schrotberger next attempted service at the registered business address, the Las Colinas Boulevard Address, the only address Schrotberger could locate after additional internet searching. *See* Attorney Declaration of Lorena E. Ahumada ¶ 10. Further, because this Court has determined that a good faith attempt at service on a corporation includes attempted service on a corporate officer, *Miniscalo Corp.*, 2021 WL 121136 at *3, Schrotberger

---

[2] SN Assets continues to receive actual notice of the action at the addresses where Schrotberger attempted service; thus, there does not appear to be a dispute that the Las Colinas Boulevard Address is an accurate postal address for SN Assets.

searched business records to find a corporate officer to serve, but discovered that the corporate officers are Schneider-Neureither, who is now deceased and whose estate administrator is still currently unknown to Schrotberger. *See* Ex. A ¶¶ 17-18. Schrotberger has been unable to find any other corporate officer who is authorized to accept service. While SN Assets asserts in its pending Motion to Dismiss that attempts of service have not been accepted by someone with the authority to accept service on behalf of SN Assets, Schrotberger has not found any person or entity permitted to accept service on behalf of the entity despite exhibiting due diligence to find this information.

*Second*, Schrotberger has made practical efforts to serve SN Assets by different methods and at different addresses to no avail. A plaintiff can demonstrate sufficient practical efforts to serve where, for example, service is attempted at more than one location, on different days and at different times of day. *See Robertson v. Barnes*, No. 14-CV-1641, 2014 WL 3887759 at *4 (E.D. Pa. Aug. 6, 2014) (finding practical efforts to serve where the plaintiff attempted service on an individual defendant at two different addresses multiple times, including at different times of day). "The number of times a plaintiff attempts to make service," while probative, "is not necessarily determinative of whether the efforts were reasonable or practical." *Banegas v. Hampton*, No. 08-5348, 2009 WL 1140268 at *2 (E.D. Pa. Apr. 27, 2009).

Schrotberger first attempted service via certified mail to SN Assets' registered agent SNP Applications at the West Royal Lane Address, but was unable to verify who signed for the mail because the U.S. Postal Service green card has still not been returned. Ex. A ¶ 6. After undersigned counsel was contacted by SN Assets' counsel regarding this attempted service, Schrotberger sought acceptance and waiver of the service of summons from SN Assets Counsel, which was declined. *Id.* ¶ 8. Schrotberger then attempted personal service upon SN Assets'

registered agent, as identified in Texas public records, SNP Applications Americas, at the West Royal Lane Address. Service on this registered agent has not been completed because SNP Applications no longer conducts business at this address and is no longer in existence. *Id.* ¶¶ 9, 15. Finally, Schrotberger attempted service at SN Assets' registered business address, the Las Colinas Boulevard Address. SN Assets' counsel, however, alleges that the summons and complaint were accepted by someone without the authority to accept service on behalf of SN Assets. *Id.* ¶ 11. Schrotberger attempted service four different times by three different methods; SN Assets knows of the attempted service and has actual notice of the pending claims, but nevertheless continues to contest service. Accordingly, repeated attempts at service would be futile. *See, e.g.*, *Banegas*, 2009 WL 1140268 at 3 (noting that if further attempts of service remained unsuccessful, the allegation of evading service "gains additional credibility" that can warrant alternative service).

Furthermore, Schrotberger proposes various methods of alternative service which, collectively, are reasonably calculated to provide SN Assets with notice, particularly in light of the fact that SN Assets has repeatedly demonstrated its actual notice of this action and attempts to evade service. It is reasonable to infer that SN Assets is evading service given Schrotberger's repeated attempts to serve and SN Assets' continued failure to update its corporate record in Texas. *See Olympic Steel, Inc. v. Pan Metal Processing*, No. 11-cv-6938, 2012 WL 682381 (E.D. Pa. March 2, 2012). As demonstrated in *Olympic Steel*, when a corporate defendant cannot be located, the Court can find an inference of evasion and approve means for alternative service. There, the plaintiff repeatedly sought to serve a corporate defendant with no success, ultimately undertaking a search to locate the corporate defender and/or its sole organizer who could accept service on its behalf. The Court determined alternative service was warranted and it was

9

"reasonable to infer that [the defendants was] actively evading service." *Id.* at *3. The Court explained that the plaintiff reasonably concluded that the corporate defendant "ceased or truncated its operations" and was without business staff or personnel to accept service. *Id.* Further, the Court explained, the plaintiff made reasonable attempts six different times to serve the individual who could accept service. *Id.* The Court approved alternative service by: publishing in two different publications; posting at last known addresses of the corporate defendant and its organizer; and mailing to the last known addresses of the corporate defendant.

Similarly, SN Assets' actions thus far support an inference of evasion of service, as its registered agent is no longer in existence, it has not updated its corporate filings in Texas, it no longer maintains a physical address, and its only corporate officer is deceased, and it appears no estate administration has begun. In light of SN Assets' actual notice of the pending action, Schrotberger seeks to serve SN Assets by posting and by mailing to its registered business address, the Las Colinas Boulevard Address. Schrotberger also seeks to serve by mailing copies to SN Assets' counsel. SN Assets' counsel has communicated with undersigned counsel regarding Schrotberger's service attempts and clearly represents the entity in this action, as they have filed the pending motion to dismiss. Finally, Schrotberger seeks to serve by publication in a newspaper of general circulation in Dallas County, where SN Assets maintains its registered business address, The Dallas Morning News. Because SN Assets is aware of the lawsuit through the attempts of service at the West Royal Lane Address and Las Colinas Boulevard address, has counsel that is engaged in this action, and has its registered business address in Dallas County, these means of service are reasonably calculated to provide it with notice of the pending action.

Although "[s]ervice of process is not a mere technicality," due process requires that "service of process be 'reasonably calculated, under all circumstances, to apprise interested

parties of the pendency of the action and afford them an opportunity to present their objections.'" *Calabro*, 464 F. Supp. 2d at 471 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). SN Assets is well aware of the pending action and, indeed, has already presented its objections. Because SN Assets has demonstrated time and again that it has received actual notice of this action, SN Assets has failed to keep a current registered agent, and has no corporate officer to serve, Schrotberger is without another option to serve SN Assets to ensure that it receives formal notice of the action.

Finally, should this Court grants the Motion, Schrotberger respectfully requests that the Court also extend the time for service of process in order to accomplish the proposed alternative service.[3]

---

[3] Federal Rule of Procedure 4(m) allows for the extension of the time to effectuate service of summons and complaint for "good cause." As demonstrated by the foregoing facts underlying this Motion for Alternative Service, Schrotberger has made a good faith attempt to serve SN Assets within the time allotted and has been stalled due to circumstances beyond her control. Accordingly, good cause exists to extend the time for service in order to accomplish service by alternative means.

## III.     CONCLUSION

For the foregoing reasons, Plaintiff, Jillian Schrotberger respectfully requests that this Honorable Court grant the Motion and permit Schrotberger to serve SN Assets by:

1. Posting to 222 W Las Colinas Blvd, Ste 1150E, Irving, TX 75039;

2. Mailing copies to 222 W Las Colinas Blvd, Ste 1150E, Irving, TX 75039;

3. Certified mail, return receipt requested to SN Assets counsel, George M. Vinci, Jr., and Neal R. Troum, Spector Gadon Rosen Vinci P.C., 1635 Market Street, Seventh Floor, Philadelphia, PA 19103;

4. Publication in The Dallas Morning News.


Respectfully submitted,

**KLEINBARD LLC**


/s/ Samantha G. Zimmer
Matthew H. Haverstick
Lorena E. Ahumada
Eric J. Schreiner
Samantha G. Zimmer
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Counsel for Plaintiff, Jillian Schrotberger*


Dated:  July 23, 2021

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILLIAN SCHROTBERGER | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:21-CV-00364-JMY |
| v. | : |
| | : |
| JOHN DOE, as the ADMINISTRATOR of the | : |
| ESTATE OF ANDREAS SCHNEIDER- | : |
| NEUREITHER; ET AL. | : |
| | : |
| Defendants. | : |

## DECLARATION IN SUPPORT OF MOTION FOR ALTERNATIVE SERVICE

I, Lorena E. Ahumada, of full age, do hereby state the following in support of the foregoing Motion for Alternative Service:

1.     I am a licensed attorney with the law firm of Kleinbard LLC, counsel for Plaintiff Jillian Schrotberger.

2.     Schrotberger commenced this action asserting tort claims arising from the acts and omissions of Andreas Schneider-Neureither ("Schneider-Neureither"), a German national, and defendants, SNP Transformations, Inc. ("SNP Transformations"), SN Assets Americas, LLC ("SN Assets"), and SNP Schneider-Neureither & Partner SE ("SNP SE").

3.     Schneider-Neureither was the CEO and Chairman of the Boards of SNP Transformations and SNP SE and the principal of SN Assets.

4.     Schrotberger first sought waiver of service for SN Assets Americas LLC ("SN Assets") through counsel representing SNP Transformations, Inc. ("SNP Transformations"), which, upon information and belief, is a related entity to SN Assets.

5.     Counsel for SNP Transformations wrote to undersigned counsel on February 8, 2021, stating he could not accept service on behalf of SN Assets at the time, but that he was investigating whether there was anyone who could accept or waive service on its behalf.

6.     Counsel for SNP Transformations did not further address this issue with counsel for Schrotberger. Accordingly, on April 1, 2018, Schrotberger attempted to serve SN Assets by certified mail, return receipt requested through SN Assets' registered agent, SNP Applications Americas, Inc. ("SNP Applications"). Pursuant to Texas state records, SNP Applications' address is listed as 4825 West Royal Lane, Irving, TX 75063 ("West Royal Lane Address"), which is where Schrotberger served this entity. The U.S. Postal Service's online tracking information showed that the summons and complaint were received at the West Royal Lane Address. To date, however, the U.S. Postal Service's "green" confirmation card has still not been returned to undersigned counsel's office.

7.     On May 19, 2021, George M. Vinci, Jr. wrote to undersigned counsel, stating that service upon SN Assets was ineffective. *See* May 19, 2021 correspondence to L. Ahumada, attached hereto as Exhibit 1.

8.     On June 9, 2021, following undersigned counsel's inquiry whether SN Assets' counsel would accept service on behalf of SN Assets, SN Assets counsel stated they were not authorized to accept service.

9.     On June 11, 2021, Schrotberger then attempted to serve SN Assets by personal service upon SN Assets' registered agent, SNP Applications, at the West Royal Lane Address. Schrotberger's service agent was notified by an occupant at the West Royal Lane Address that SNP Applications has not used that address in two years.

10.     On June 25, 2021, Schrotberger attempted service again by personal service at SN Assets' registered business address, 222 W Las Colinas Blvd, Ste 1150E, Irving, TX 75039 ("Las Colinas Boulevard Address"). The executed return of service shows that the Complaint and Summons were accepted by Kathy Phillips, HR/OPS manager. *See* June 25, 2021 Affidavit of Service, attached hereto as Exhibit 2.

11.     On July 17, 2021, counsel for SN Assets communicated with undersigned counsel, stating that service was ineffective because the person who accepted service, Ms. Philips, was not authorized to accept service on behalf of SN Assets.

12.     SN Assets' most recent registered business address is the Las Colinas Boulevard Address. *See* SN Assets' 2020 Franchise Tax Report filed with the Office of the Texas Secretary of State, attached hereto as Exhibit 3.

13.     SN Assets' most recent principal place of business is located at the Las Colinas Boulevard Address. *See* Ex. 3.

14.     SN Assets' registered agent is SNP Applications, located at the West Royal Lane Address, according to official public records. *See* Ex. 3.

15.     SNP Applications' filings with the Office of the Texas Secretary of State show, however, that SNP Applications terminated its registration on November 7, 2019. *See* SNP Applications' Termination of Registration, attached hereto as Exhibit 4.

16.     SNP Applications' Termination of Registration included a Certificate from the Virginia State Corporation Commission showing that SNP Applications merged into defendant SNP Transformations, Inc., pursuant to a certificate of merger effective November 30, 2017. *See* Ex. 4.

17.     SN Assets' 2020 Franchise Tax Report identifies SN Assets' Andreas Schneider-Neureither as its president. Andreas Schneider-Neureither is now deceased. *See* Ex. 3.

18.     SN Assets' 2020 Franchise Tax Report identifies Andreas Neureither as its president and CEO, with a mailing address of the Las Colinas Boulevard Address, where Schrotberger already attempted service. *See* Ex. 3.

19.     Upon information and belief, Andreas Neureither is Andreas-Schneider Neureither, who is now deceased.

I declare under penalty of perjury that the foregoing is true and correct.


/s/ Lorena E. Ahumada
Lorena E. Ahumada

Executed on July 23, 2021

# EXHIBIT 1



**SPECTOR GADON ROSEN VINCI** P.C.
Attorneys at Law

sgrvlaw.com

**George M. Vinci, Jr.**
Direct Dial Number
P 215.241.8840
Direct Fax Number
F 215.531.9128
rwolf@sgrvlaw.com

**Philadelphia Office**
Seven Penn Center
1635 Market Street
7th floor
Philadelphia, PA 19103
P 215.241.8888
F 215.241.8844

**New Jersey Office**
One Greentree Centre
10000 Lincoln Drive East
Suite 201
Marlton, NJ 08053
P 856.988.5490

**Florida Office**
360 Central Avenue
Suite 1550
St. Petersburg, FL 33701
P 727.896.4604

Admitted to practice:
Pennsylvania, New Jersey
and Florida

May 19, 2021

**<u>Via Email and U.S Mail</u>**

Lorena E. Ahumada, Esquire
Kleinbard LLC
Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103
lahumada@kleinbard.com

RE:    **Schrotberger v. SNY Transformations, et al.**
         **<u>U.S.D.C., E.D. Pa., No. 2:21-cv-00364-JMY</u>**

Dear Ms. Ahumada:

We represent Defendant SN Assets Americas LLC ("SN Assets"), and I write in connection with the above-captioned litigation.  You have filed a return of service on the docket claiming that you have properly served SN Assets by mailing a copy to SN Assets' purported registered agent.  However, as you presumably know, proper service by certified mail pursuant to "Pennsylvania Rule 403 requires . . . a receipt signed by the defendant or his authorized agent."  *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991).

If the certified mail delivery was not signed for by a registered agent of SN Assets, then service was not proper.  Our records indicate that it was not, and that service on SN Assets was therefore not made.  If you have a signature card to the contrary, please provide it to me.  Otherwise, please confirm you will allow us to file a motion in response to your return of service on or before June 7, 2021, and not seek a default.

I look forward to hearing from you.  Thank you.

Very truly yours,

*George M. Vinci, Jr.*

**GEORGE M. VINCI, JR.**

# EXHIBIT 2

## RETURN OF SERVICE

### UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania

Case Number: 2:21-CV-00364

Plaintiff:
**Jillian Schrotberger**

vs.

Defendant:
**John Doe as the Administrator of the Estate of Andreas Schneider-Neureither; et al**

Received by Persist Process & Investigations on the 11th day of June, 2021 at 10:16 am to be served on **SNP Applications Americas, Inc. c/o SN Assets Americas, LLC, 4825 West Royal Lane, Irving, Dallas County, TX 75063**.

I, Tony Glenn Hitt, do hereby affirm that on the **25th day of June, 2021** at **2:50 pm, I:**

**Personally** by delivering to: **SNP Applications Americas, Inc. c/o SN Assets Americas, LLC,** accepting, **Kathy Phillips, HR/OPS Manager/Authorized to Accept, Letter; Federal Summons and Complaint; Civil Cover Sheet; Instructions for Attorneys Completing Civil Cover Sheet Form JS 44; Designation Form**, a true copy of the specified civil process, having first endorsed the date of delivery, at **222 Las Colinas Boulevard W, Suite 1150E, Irving, Dallas County, TX 75039** and informed said person of the contents therein.

I am over the age of 18; and I am not a party to nor interested in the outcome of the above styled and numbered suit; and I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

**Tony Glenn Hitt**
PSC 11703 Exp. Date 11/30/2022

**Persist Process & Investigations**
**1500 JFK Blvs, Suite 900**
**Philadelphia, PA 19102**
**(215) 546-6080**

Our Job Serial Number: LGD-2021001211
Ref: 21-555

Copyright © 1992-2021 Database Services, Inc. - Process Server's Toolbox V8.1w

# EXHIBIT 3



05-102
(Rev.9-15/33)

**Texas Franchise Tax Public Information Report**

*To be filed by Corporations, Limited Liability Companies (LLC), Limited Partnerships (LP),*
*Professional Associations (PA) and Financial Institutions*

■ **Tcode** 13196 Franchise

■ Taxpayer number

| 3 | 2 | 0 | 6 | 3 | 8 | 1 | 5 | 1 | 5 | 6 |

■ Report year

| 2 | 0 | 2 | 0 |

*You have certain rights under Chapter 552 and 559,*
*Government Code, to review, request and correct information*
*we have on file about you.  Contact us at 1-800-252-1381.*

Taxpayer name  **SN Assets Americas LLC**

○ Blacken circle if the mailing address has changed.

Mailing address  **222 W Las Colinas Blvd Ste 1150E**

Secretary of State (SOS) file number or Comptroller file number

City  **Irving**  State  **TX**  ZIP code plus 4  **75039**

**0802726305**

○ Blacken circle if there are currently no changes from previous year; if no information is displayed, complete the applicable information in Sections A, B and C.

Principal office  **222 W Las Colinas Blvd Ste 1150E, Irving, TX, 75039**

Principal place of business  **222 W Las Colinas Blvd Ste 1150E, Irving, TX, 75039**

*You must report officer, director, member, general partner and manager information as of the date you complete this report.*

*Please sign below!* **This report must be signed to satisfy franchise tax requirements.**

1000000000015

**SECTION A**  Name, title and mailing address of each officer, director, member, general partner or manager.

| Name **Andreas Schneider-Neureither** | Title **President** | Director ● YES | Term expiration | m m | d d | y y |

Mailing address **4929 W Royal Ln Ste 202**  City **Irving**  State **TX**  ZIP Code **75063**

| Name **Andreas Neureither** | Title **Pres. & CEO** | Director ● YES | Term expiration | m m | d d | y y |

Mailing address **222 W Las Colinas Blvd Ste 1150E**  City **Irving**  State **TX**  ZIP Code **75039**

| Name | Title | Director ○ YES | Term expiration | m m | d d | y y |

Mailing address  City  State  ZIP Code

**SECTION B**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, in which this entity owns an interest of 10 percent or more.

| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|
| Name of owned (subsidiary) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |

**SECTION C**  Enter information for each corporation, LLC, LP, PA or financial institution, if any, that owns an interest of 10 percent or more in this entity.

| Name of owned (parent) corporation, LLC, LP, PA or financial institution | State of formation | Texas SOS file number, if any | Percentage of ownership |
|---|---|---|---|

Registered agent and registered office currently on file *(see instructions if you need to make changes)*

Agent:  **SNP Applications Americas**

*You must make a filing with the Secretary of State to change registered*
*agent, registered office or general partner information.*

Office:  **4825 West Royal Lane**  City  **Irving**  State  **TX**  ZIP Code  **75063**

The information on this form is required by Section 171.203 of the Tax Code for each corporation, LLC, LP, PA or financial institution that files a Texas Franchise Tax Report. Use additional sheets for Sections A, B and C, if necessary. The information will be available for public inspection.

I declare that the information in this document and any attachments is true and correct to the best of my knowledge and belief, as of the date below, and that a copy of this report has been mailed to each person named in this report who is an officer, director, member, general partner or manager and who is not currently employed by this or a related corporation, LLC, LP, PA or financial institution.

**sign here** ►  **Andreas Schneider-Neureither**  Title  **President**  Date  **10/15/2020**  Area code and phone number  **( 701 )  361 - 0657**

**Texas Comptroller Official Use Only**

VE/DE ○   PIR IND ○

# EXHIBIT 4

**Form 612**
**(Revised 05/11)**
Return in duplicate to:
Secretary of State
P.O. Box 13697
Austin, TX 78711-3697
512 463-5555
FAX: 512 463-5709
**Filing Fee: See instructions**



**Termination of Registration**

This space reserved for office use.

**F I L E D**
In the Office of the
Secretary of State of Texas

**NOV 0 7 2019**

**Corporations Section**

## Entity Information

The name of the foreign filing entity as registered in this state is:

SNP APPLICATIONS AMERICAS, INC

The date of registration of the foreign filing entity is:    2/1/2017

The file number issued to the entity by the secretary of state is:    0802639840

## Termination of Existence

The existence or separate existence of the foreign filing entity has terminated because of dissolution, termination, merger, conversion, or other circumstances. The entity files this evidence of its termination with the secretary of state in order to terminate the registration of the entity in Texas.

## Certificate Evidencing Termination

☑ Attached hereto is a certificate from an authorized governmental official of the entity's jurisdiction of formation evidencing the termination of the entity's existence or separate existence.

## Effectiveness of Filing (Select either A, B, or C.)

A. ☑ This document becomes effective when the document is filed by the secretary of state.

B. ☐ This document becomes effective at a later date, which is not more than ninety (90) days from the date of signing. The delayed effective date is: _____

C. ☐ This document takes effect upon the occurrence of the future event or fact, other than the passage of time. The 90th day after the date of signing is: _____

The following event or fact will cause the document to take effect in the manner described below:

_____

_____

Form 612



**RECEIVED**

**NOV 0 7 2019**

## Execution

The undersigned signs this document subject to the penalties imposed by law for the submission of a materially false or fraudulent instrument.

Date:  __9/10/19__

_____

_____

Signature and title of authorized person(s) (see instructions)

# Commonwealth of Virginia



## State Corporation Commission

### CERTIFICATE OF FACT

*I Certify the Following from the Records of the Commission:*

SNP APPLICATIONS AMERICAS, INC. (A DE CORP NOT QUALIFIED IN VA) merged into SNP Transformations, Inc., a Virginia corporation, pursuant to a certificate of merger issued by the Commission effective as of November 30, 2017.

Nothing more is hereby certified.

*Signed and Sealed at Richmond on this Date:*
*October 18, 2019*



*Joel H. Peck, Clerk of the Commission*

CISDJD

State of Delaware
Secretary of State
Division of Corporations
Delivered: 10:00 AM 11/21/2017
FILED: 10:00 AM 11/21/2017
SR 20177188979 - File Number: 6228073

# STATE OF DELAWARE
## CERTIFICATE OF MERGER OF DOMESTIC CORPORATION INTO FOREIGN CORPORATION

Pursuant to Title 8, Section 252 of the Delaware General Corporation Law, the undersigned corporation executed the following Certificate of Merger:

FIRST: The name of each constituent corporation is SNP Transformations Inc. , a Virginia corporation, and SNP Applications Americas, Inc. a Delaware corporation.

SECOND: The Agreement of Merger has been approved, adopted, certified, executed and acknowledged by each of the constituent corporations pursuant to Title 8, Section 252.

THIRD: The name of the surviving corporation is SNP Transformations Inc. , a VA corporation.

FOURTH: The Certificate of Incorporation of the surviving corporation shall be its Certificate of Incorporation.

FIFTH: The merger is to become effective on November 30, 2017 .

SIXTH: The Agreement of Merger is on file at 4825 West Royal Lane, Irving, Texas 75063 , the place of business of the surviving corporation.

SEVENTH: A copy of the Agreement of Merger will be furnished by the surviving corporation on request, without cost, to any stockholder of the constituent corporations.

EIGHT: The surviving corporation agrees that it may be served with process in the State of Delaware in any proceeding for enforcement of any obligation of the surviving corporation arising form this merger, including any suit or other proceeding to enforce the rights of any stockholders as determined in appraisal proceedings pursuant to the provisions of Section 262 of the Delaware General Corporation laws, and irrevocably appoints the Secretary of State of Delaware as its agent to accept services of process in any such suit or proceeding. The Secretary of State shall mail any such process to the surviving corporation at 4825 West Royal Lane, Irving, Texas 75063 .

IN WITNESS WHEREOF, said surviving corporation has caused this certificate to be signed by an authorized officer, the __17TH__ day of __November__ ,A.D., __2017__ .

By:_____
         Authorized Officer

Name: Ralf Mehnert-Meland
         Print or Type

Title: President

## SNP TRANSFORMATIONS INC.

### UNANIMOUS CONSENT OF SHAREHOLDERS AND DIRECTORS IN LIEU OF SHAREHOLDERS' AND DIRECTORS' SPECIAL MEETING

The undersigned, being all of the shareholders and directors of SNP Transformations Inc., a Virginia corporation (the "Corporation"), do hereby consent to the adoption of the following resolutions:

**RESOLVED,** that it is in the Corporation's best interest to adopt and authorize the proposed merger of SNP Applications Americas, Inc., a Delaware corporation, with and into the Corporation as the surviving entity, upon the terms and conditions set forth in the Agreement and Plan of Merger for Corporation in the form attached hereto as Exhibit A ("Agreement and Plan of Merger") which is herewith approved by the Corporation's directors and shareholders in accordance with Title 8, Section 252 of the Delaware General Corporation Law and Title 13 of the Code of Virginia.

**RESOLVED,** that the officers of the Corporation, be and they hereby are authorized, empowered, and directed, on behalf and in the name of the Corporation, to take any and all such further and other action as they or any of them deem necessary or advisable in connection with the foregoing resolution. The Corporation has specifically authorized Ralf Mehnert-Meland, President of the Corporation, to execute any documentation necessary to give effect to this Agreement and Plan of Merger. The Corporation's President shall also be hereby authorized and directed to file the Certificate of Merger with the Virginia State Corporation Commission.

**RESOLVED,** that the foregoing constitute the only matters of business for the Corporation's Shareholders' and Directors' Special Meeting.

This consent was executed by the undersigned in counterparts and are acceptable by facsimile, each of which, taken together, shall constitute a single consent. This consent is taken on the dates set forth beneath his or her respective signatures, and the action taken hereby is effective on the effective set forth in the respective resolutions or the date below.

Effective: November 1, 2017

SNP Schneider-Neureither & Partner AG

By: _____

Dr. Andreas Schneider-Neureither, on behalf of Sole Shareholder

Date: _OCTOBER 31, 2017_

Dr. Andreas Schneider-Neureither,
Sole Director (Chair)

Date: _OCTOBER 31, 2017_

Exhibit A

## AGREEMENT AND PLAN OF MERGER

of

### SNP APPLICATIONS AMERICAS, INC.
(a Delaware corporation)

with and into

### SNP TRANSFORMATIONS INC.
(a Virginia corporation)

THIS AGREEMENT AND PLAN OF MERGER (the "Agreement of Merger") is made and entered into as of November 1, 2017 by and between SNP Applications Americas, Inc., a Delaware corporation ("SNP APPLICATIONS"), and SNP Transformations Inc. a Virginia corporation (the "SNP TRANSFORMATIONS")

Recitals

A.     SNP APPLICATIONS is a corporation duly organized, validly existing and in good standing under the laws of the state of Delaware.  As of the date hereof, the authorized capital stock of the SNP APPLICATIONS consists of 5,000 authorized shares of Common Stock, at $1.00 par value, of which 1,000 shares are issued and outstanding (the "SNP APPLICATIONS Common Stock").

B.     SNP TRANSFORMATIONS is a corporation duly organized, validly existing and in good standing under the laws of the Commonwealth of Virginia, with authorized capital stock of 5,000 shares of Common Stock (the "SNP TRANSFORMATIONS Common Stock"), at no par value, of which 1,000 shares are issued and outstanding.

C.     The board of directors and shareholders of SNP APPLICATIONS have adopted resolutions authorizing the proposed merger of SNP APPLICATIONS with and into SNP TRANSFORMATIONS upon the terms and conditions set forth in accordance with the Delaware General Corporation Law and Title 13 of the Code of Virginia.

D.     The board of directors and shareholders of SNP TRANSFORMATIONS have adopted resolutions authorizing the proposed merger of SNP APPLICATIONS with and into

SNP TRANSFORMATIONS upon the terms and conditions set forth in accordance with the Delaware General Corporation Law and Title 13 of the Code of Virginia.

E.      The board of directors of SNP APPLICATIONS and SNP TRANSFORMATIONS have considered the proposed merger, have resolved that it is in the best interests of SNP APPLICATIONS and SNP TRANSFORMATIONS, and have authorized Ralf Mehnert-Meland, President of SNP APPLICATIONS and SNP TRANSFORMATIONS, to execute any documentation necessary to give effect to this Agreement of Merger.

F.      SNP APPLICATIONS and SNP TRANSFORMATIONS are hereinafter sometimes referred to collectively as the "Constituent Corporations."

NOW, THEREFORE, in consideration of the matters recited above and the covenants, conditions and agreements contained herein and intending to be legally bound hereby, the parties hereto agree as follows:

1.      Merger. The Constituent Corporations shall effect the Merger on the terms and conditions set forth in this Agreement of Merger.

(a)     Effect. At the Effective Time, as defined in Section 1(b), SNP APPLICATIONS shall be merged with and into SNP TRANSFORMATIONS, and the separate existence of the SNP APPLICATIONS, except insofar as it may be continued by statute, shall cease, all with the effect provided in the Delaware General Corporation Law and Title 13 of the Code of Virginia. From and after the Effective Time, SNP TRANSFORMATIONS shall be, and is sometimes hereinafter referred to as, the "Surviving Corporation." The Merger is intended to constitute a tax-free reorganization under Internal Revenue Code section 368 (a) (1).
(b)     Effectiveness. Subject to the terms and conditions herein provided, articles of merger under the Delaware General Corporation Law and Title 13 of the Code of Virginia shall be executed by the Constituent Corporations as of November 30, 2017 (the "Completion Date"). On or before the Completion Date, the certificate of merger shall be filed with the Virginia State Corporation Commission as well as with the Secretary of State of Delaware (the "Commissions") and the Merger shall become effective upon the acceptance of the certificate of merger by the Commissions (which day and time are hereinafter referred to as the "Effective Time").

2.      Issuance and Cancellation. At the Effective Time, the manner and basis of converting shares of the Constituent Corporations will be as follows:

(a)     SNP APPLICATIONS Common Stock. Each share of SNP APPLICATIONS Common Stock issued and outstanding immediately prior to the Merger shall at the Effective Time, by virtue of the Merger, be cancelled in exchange for, without further action by any holder thereof, 1,000 issued and outstanding and fully paid shares of Common Stock of SNP TRANSFORMATIONS, at no par value each.

(b)    Surrender of Certificates.  As promptly as practicable after the Effective Time, each holder of an outstanding certificate that prior thereto represented shares of SNP APPLICATIONS Common Stock shall surrender such certificate to SNP TRANSFORMATIONS, and such holder of SNP APPLICATIONS Common Stock shall upon such surrender receive in exchange therefore the consideration set forth in Section 2(a) hereof.

3.    Certificate of Incorporation.  The Certificate of Incorporation of SNP TRANSFORMATIONS, as in effect immediately prior to the Effective Time, shall be the Certificate of Incorporation of the Surviving Corporation.

4.    Bylaws.  The Bylaws of SNP TRANSFORMATIONS, as in effect immediately prior to the Effective Time, shall be the Bylaws of the Surviving Corporation until duly amended in accordance with law.

5.    Directors and Officers.  The directors and officers of the Surviving Corporation who shall hold the indicated offices until their respective successors are elected and qualified are:

| | |
|---|---|
| Chairman of the Board | Dr. Andreas Schneider-Neureither |
| President | Ralf Mehnert-Meland |
| Vice President, Global Chief Technology Officer | Steele Arbeeny |
| Vice President, Finance | Jörg Vierfuß |
| Vice President, Operations | Chris D'Arduini |
| Vice President, Sales and Partner Management | Roger Elwell |
| Vice President, Service Delivery | Ellen Shobe |
| Vice President, Global Human Resources | Bernd Maciejewski |
| Secretary | Michael P. Kuhn, Esq. |

6.    Termination.  This Agreement of Merger may only be terminated at or before the Effective Time by agreement of the boards of directors of the Constituent Corporations.

7.     Waiver. Subject to applicable law, any of the terms and conditions of this Agreement of Merger may be waived at any time by whichever of the Constituent Corporations is, or the stockholders of which are, entitled to the benefit thereof by action taken by the board of directors of such Constituent Corporation at any time before or after the approval of this Agreement of Merger by the stockholders or shareholders of SNP APPLICATIONS or SNP TRANSFORMATIONS; provided that no such waiver, amendment, modification or supplement shall be made after such approval that either shall affect the rights of the stockholders of SNP APPLICATIONS in a manner that, in the judgment of the board of directors of SNP APPLICATIONS, is materially adverse to such stockholders or is not permitted by either the Delaware General Corporation Law and Title 13 of the Code of Virginia.

8.     Further Assurances. If at any time the Surviving Corporation shall consider or be advised that any further assignments or assurances or any other acts are necessary or desirable to (i) vest, perfect or confirm, of record or otherwise, in the Surviving Corporation its right, title or interest in, to or under any of the rights, properties or assets of SNP APPLICATIONS acquired or to be acquired by the Surviving Corporation as a result of, or in connection with, the Merger, or (ii) otherwise carry out the purposes of this Agreement of Merger, SNP APPLICATIONS and its proper officers and directors shall be deemed to have granted to the Surviving Corporation an irrevocable power of attorney to execute and deliver all such proper deeds, assignments and assurances and to do all acts necessary or proper to vest, perfect or confirm title to and possession of such rights, properties or assets in the Surviving Corporation and otherwise to carry out the purposes of this Agreement of Merger; and the proper officers and directors of the Surviving Corporation are fully authorized in the name of SNP APPLICATIONS or otherwise to take any and all such action.

9. Interpretation. The headings herein are for convenience of reference only, do not constitute a part of this Agreement of Merger, and shall not be deemed to limit or affect any of the provisions hereof. Words used herein, regardless of the number specifically used, shall be deemed to include any other number, singular or plural, as the context may require.

## CERTIFICATE OF SERVICE

I, Samantha G. Zimmer, hereby certify that on this 23rd day of July 2021, a true and correct copy of the Plaintiff's Motion, with accompanying memorandum of law and exhibit, have been filed electronically and is available for viewing and downloading from the Court's ECF system.  I further certify that I caused a true and correct copy of the same to be served upon the following in the manner indicated below:

| | |
|---|---|
| *Via ECF* | *Via US Mail* |
| Gregory S. Hyman, Esq.<br>Katharine W. Fogarty, Esq.<br>Four Penn Center<br>1600 JFK Blvd., Suite 1030<br>Philadelphia, PA 19103 | SNP Schneider-Neureither & Partner SE<br>Dossenheimer Landstraße 100, 69121<br>Heidelberg, Germany |
| *Counsel for Defendant, SNP Transformations, Inc.* | SN Assets Americas, LLC<br>222 W Las Colinas Blvd, Ste 1150E<br>Irving, TX 75039 |
| George M. Vinci, Jr., Esq.<br>Neal R. Troum, Esq.<br>Spector Gadon Rosen Vinci P.C.,<br> 1635 Market Street, Seventh Floor,<br>Philadelphia, PA 19103 | |
| *Counsel for SN Assets Americas, LLC* | |

/s/ Samantha G. Zimmer
Samantha G. Zimmer