IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Schrotberger,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>　　　　　　Defendants. | No. 2:21-cv-00364 |

## **ORDER**

AND NOW, this ___ day of _____, 2021, upon consideration of Plaintiff's Motion for Alternative Service upon SN Assets Americas, LLC, and Defendant SN Assets Americas, LLC's, response in opposition thereto, it is hereby ORDERED, ADJUDGED, and DECREED that the motion is DENIED.

　　　　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Younge, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Schrotberger,<br><br>               Plaintiff,<br>   v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>               Defendants. | No. 2:21-cv-00364 |

**Memorandum in Opposition to
<u>Motion for Alternative Service upon SN Assets Americas, LLC</u>**

It is important to put Plaintiff' motion for alternative service in context. Plaintiff has not yet properly served Defendant SN Assets Americas, LLC ("SN Assets"). Accordingly, SN Assets has filed a motion to dismiss with two separate, independent arguments for dismissal. The first relates to improper service and the second is that SN Assets must be dismissed for lack of personal jurisdiction. This motion has been fully briefed and stands ready for resolution by the Court. Importantly, if the Court agrees with SN Assets that personal jurisdiction is lacking, dismissal will be required and questions relating to proper service become moot. SN Assets urges the Court to dismiss Plaintiff's claims against SN Assets for lack of personal jurisdiction and to deny Plaintiff's motion for alternative service as moot.

With respect to the merits of Plaintiff's motion for alternative service, it should be denied. The averments of Plaintiff's Complaint make clear that SN Assets is a bit player in this proceeding with no involvement in the merits of the case. According to Plaintiff, this is a case about sexual assaults, harassment, and coerced sex acts. As to SN Assets, however, the only averment of wrongdoing on SN Assets' part connected with Plaintiff's claims is that SN Assets somehow "knew" of the wrongful conduct "and did nothing to address it and/or to protect"

Plaintiff.  (Compl. ¶ 30.)  But this does not make out an actionable claim of wrongdoing with respect to SN Assets; "knowing" that someone else is engaging in wrongful conduct and not stopping it is manifestly not actionable.  Indeed, it is unclear, based on the averments in the Complaint, why SN Assets is part of this case at all.  Plaintiff's efforts to bring SN Assets into this lawsuit – considering the scant allegations of wrongdoing as to SN Assets and SN Assets' lack of personal jurisdiction in this forum – are thus an exercise in futility.

Service of process, it should be noted, is not a mere technicality.  *Calabro v. Leiner*, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006).  Accordingly, "half-hearted attempts at service will not do," *id.* at 473, and a plaintiff must conduct "more than a mere paper search," *Grove v. Guilfoyle*, 222 F.R.D. 255, 256 (E.D. Pa. 2004).  "The rules relating to service of process must be strictly followed," because "jurisdiction of the court over the person of the defendant is dependent upon proper service having been made."  *Sharp v. Valley Forge Med. Center & Heart Hosp., Inc.*, 221 A.2d 185, 187 (Pa. 1966).  "Alternative service is only appropriate when service cannot be made under the applicable Rule, and only as a last resort."  *Grove*, 222 F.R.D. at 257.  A plaintiff is thus entitled to alternative service where, among other things, the Plaintiff has made good faith efforts to locate the defendant, has made practical efforts to serve the defendant, and the proposed alternative service is reasonably calculated to provide notice to the defendant. *Calabro*, 464 F. Supp. 2d at 472.

Here, there is no evidence that SN Assets is taking affirmative step to evade service.  Such a conclusion weighs against granting Plaintiff's motion for alternative service.  *Calabro*, 464 F. Supp. 2d at 473; *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 510-11 (E.D. Pa. 2018).  Further, "[i]t is clear that other avenues exist whereby Plaintiff may yet locate Defendant," and "a more extensive search for Defendant [SN Assets] is warranted."  *Grove*, 222

2

F.R.D. at 257.  In a nutshell, Plaintiff's efforts to serve SN Assets amount to (1) attempted service by certified mail in which the signature card was never returned (which was the subject of a filed and withdrawn affidavit of service by Plaintiff), (2) personal service upon an entity called SNP Applications, which Plaintiff claims is SN Assets' agent for service of process, and (3) personal service upon SN Assets' accountants.[1]  The first and third efforts to serve SN Assets are woefully lacking and provide no support for the relief that Plaintiff seeks herein.  As set forth at greater length in SN Assets' motion to dismiss, a return receipt signature card is required under Pennsylvania law for proper service, and there is and was no indication that SN Assets' accountants were ever authorized to accept service.  *See Kornea*, 336 F. Supp. 3d at 509 ("The fact that an individual . . . has the authority to accept mail on behalf of the defendant does not establish that such individual is an agent of the defendant authorized to accept service of process.").  Which leaves attempted service on SNP Applications.  Plaintiff complains that SNP Applications is SN Assets' authorized agent but that it has since merged with another entity and does not have an independent existence (and so cannot be served).  But Plaintiff has not endeavored to serve the merged entity as successor to SN Assets, and so has not made a good faith effort to serve SN Assets.  *Cf. PNC Bank v. Unknown Heirs*, 929 A.2d 219 (Pa. Super. 2007) (where alternative heir or successor person or entity can potentially be served, alternative service is not proper).

      Nor is there any indication in Plaintiff's motion or supporting materials that Plaintiff has made a good faith investigation of service upon SN Assets; there is no indication that Plaintiff

---

[1] Courts in the Eastern District of Pennsylvania have found a plaintiff has made sufficient efforts at service to show good faith where, for example, as many as six attempts at service were made.  *United States v. Muhammed*, 2009 WL 605996, at *2 (E.D. Pa. Mar.9, 2009).  "On the other hand, courts have found efforts to be insufficient where three attempts were made . . . ."  *Banegas v. Hampton*, 2009 WL 1140268, at *2 (E.D. Pa. Apr. 27, 2009).  *See also Olympic Steel, Inc. v. Pan Metal & Processing, LLC*, 2012 WL 682381, at *3 (E.D. Pa. Mar. 2, 2012) ("[c]ourts in this district have found a plaintiff's efforts to be sufficient when he or she has made six attempts at service, . . . or repeated attempts . . . including a stake out . . . .").

has made the required inquiries of, for example, the postal authorities (or attempted to make use of the Freedom of Information Act in connection with same), former SN Assets employees, local telephone directories, internet searches, local tax records, etc. *City of Philadelphia Water Revenue Bureau v. Towanda Properties, Inc.*, 976 A.2d 1244, 1248 (Pa. Commw. Ct. 2009). Simply, "a good-faith investigation requires more than a mere paper search before a court may enter a special order permitting alternative service. *Id.* at 1249.

In sum, "[n]otice to a defendant that he has been sued does not cure defective service, and an appearance for the limited purpose of objecting to service does not waive the technicalities of the rule governing service." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 492 (3d Cir. 1993). Because Plaintiff has not exhausted her options to attempt to properly serve SN Assets under the rules, her motion for alternative service must be denied.

## IV.     Conclusion

For the foregoing reasons, Defendant SN Assets Americas, LLC, respectfully requests that the Court deny Plaintiff's Motion for Alternative Service upon SN Assets Americas, LLC.

Respectfully submitted,

/s/ George M. Vinci, Jr.
George M. Vinci, Jr., Esquire
Neal R. Troum, Esquire
Spector Gadon Rosen Vinci P.C.
1635 Market Street
Seventh Floor
Philadelphia, PA 19103
(215) 241-8888
gvinci@lawsgr.com, ntroum@lawsgr.com

Dated: August 6, 2021                     *Attorneys for Defendant SN Assets Americas, LLC*

**Certificate of Service**

      I, Neal R. Troum, hereby certify that I filed the foregoing with the Court's ECF/CM electronic filing system, which served it upon all counsel of record.

Dated: August 6, 2021                    /s/ Neal R. Troum_____
                                                                          Neal R. Troum