**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILLIAN SCHROTBERGER | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:21-CV-00364-JMY |
| v. | : |
| | : |
| JOHN DOE, as the ADMINISTRATOR of the | : |
| ESTATE OF ANDREAS SCHNEIDER- | : |
| NEUREITHER; ET AL. | : |
| | : |
| Defendants. | : |

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HER MOTION FOR ALTERNATIVE SERVICE UPON SN ASSETS AMERICAS, LLC

Plaintiff Jillian Schrotberger ("Schrotberger"), by and through her undersigned counsel, respectfully submits this reply in further support of her Motion for Alternative Service Upon SN Assets Americas, LLC ("SN Assets").

### I.   ARGUMENT

SN Assets has not set forth a compelling argument why Schrotberger should not be granted the relief she seeks to serve SN Assets by an alternative method. For the following reasons, SN Assets' objections to alternative service are without merit and, therefore, Schrotberger's Motion for Alternative Service should be granted.

*First*, contrary to SN Assets' position, Schrotberger's Motion for Alternative Service should not be denied as moot in light of SN Assets' Motion to Dismiss, (Doc. no. 18). As set forth in Plaintiff's Memorandum of Law in Opposition to SN Assets' Motion to Dismiss (Doc. no. 20), this Court has personal jurisdiction arising from SN Assets' continuous contacts with Pennsylvania specific to Schrotberger's claims. Because this Court has personal jurisdiction and

Schrotberger has set forth sufficient grounds warranting alternative service, Schrotberger's

Motion for Alternative Service should be granted.

*Second*, SN Assets improperly focuses upon the allegations set forth in the Complaint as

they relate to the conduct of SN Assets and whether these allegations sets forth an actionable

claim. Schrotberger's allegations set forth actionable claims against SN Assets for its acts and

omissions. Crucially, however, that is not at issue in the Motion for Alternative Service presently

before the Court. SN Assets' arguments regarding the merits of Schrotberger's claims are

misplaced and premature when Schrotberger is still attempting to formally effectuate service of

process on SN Assets.

*Third*, to the extent SN Assets argues the validity of Schrotberger's attempted service via

certified mail and personal service, this misses the mark of Schrotberger's Motion. Schrotberger

is aware that service has been contested by SN Assets as improper; thus, she presently seeks

alternative service, understanding that the prior attempts at service were allegedly unsuccessful

despite Scherotberger's best efforts.

*Fourth*, SN Assets incorrectly asserts that Schrotberger has not made a good faith

investigation to locate and serve SN Assets. In advancing this argument, SN Assets wholly

ignores the Attorney Declaration of Lorena E. Ahumada, attached as Exhibit A to Schrotberger's

Motion for Alternative Service, and its supporting exhibits, all of which demonstrate that the

addresses associated with SN Assets and its now defunct registered agent are those at which

Schrotberger has attempted service to no avail. *See* Memorandum of Law in Support of Motion

for Alternative Service at 5; Ex. A. Although SN Assets contends that Schrotberger did not make

a good faith effort to locate SN Assets, its suggested avenues for further research will not be

effective. Importantly, SN Assets is not a business with a storefront nor does it have a living

corporate officer therewith who can be served with process. Therefore, inquiries with former employees or postal authorities will not reveal any additional information beyond what Schrotberger has already found and which has proven unhelpful in attempts to locate and serve SN Assets.

Finally, Schrotberger has met her burden to be granted alternative service, demonstrating that she has (1) made a good faith effort to locate SN Assets, (2) made a good faith effort to serve under the circumstances, and (3) proposed methods of alternative service reasonably calculated to provide SN Assets with notice.

## II.    CONCLUSION

For the foregoing reasons, plaintiff, Jillian Schrotberger respectfully requests that this Honorable Court grant her Motion for Alternative Service.

Respectfully submitted,

**KLEINBARD LLC**

/s/ Samantha G. Zimmer
Matthew H. Haverstick
Lorena E. Ahumada
Eric J. Schreiner
Samantha G. Zimmer
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Counsel for Plaintiff, Jillian Schrotberger*

Dated:  August 10, 2021

## CERTIFICATE OF SERVICE

I, Samantha G. Zimmer, hereby certify that on this 10th day of August 2021, a true and

correct copy of the foregoing Reply in Further Support of Plaintiff's Motion for Alternative

Service Upon SN Assets Americas, LLC, has been filed electronically and is available for

viewing and downloading from the Court's ECF system.  I further certify that I caused a true and

correct copy of the same to be served upon the following in the manner indicated below:

*Via ECF*

Gregory S. Hyman, Esq.
Katharine W. Fogarty, Esq.
Four Penn Center
1600 JFK Blvd., Suite 1030
Philadelphia, PA 19103

*Counsel for Defendant, SNP Transformations, Inc.*

George M. Vinci, Jr., Esq.
Neal R. Troum, Esq.
Spector Gadon Rosen Vinci P.C.,
 1635 Market Street, Seventh Floor,
Philadelphia, PA 19103

*Counsel for SN Assets Americas, LLC*

*Via US Mail*

SNP Schneider-Neureither & Partner SE
Dossenheimer Landstraße 100, 69121
Heidelberg, Germany

SN Assets Americas, LLC
222 W Las Colinas Blvd, Ste 1150E
Irving, TX 75039

/s/ Samantha G. Zimmer
Samantha G. Zimmer