**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILLIAN SCHROTBERGER | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 2:21-CV-00364-JMY |
| v. | : |
| | : |
| JOHN DOE, as the ADMINISTRATOR of the | : |
| ESTATE OF ANDREAS SCHNEIDER- | : |
| NEUREITHER; ET AL. | : |
| | : |
| Defendants. | : |

## AFFIDAVIT OF SERVICE

I, Samantha G. Zimmer, hereby certify and affirm:

1.       I am an associate at the law firm of Kleinbard LLC, and counsel for plaintiff,

Jillian Schrotberger.

2.       On March 25, 2021, pursuant to Federal Rule of Civil Procedure 4(h)(2) and (f), I

mailed to the relevant German Central Authority a request for service of the Complaint and

Summons upon defendant SNP Schneider-Neureither & Partner SE ("SNP SE"), pursuant to the

terms of Article 5 the Hague Convention.

3.       On May 6, 2021, I received a letter from the German Central Authority requesting

a correction to procedural requirements of the request pursuant to the Hague Convention.

4.       On June 4, 2021, I mailed to the German Central Authority the documents for

service in accordance with the procedural requirements set forth in its letter of May 6, 2021.

5.       On July 19, 2021, I received an executed Certificate of Service pursuant to the

Hague Convention from the German Central Authority indicating that the German Central

Authority effectuated service on SNP SE pursuant to Article 5 of the Hague Convention.

6.     The executed Certificate of Service and copy of the request for service, with the

relevant documents, is attached hereto as Exhibit A.

7.     A certified translation of the cover letter and certificate of service from the

German Central Authority is attached here to as Exhibit B.

8.     I certify and declare that the foregoing is true and correct to the best of my

knowledge, information and belief.


/s/ Samantha G. Zimmer
Samantha G. Zimmer

August 10, 2021

# EXHIBIT A



# Baden-Württemberg

AMTSGERICHT FREIBURG i. Br.

DIE PRÄSIDENTIN

Amtsgericht Freiburg ▪ Holzmarkt 2 ▪ 79098 Freiburg i.Br.

|  |  |
|---|---|
| Datum | 30.06.2021 |
| Name | Frau Hirschmann |
| Durchwahl | 0761 205-1529 |
| Aktenzeichen | 934 E – 561/21 |
|  | (Bitte bei Antwort angeben) |

Matthew H. Haverstick
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
USA

**Rechtshilfeverkehr in Zivilsachen;**

**Ihr Ersuchen vom 25.03.2021**
**Ihr Aktenzeichen: 2:21-cv-00364**

**Anlage(n)**
1 (geheftet)

Sehr geehrte Damen und Herren,

in der oben bezeichneten Angelegenheit wurde das Zustellungsersuchen erledigt. In der Anlage übersende ich das Zustellungszeugnis vom 30.06.2021 nebst Doppel des Zustellungsersuchens.

Mit vorzüglicher Hochachtung

Im Auftrag

Hirschmann

Justizamtfrau



Holzmarkt 2 ▪ 79098 Freiburg i.Br. ▪ Telefon 0761 205-0 ▪ Telefax 0761 205-1804 ▪ Straßenbahnhaltestelle: Holzmarkt
www.agfreiburg.de ▪ poststelle@agfreiburg.justiz.bwl.de ▪ www.service-bw.de
Bankverbindung: Landesoberkasse Baden-Württemberg ▪ Baden-Württembergische Bank ▪ BLZ 600 501 01 ▪ Konto-Nr. 7 469 534 505
BIC: SOLADEST600 - IBAN: DE82 6005 0101 7469 5345 05
Bei Überweisung bitte obiges Aktenzeichen und Kassenzeichen-Nr. 9880723000014 angeben.

**ZUSTELLUNGSZEUGNIS**
CERTIFICATE
ATTESTATION

---

**Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,**
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

**1. dass der Antrag erledigt worden ist *)**
that the document has been served *)
que la demande a été exécutée *)

**- am (Datum)**       **23.06.2021**
the (date)
le (date)

**- in (Ort, Straße, Nummer)**       **69115 Heidelberg, Speyerer**
at (place, street, number)       **Straße 4**
à (localité, rue, numéro)

**- in einer der folgenden Formen nach Artikel 5:**
in one of the following methods authorised by article 5:
dans une des formes suivantes prévues à l'article 5:

**a)** **in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe a) *).**
in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention *).
selon les formes légales (article 5, alinéa premier, lettre a) *).

**b)** ~~in der folgenden besonderen Form *):~~
~~in accordance with the following particular method *):~~
~~selon la forme particulière suivante *):~~

**c)** ~~durch einfache Übergabe *):~~
~~by delivery to the addressee, who accepted it voluntarily *):~~
~~par remise simple *):~~

**Die Schriftstücke wurden in den zum Geschäftsraum gehörenden Briefkasten oder eine ähnliche Vorrichtung eingelegt, weil die Übergabe im Geschäftsraum nicht möglich war (Ersatzzustellung gemäß § 180 Zivilprozessordnung).**

~~Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:~~
~~The documents referred to in the request have been delivered to:~~
~~Les documents mentionnés dans la demande ont été remis à:~~

~~- (Name und Stellung der Person)~~
~~(identity and description of person)~~
~~(identité et qualité de la personne)~~

~~- Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:~~
~~relationship to the addressee (family, business or other):~~
~~liens de parenté, de subordination ou autres, avec le destinataire de l'acte:~~

**2. dass der Antrag aus folgenden Gründen nicht erledigt werden konnte *):**
that the document has not been served, by reason of the following facts *):
que la demande n'a pas été exécutée, en raison des faits suivants *):

~~Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten *).~~
~~In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement *).~~
~~Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint *).~~

**Anlagen**       - Klageschrift vom 27.01.2021
Annexes       - Ladung (Summons) vom 27. Januar 2021 (Nr. 21-364)
Annexes       - Schreiben vom 25. März 2021
              - Bestimmungsformular
**Zurückgesandte Schriftstücke:**       - Deckblatt Zivilklage
Documents returned:       -jeweils englisch mit deutscher Übersetzung-
Pièces renvoyées:

**Gegebenenfalls Erledigungsstücke:**       **Ausgefertigt in Freiburg i. Br.**       am 30.06.2021
In appropriate cases, documents establishing the service:       Done at       the
Le cas échéant, les documents justificatifs de l'exécution:       Fait à       le.

                              Unterschrift und/oder Stempel.   **Im Auftrag**
                              Signature and/or stamp.
**Amtsgericht Freiburg i. Br.**       Signature et/ou cachet       Hirschmann
**- Die Präsidentin -**                       Justizamtfrau

---

*) Unzutreffendes streichen. / Delete if inappropriate. / Rayer les mentions inutiles.

# ANTRAG AUF ZUSTELLUNG EINES GERICHTLICHEN ODER AUSSERGERICHTLICHEN SCHRIFTSTÜCKS IM AUSLAND

REQUEST FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

*DEMANDE AUX FINS DE SIGNIFICATION OU DE NOTIFICATION A L'ÉTRANGER D'UN ACTE JUDICIAIRE OU EXTRAJUDICIAIRE*

**Übereinkommen über die Zustellung gerichtlicher und außergerichtlicher Schriftstücke im Ausland in Zivil- oder Handelssachen, unterzeichnet in Den Haag am 15. November 1965.**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965.

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965.*

| | |
|---|---|
| **Bezeichnung und Anschrift der ersuchenden Stelle**<br>Identity and address of the applicant<br>*Identité et adresse du requérant*<br>Matthew H. Haverstick<br>Three Logan Square, 5th Floor<br>1717 Arch Street<br>Philadelphia, PA 19103 | **Anschrift der Bestimmungsbehörde**<br>Address of receiving authority<br>*Adresse de l'autorité destinataire*<br>Präsident des Amtsgerichts Freiburg<br>Holzmarkt 2<br>79098 FREIBURG |

**Die ersuchende Stelle beehrt sich, der Bestimmungsbehörde - in zwei Stücken - die unten angegebenen Schriftstücke mit der Bitte zu übersenden, davon nach Artikel 5 des Übereinkommens ein Stück unverzüglich dem Empfänger zustellen zu lassen, nämlich:**

The undersigned applicant has the honour to transmit – in duplicate – the documents listed below and, in conformity with Article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.:

*Le requérant soussigné à l'honneur de faire parvenir – en double exemplaire – à l'autorité destinataire les documents ci-dessous énumérés, en la priant, conformément à l'article 5 de la Convention précitée, d'en faire remettre sans retard un exemplaire au destinataire, à savoir :*

| |
|---|
| **(Name und Anschrift)**<br>(identity and address) / *(identité et adresse)*<br>SNP Schneider-Neureither & Partner SE<br>Dossenheimer Landstraße 100<br>69121 Heidelberg, Germany |

| | | |
|---|---|---|
| ☒ | a) | **in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe a)*)**<br>in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention*<br>*selon les formes légales (article 5, alinéa premier, lettre a)*.* |
| ☐ | b) | **in der folgenden besonderen Form (Artikel 5 Absatz 1 Buchstabe b)*):**<br>in accordance with the following particular method (sub-paragraph b) of the first paragraph of Article 5)*:<br>*selon la forme particulière suivante (article 5, alinéa premier, lettre b)*:* |
| ☐ | c) | **gegebenenfalls durch einfache Übergabe (Artikel 5 Absatz 2)*.**<br>by delivery to the addressee, if he accepts it voluntarily (second paragraph of Article 5)*<br>*le cas échéant, par remise simple (article 5, alinéa 2)*.* |

**Die Behörde wird gebeten, der ersuchenden Stelle ein Stück des Schriftstücks - und seiner Anlagen* - mit dem Zustellungszeugnis auf der Rückseite zurückzusenden oder zurücksenden zu lassen.**

The authority is requested to return or to have returned to the applicant a copy of the documents - and of the annexes* - with the attached certificate

*Cette autorité est priée de renvoyer ou de faire renvoyer au requérant un exemplaire de l'acte - et de ses annexes*- avec l'attestation ci-jointe.*

*Verzeichnis der Schriftstücke*

List of documents / *Énumération des pièces*

- Summary of Documents to be Served
- Summons in a Civil Action
- Civil Cover Sheet
- Complaint

\* Wenn zutreffend.
*If appropriate / s'il y a lieu*

| | |
|---|---|
| **Ausgefertigt in**<br>Three Logan Square, 5th Floor<br>1717 Arch Street<br>Philadelphia, PA 19103<br>Done at / *Fait à*<br>**am** March 25, 2021<br>the / *le* | **Unterschrift und / oder Stempel**<br>Signature and/or stamp / *Signature et / ou cachet* |

# ZUSTELLUNGSZEUGNIS
## CERTIFICATE
### *ATTESTATION*

**Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,**
The undersigned authority has the honour to certify, in conformity with Article 6 of the Convention,
*L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,*

☐ **1. dass der Antrag erledigt worden ist\***
that the document has been served\*
*que la demande a été exécutée\**

| **– am (Datum):**<br>the (date) / *le (date)* : | ———— |
| **– in (Ort, Straße, Nummer):**<br>at (place, street, number) / *à (localité, rue, numéro)* : | ———— |

**– in einer der folgenden Formen nach Artikel 5:**
in one of the following methods authorised by Article 5:
*dans une des formes suivantes prévues à l'article 5 :*

| ☐ | *a)* | **in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe *a)* \* )**<br>in accordance with the provisions of sub-paragraph a) of the first paragraph of Article 5 of the Convention\*<br>*selon les formes légales (article 5, alinéa premier, lettre a)\** |
| ☐ | *b)* | **in der folgenden besonderen Form\*:**<br>in accordance with the following particular method\*:<br>*selon la forme particulière suivante\** :<br>———— |
| ☐ | *c)* | **durch einfache Übergabe\***<br>by delivery to the addressee, if he accepts it voluntarily\*<br>*par remise simple\** |

**Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:**
The documents referred to in the request have been delivered to:
*Les documents mentionnés dans la demande ont été remis à :*

| **Name und Stellung der Person:**<br>Identity and description of person :<br>*Identité et qualité de la personne* : | ———— |
| **Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:**<br>Relationship to the addressee (family, business or other):<br>*Liens de parenté, de subordination ou autres, avec le destinataire de l'acte* : | ———— |

☐ **2. dass der Antrag aus folgenden Gründen nicht erledigt werden konnte\*:**
that the document has not been served, by reason of the following facts\*:
*que la demande n'a pas été exécutée, en raison des faits suivants\** :

————

☐ **Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten\*.**
In conformity with the second paragraph of Article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.
*Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint\**.

*Anlagen*
Annexes / *Annexes*

| **Zurückgesandte Schriftstücke:**<br>Documents returned:<br>*Pièces renvoyées* : | ———— |
| **Gegebenenfalls Erledigungsstücke:**<br>In appropriate cases, documents establishing the service:<br>*Le cas échéant, les documents justificatifs de l'exécution* : | ———— |

\* Wenn zutreffend
if appropriate / *s'il y a lieu*

| **Ausgefertigt in** _____<br>Done at / *Fait à*<br><br>**am** _____<br>the / *le* | **Unterschrift und/oder Stempel**<br>Signature and/or stamp / *Signature et / ou cachet* |

# ACHTUNG
## WARNING
*AVERTISSEMENT*

**Name und Anschrift des Empfängers**
Identity and address of the addressee
*Identité et adresse du destinataire*
SNP Schneider-Neureither & Partner SE
Dossenheimer Landstraße 100
69121 Heidelberg, Germany

### WICHTIGER HINWEIS

DAS ANLIEGENDE SCHRIFTSTÜCK IST EIN RECHTSDOKUMENT UND KANN IHRE RECHTE UND PFLICHTEN BERÜHREN. DIE „ANGABEN ÜBER DEN WESENTLICHEN INHALT DES ZUZUSTELLENDEN SCHRIFTSTÜCKS" ENTHALTEN HINWEISE ZU DER ART UND DEM ZWECK DES SCHRIFTSTÜCKS. SIE SOLLTEN DAS SCHRIFTSTÜCK AUF JEDEN FALL AUFMERKSAM DURCHLESEN UND GEGEBENENFALLS RECHTSRAT EINHOLEN.
WENN SIE NICHT ÜBER AUSREICHENDE FINANZIELLE MITTEL VERFÜGEN, SOLLTEN SIE SICH ERKUNDIGEN, OB DIE MÖGLICHKEIT BESTEHT, IN IHREM LAND ODER IN DEM LAND, IN DEM DAS SCHRIFTSTÜCK AUSGESTELLT WURDE, PROZESSKOSTENHILFE ODER BERATUNGSHILFE ZU ERHALTEN.
ANFRAGEN ZUR GEWÄHRUNG VON PROZESSKOSTENHILFE ODER BERATUNGSHILFE IN DEM LAND, IN DEM DAS SCHRIFTSTÜCK AUSGESTELLT WURDE, KÖNNEN AN FOLGENDE STELLE GERICHTET WERDEN:

IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE 'SUMMARY OF THE DOCUMENT TO BE SERVED' WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD HOWEVER READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

*TRÈS IMPORTANT*

*LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES « ÉLÉMENTS ESSENTIELS DE L'ACTE » VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.*

*SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.*

*LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES À :*

Lawyer Referral & Information Service
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, PA 19107

**Es wird empfohlen, die in der Mitteilung vorgedruckten Teile in englischer und französischer Sprache und gegebenenfalls auch in der Amtssprache oder einer der Amtssprachen des Ursprungsstaates abzufassen. Die Eintragungen können in der Sprache des Empfängerstaates oder in englischer oder französischer Sprache gemacht werden.**

It is recommended that the standard terms in the notice be written in English and French and where appropriate also in the official language, or in one of the official languages of the State in which the document originated. The blanks could be completed either in the language of the State to which the document is to be sent, or in English or French.

*Il est recommandé que les mentions imprimées dans cette note soient rédigées en langue française et en langue anglaise et le cas échéant, en outre, dans la langue ou l'une des langues officielles de l'État d'origine de l'acte. Les blancs pourraient être remplis soit dans la langue de l'État où le document doit être adressé, soit en langue française, soit en langue anglaise.*

## ANGABEN ÜBER DEN WESENTLICHEN INHALT DES ZUZUSTELLENDEN SCHRIFTSTÜCKS
### SUMMARY OF THE DOCUMENT TO BE SERVED
#### ÉLÉMENTS ESSENTIELS DE L'ACTE

Übereinkommen über die Zustellung gerichtlicher und außergerichtlicher Schriftstücke im Ausland in Zivil- oder Handelssachen, unterzeichnet in Den Haag am 15. November 1965.
**(Artikel 5 Absatz 4).**

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965
(Article 5, fourth paragraph).

*Convention relative à la signification et à la notification à l'étranger des actes judiciaires ou extrajudiciaires en matière civile ou commerciale, signée à La Haye le 15 novembre 1965 (article 5, alinéa 4).*

| | |
|---|---|
| **Bezeichnung und Anschrift der ersuchenden Stelle:**<br>Name and address of the requesting authority:<br>*Nom et adresse de l'autorité requérante :* | Matthew H. Haverstick<br>Three Logan Square, 5th Floor<br>1717 Arch Street<br>Philadelphia, PA 19103<br>Mhaverstick@kleinbard.com<br>(215) 568-2000 |
| **Bezeichnung der Parteien*:**<br>Particulars of the parties*:<br>*Identité des parties* :* | Plaintiff: Jillian Schrotberger<br><br>Defendants:<br>John Doe, as the Administrator of the Estate of Andreas Schneider-Neureither;<br>SNP Transformation, Inc.;<br>SNP Schneider-Neureither & Partner SE;<br>SN Assets Americas LLC |

\* Gegebenenfalls Name und Anschrift der an der Übersendung des Schriftstücks interessierten Person.
*if appropriate, identity and address of the person interested in the transmission of the document*
*s'il y a lieu, identité et adresse de la personne intéressée à la transmission de l'acte*

☐ **GERICHTLICHES SCHRIFTSTÜCK \*\***
JUDICIAL DOCUMENT\*\*
*ACTE JUDICIAIRE\*\**

| | |
|---|---|
| **Art und Gegenstand des Schriftstücks:**<br>Nature and purpose of the document:<br>*Nature et objet de l'acte :* | To make SNP Schneider-Neureither & Partner SE aware of the claims against it and demand a response and appearance in the proceeding. |
| **Art und Gegenstand des Verfahrens, gegebenenfalls Betrag der geltend gemachten Forderung:**<br>Nature and purpose of the proceedings and, when appropriate, the amount in dispute:<br>*Nature et objet de l'instance, le cas échéant, le montant du litige :* | Tort claims against SNP Schneider-Neureither & Partner SE for its actions or inactions relative to Jillian Schrotberger. Damages in excess of $150,000 USD. |
| **Termin und Ort für die Einlassung auf das Verfahren \*\*:**<br>Date and Place for entering appearance\*\*:<br>*Date et lieu de la comparution\*\* :* | Federal District Court for the Eastern District of Pennsylvania<br>601 Market Street<br>Philadelphia, PA 19106<br><br>Deadline to respond: within 21 days of service of this summons and complaint |
| **Gericht, das die Entscheidung erlassen hat \*\*:**<br>Court which has given judgment\*\*:<br>*Juridiction qui a rendu la décision\*\* :* | N/A |
| **Datum der Entscheidung \*\*:**<br>Date of judgment\*\*:<br>*Date de la décision\*\* :* | N/A |
| **Im Schriftstück vermerkte Fristen \*\*:**<br>Time limits stated in the document\*\*:<br>*Indication des délais figurant dans l'acte\*\* :* | Within 21 days of service of this summons and complaint |

\*\* Wenn zutreffend
*if appropriate / s'il y a lieu*

☐ **AUSSERGERICHTLICHES SCHRIFTSTÜCK \*\***
EXTRAJUDICIAL DOCUMENT\*\*
*ACTE EXTRAJUDICIAIRE\*\**

| **Art und Gegenstand des Schriftstücks:**<br>Nature and purpose of the document:<br>*Nature et objet de l'acte :* | N/A |
|---|---|
| **Im Schriftstück vermerkte Fristen **:**<br>Time-limits stated in the document**:<br>*Indication des délais figurant dans l'acte** :* | N/A |

** Wenn zutreffend
   if appropriate / s'il y a lieu

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direct Dial  215.496.7225*



**KLEINBARD** LLC

March 25, 2021

SNP Schneider-Neureither & Partner SE
Dossenheimer Landstraße 100
69121 Heidelberg, Germany

**RE:  Summary of Documents – Schrotberger v. John Doe, et. al.**

To whom it may concern:

Enclosed please find a copy of the Summons and Complaint filed against you in the Federal District Court for the Eastern District of Pennsylvania and copies of the same translated into German.

As set forth in the Summons, upon receipt of these documents, you are required to file and serve a response to the claims made against you within 21 days either in the form of an answer or a motion under Rule 12 of the Federal Rules of Civil Procedure.

As set forth in the attached Complaint, this is a civil action brought in federal court by Jillian Schrotberger, an employee of SNP Schneider-Neureither & Partner SE and SNP Transformations, Inc. Schrotberger brings claims against SNP Schneider-Neureither & Partner SE, SNP Transformations, Inc., SN Assets Americas, and John Doe, the Administrator of the Estate of Andreas Schneider-Neureither. Schrotberger brings claims for battery, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, gross negligence and recklessness, and conspiracy. Against SNP Schneider-Neureither & Partner specifically, Schrotberger brings the claims of negligence, gross negligence, recklessness, and conspiracy.

The factual basis for these claims arise from the misconduct of Andreas Schneider-Neureither towards Schrotberger beginning in 2017, prior to her employment, and continuing until Schneider-Neureither's death. This misconduct included a campaign of egregious sexual harassment and discrimination as detailed in the attached documents. Accordingly, in relevant part Schrotberger asserts in the Complaint that SNP Schneider-Neureither & Partner SE and all other defendants were negligent, grossly negligent and reckless by failing to adequately train employees regarding sexual abuse, failing to adopt adequate policies for supervision of employees, and failing to provide Schrotberger a safe environment. Schrotberger further alleges in relevant part that SNP Schneider-Neureither & Partner SE and all defendants acted in concert, in a manner that shocks the conscience, to create an environment whereby Schrotberger was injured.

Schrotberger requests relief in excess of one hundred fifty thousand dollars ($150,000.00 USD) plus attorneys' fees, interest, costs, punitive damages, and any other relief the Court deems proper.

March 25, 2021
Page 2



This summary of the attached Summons and Complaint should not be construed as an exhaustive explanation of the claims asserted in the Complaint and the failure to include any specific details does not constitute a waiver of those claims against SNP Schneider-Neureither & Partner SE or any other defendants.

Very truly yours,

Matthew H. Haverstick

MATTHEW H. HAVERSTICK
MHAVERSTICK@KLEINBARD.COM
*Direktwahl 215.496.7225*



**KLEINBARD** LLC

25. März 2021

SNP Schneider-Neureither & Partner SE
Dossenheimer Landstraße 100
69121 Heidelberg, Deutschland

**Betreff:   Zusammenfassung der Dokumente – Schrotberger gegen John Doe, et. al.**

Zur allgemeinen Beachtung:

Anbei finden Sie eine Kopie der Vorladung und Klage, die gegen Sie beim Federal District Court for the Eastern District of Pennsylvania (Bezirksgericht für den östlichen Bezirk von Pennsylvania) eingereicht wurde, sowie Kopien derselben in deutscher Übersetzung.

Wie in der Vorladung dargelegt, sind Sie verpflichtet, nach Erhalt dieser Dokumente innerhalb von 21 Tagen eine Antwort auf die gegen Sie erhoben Ansprüche einzureichen und zuzustellen, entweder in Form einer Antwort oder eines Antrags nach Regel 12 der Federal Rules of Civil Procedure.

Wie in der beigefügten Klageschrift dargelegt, handelt es sich um eine Zivilklage, die von Jillian Schrotberger, einer Mitarbeiterin der SNP Schneider-Neureither & Partner SE und SNP Transformations, Inc. bei einem Bundesgericht eingereicht wurde. Frau Schrotberger erhebt Ansprüche gegen SNP Schneider-Neureither & Partner SE, SNP Transformations, Inc. und SN Assets Americas sowie gegen John Doe, den Verwalter des Nachlasses von Andreas Schneider-Neureither. Frau Schrotberger erhebt Ansprüche wegen Körperverletzung, Tätlichkeit, vorsätzlicher Zufügung von seelischer Grausamkeit, fahrlässiger Zufügung von seelischer Grausamkeit, Fahrlässigkeit, grober Fahrlässigkeit und Rücksichtslosigkeit sowie Verschwörung. Gegen SNP Schneider-Neureither & Partner im Einzelnen erhebt Frau Schrotberger Ansprüche wegen Fahrlässigkeit, grober Fahrlässigkeit, Rücksichtslosigkeit und Verschwörung.

Die sachliche Grundlage für diese Ansprüche ergibt sich aus dem Fehlverhalten von Andreas Schneider-Neureither gegenüber Frau Schrotberger, die im Jahr 2017 vor ihrer Anstellung begann und bis zum Tod von Schneider-Neureither andauerte. Dieses Fehlverhalten beinhaltete eine Kampagne ungeheuerlicher sexueller Belästigung und Diskriminierung, wie in den beigefügten Dokumenten detailliert beschrieben. Dementsprechend versichert Frau Schrotberger in der Klage, dass SNP Schneider-Neureither & Partner SE und alle anderen Beklagten fahrlässig, grob fahrlässig und rücksichtslos gehandelt haben, indem sie es versäumt haben, die Mitarbeiter in Bezug auf sexuellen Missbrauch angemessen zu schulen, angemessene Richtlinien für die Überwachung der Mitarbeiter zu erlassen und Frau Schrotberger ein sicheres Umfeld zu bieten. Frau Schrotberger macht ferner im Wesentlichen geltend, dass SNP Schneider-Neureither & Partner SE und alle Angeklagten in einer das

25. März 2021
Seite 2



Gewissen erschütternden Weise gemeinsam gehandelt haben, um ein Umfeld zu schaffen, durch das Frau Schrotberger geschädigt wurde.

Frau Schrotberger beantragt eine Entschädigung in Höhe von einhundertfünfzigtausend Dollar (150.000,00 USD) zuzüglich Anwaltsgebühren, Zinsen, Kosten, Strafschadenersatz und jede andere Entschädigung, die das Gericht für angemessen hält.

Diese Zusammenfassung der beigefügten Klageschrift ist nicht als erschöpfende Erläuterung der in der Klageschrift geltend gemachten Ansprüche zu verstehen, und das Fehlen bestimmter Einzelheiten stellt keinen Verzicht auf diese Ansprüche gegen SNP Schneider-Neureither & Partner SE oder andere Beklagte dar.

Hochachtungsvoll

Matthew H. Haverstick

{02057281;v1 }

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Eastern District of Pennsylvania

| | |
|---|---|
| JILLIAN SCHROTBERGER | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.   21-364 |
| JOHN DOE AS THE ADMINISTRATOR OF THE | ) |
| ESTATE OF ANDREAS SCHNEIDER- | ) |
| NEUREITHER; SNP TRANSFORMATIONS, INC.; | ) |
| SNP SCHNEIDER-NEUREITHER & PARTNER | ) |
| SE; SN ASSETS AMERICAS LLC | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

> SNP Schneider-Neureither & Partner SE
> Dossenheimer Landstraße 100
> 69121 Heidelberg, Germany

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
MATTHEW H. HAVERSTICK
KLEINBARD LLC
THREE LOGAN SQUARE
1717 ARCH STREET, 5TH FLOOR
PHILADELPHIA, PA 19103

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:     1/27/2021

*s/Brian J. Weissman*
*Signature of Clerk or Deputy Clerk*

**Kate Barkman, Clerk of Court**
**U.S. District Court, Eastern District of PA**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.       21-364

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):* _____
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12) Vorladung in einer Zivilklage

# UNITED STATES DISTRICT COURT (BEZIRKSGERICHT DER VEREINIGTEN STAATEN)

für den
östlichen Bezirk von Pennsylvania

| | |
|---|---|
| JILLIAN SCHROTBERGER <br><br> *Kläger/Klägerin(nen)* <br><br> ./. <br> N. N. ALS VERWALTER DES NACHLASSES VON ANDREAS SCHNEIDER-NEUREITHER; SNP TRANSFORMATIONS, INC.; SNP SCHNEIDER-NEUREITHER & PARTNER SE; SN ASSETS AMERICAS LLC <br><br> *Beklagter/Beklagte* | Zivilklage Nr. 21-364 |

## LADUNG IN EINER ZIVILKLAGE

An: *(Name und Adresse des/der Beklagten)*

SNP Schneider-Neureither & Partner SE
Dossenheimer Landstraße 100
69121 Heidelberg, Germany

Es wurde Klage gegen Sie erhoben.

Innerhalb von 21 Tagen nach Zustellung dieser Ladung an Sie (der Tag des Zugangs nicht mitgezählt) – oder innerhalb von 60 Tagen, wenn Sie die Vereinigten Staaten, eine Behörde der Vereinigten Staaten oder ein Beamter oder Angestellter der Vereinigten Staaten sind, wie in Fed. R. Civ. P. 12 (a)(2) oder (3) beschrieben sind – müssen Sie dem Kläger eine Antwort auf die beigefügte Klage oder einen Antrag gemäß Rule 12 der Federal Rules of Civil Procedure (US-Zivilprozessordnung) zustellen. Die Antwort oder der Antrag muss dem Kläger oder dem Anwalt des Klägers zugestellt werden, dessen Name und Adresse lauten:
MATTHEW H. HAVERSTICK
KLEINBARD LLC
THREE LOGAN SQUARE
1717 ARCH STREET, 5TH FLOOR
PHILADELPHIA, PA 19103

Wenn Sie nicht antworten, wird ein Versäumnisurteil gegen Sie für das in der Klage geforderte Rechtsbegehren eingetragen. Sie müssen Ihre Antwort oder Ihren Antrag auch bei Gericht einreichen.

*LEITER DER GERICHTSKANZLEI*

Datum:   27.01.2021 _____                     _____
                                                                      Unterschrift (Brian J. Weissman)
                                                          *Unterschrift des Leiters der Gerichtskanzlei oder seines Stellvertreters*

[Unterschrift]
**[STEMPEL]: BEZIRKSGERICHT DER VEREINIGTEN STAATEN FÜR DEN ÖSTLICHEN BEZIRK VON PENNSYLVANIA**
**Kate Barkman, Leiterin der Gerichtskanzlei**
**US-Bezirksgericht, Östlicher Bezirk von PA**

AO 440 (Rev. 06/12) Vorladung in einer Zivilklage (Seite 2)

Zivilklage Nr.      21-364

### NACHWEIS DER ZUSTELLUNG
*(Dieser Abschnitt sollte nicht bei Gericht eingereicht werden, sofern dies nicht gemäß Fed. R. Civ. P. 4 (l) erforderlich ist)*

Diese      Ladung      für      *(Name      der      Person      und      Titel,      falls      vorhanden)*
_____      wurde      am      *(Datum)*
_____ von mir entgegengenommen.

❑   Ich   habe   die   Ladung   der   Person   persönlich   in   *(Ort)* _____
_____am *(Datum)* _____ zugestellt; oder

❑ Ich habe die Ladung am Wohnsitz oder gewöhnlichen Aufenthaltsort der Person bei *(Name)*
_____, _____, einer dort wohnenden Person geeigneten Alters und
Verstands, am *(Datum)* _____ hinterlegt und eine Kopie an die letzte bekannte
Adresse der Person gesandt; oder

❑ Ich habe die Ladung an *(Name der Person)* _____ zugestellt, die
gesetzlich ernannt wurde, Zustellungen im Namen von *(Name des Unternehmens)* _____
_____ entgegenzunehmen,   und   zwar   am   *(Datum)*
_____ ; oder

❑      Ich      habe      die      Vorladung      ununterzeichnet      zurückgeschickt,      weil
_____ ; oder

❑ Sonstiges *(bitte angeben):*

Meine Gebühr beträgt _____ USD für Fahrtkosten und _____ USD für die Zustellung, d. h.
insgesamt _____ USD.

Ich erkläre im Wissen um die Strafbarkeit von Falschaussagen, dass diese Informationen wahr sind.

Datum _____

_____
*Unterschrift des Zustellers*

_____
*Name und Titel in Druckbuchstaben*

_____
*Anschrift des Zustellers*

Zusätzliche Informationen zum Zustellungsversuch usw.

JS 44 (Rev. 10/20)
Case 2:21-cv-00364 Document 1 Filed 01/27/21 Page 1 of 2
Case 2:21-cv-00364-JMY Document 24 Filed 08/10/21 Page 20 of 66

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jillian Schrotberger

### DEFENDANTS
John Doe, as the Administrator of the Estate of Andreas Schneider-Neureither; SNP Transformations, Inc.; SNP Schneider-Neureither & Partner SE; SN Assets Americas LLC

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kleinbard LLC, Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103

Attorneys *(If Known)* McGuire Woods LLP
2000 McKinney Ave #1400
Dallas, TX 75201

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Tort claims

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ > 150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
1/27/2021

SIGNATURE OF ATTORNEY OF RECORD
/s/ Matthew H. Haverstick

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 301 Village Drive #326, King of Prussia, PA

Address of Defendant: 125 Fox Glen Circle, Irving, TX 75062

Place of Accident, Incident or Transaction: Pennsylvania, Texas, Florida

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/27/2021     /s/ Matthew H. Haverstick     85072
_____     _____     _____
                    Must sign here
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**  *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* Tort Claims
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Matthew H. Haverstick , counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: 1/27/2021     /s/ Matthew H. Haverstick     85072
_____     _____     _____
                    Sign here if applicable
                    *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER, | : |
| Plaintiff, | : |
| v. | : |
| JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER, | : CIVIL ACTION NO. |
| and | : |
| SNP TRANSFORMATION, INC., | : |
| and | : |
| SNP SCHNEIDER-NEUREITHER & PARTNER SE, | : |
| and | : |
| SN ASSETS AMERICAS LLC, | : |
| Defendants. | : |

## CIVIL ACTION

Plaintiff, Jillian Schrotberger, by and through her attorneys, Kleinbard LLC, hereby files this complaint against Defendants and avers as follows:

## Jurisdiction and Venue

1.  The United States District Court for the Eastern District of Pennsylvania has jurisdiction over this action pursuant to diversity of citizenship and amount in controversy, 28 U.S.C. § 1332.

{02017490 }

2.  Defendants are subject to personal jurisdiction in this District as they regularly conduct business in Pennsylvania, have offices in Pennsylvania, and/or employ Plaintiff in Pennsylvania.

3.  Venue lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 in that certain events giving rise to the claim occurred in the Eastern District of Pennsylvania.

### The Parties

4.  Plaintiff, Jillian Schrotberger ("Schrotberger") is an adult individual with a residence at 301 Village Drive #326, King of Prussia, Pennsylvania.

5.  Defendant, John Doe, is the Administrator of the Estate of Andreas Schneider-Neureither.  Decedent Andreas Schneider-Neureither ("Schneider-Neureither"), an adult individual, maintained a personal residence in the United States at 125 Fox Glen Circle, Irving, TX 75062. Schneider-Neureither's widow and children reside in Germany.

6.  Defendant, SNP Transformation, Inc. ("SNP"), is a Virginia corporation, with a Pennsylvania business address at 1205 Westlakes Drive, Suite 240, Berwyn, PA 19312.

7.  SNP Schneider-Neureither & Partner SE ("SNP SE"), is a foreign company, with a business address at Dossenheimer Landstraße 100, 69121 Heidelberg, Germany. SNP SE does business in the United States through Defendant SNP.

8.  Defendant, SN Assets Americas LLC ("SN Assets"), is a Texas company, with a business address at 125 Fox Glen Circle, Irving, TX 75062.  SN Assets also owns the business/residential property located at this address (the property shall herein be referred to the "Bluefield House").

{02017490 }

2

## Facts

9.  Plaintiff incorporates by reference the prior paragraphs of this Complaint, as though fully set forth at length.

10. Schrotberger was hired as a consultant to Defendants SNP and SNP SE on January 1, 2018 by Defendant Schneider-Neureither.  By March 2018, she was hired as a full-time employee with the job title of Chief Executive Assistant to Schneider-Neureither.

11. Schneider-Neureither is the CEO and Chairman of the Boards of SNP and SNP SE. (SNP SE and SNP shall herein be collectively referred to as the "SNP Entities").  He further is the largest single shareholder of SNP SE.  Schneider-Neureither also is a principal of SN Assets. Schrotberger reported to Schneider-Neureither in his dual capacities at the SNP Entities, as well as his capacity as a principal of SN Assets.

12. In May 2018, Schrotberger was promoted to the position of Senior Advisor to Schneider-Neureither.  Schrotberger was paid directly by SNP Transformation, Inc. as an employee.  Until her demotion in late 2020, however, SNP, "charged back" her salary to the German parent company, SNP SE.

13. Upon information and belief, SN Assets also contributed to Schrotberger's compensation paid by the SNP Entities.

14. As part of her compensation package, SN Assets paid the monthly rent for Schrotberger's personal residence in Berwyn, Pennsylvania in 2018.

15. SN Assets further reimbursed Schrotberger for a business expense incurred by an SNP SE employee, Tristan Neureither, while he performed work on behalf of the SNP Entities in

{02017490 }

3

Pennsylvania. Specifically, Schrotberger personally paid for business lodging for Neureither, which SN Assets reimbursed to Schrotberger, and which Schneider-Neureither later submitted as a personal business expense to SNP SE.

16. As Senior Advisor to the CEO and Chairman, Schrotberger advised Schneider-Neureither on all matters related to corporate strategy and daily business objectives of the SNP Entities and SN Assets. Her salary was $110,000 annually, and included a compensation package with annual bonuses, full company benefits, and participation in SNP SE's Stock Options Plan 2020.

17. By way of background, Schrotberger was first introduced to Schneider-Neureither in November 2017 by former SNP employees Regina Fox and David Kennison, who was the then-head of Sales at SNP, during an SNP business meeting in Las Vegas. At a company dinner held by the SNP Entities, Schneider-Neureither became increasingly intoxicated, repeatedly groped Schrotberger and made inappropriate remarks in front of employees and clients of the SNP Entities. Later that night, Schrotberger accompanied Fox to two SNP after-parties in Las Vegas, including one in Schneider-Neureither's suite. There, Schneider-Neureither, Fox and Kennison consumed large amounts of alcohol and used cocaine, and pressured Schrotberger to do so as well.

18. What followed would be the first in a long series of sexual assaults, harassment and coerced sex acts by Schneider-Neureither, all with common elements: Schneider-Neureither, heavily intoxicated from drugs and alcohol, would coerce Schrotberger into a hotel room, and with a combination of promises, threats and even violence, would engage in unwanted sexual intercourse with Schrotberger.

{02017490 }

19. After Schrotberger's hire, and following an SNP business trip to Germany in late

January 2018, Schneider-Neureither stated to Schrotberger that he wanted to engage in a sexual

relationship with Schrotberger. Schrotberger responded to Schneider-Neureither that she did not

want to have a sexual relationship with him, and explained to him that she valued her new job

and wanted to proceed solely in a professional and mentor relationship. Instead of honoring

Schrotberger's wishes, Schneider-Neureither began a campaign of egregious abuse, harassment

and discrimination against Schrotberger.[1]

20. Schneider-Neureither believed that part of Schrotberger's job duties involved being

on-demand for sexual favors during their business trips. On such trips, Schneider-Neureither

followed a familiar pattern: Schneider-Neureither would get drunk and/or high, gain access to

Schrotberger's hotel room, and then cajole or coerce Schrotberger into unwanted sex.

21. Sometimes, however, Schneider-Neureither employed not coercion but violence.

22. Most recently, in February 2020, Schneider-Neureither raped Schrotberger. This

sexual assault occurred at the Bluefield House, which is owned by SN Assets and functions as

Schneider-Neureither's personal residence in the United States as well as office space for the

SNP Entities. Indeed, at all relevant times, Schrotberger was at the Bluefield House as an

invitee, conducting business of the SNP Entities. There, Schneider-Neureither, while drunk and

high on illegally-obtained Adderall (which is illegal in Germany and therefore unavailable to

---

[1]   Plaintiff has filed a preliminary administrative complaint with the U.S. Equal Employment Opportunity
Commission, to be dual filed with the Pennsylvania Human Relations Commission, asserting her rights under
federal and state employment discrimination laws. Schrotberger filed these prior to Schneider-Neureither's death.
Upon exhaustion of her administrative remedies, Plaintiff intends to amend this complaint to include these
employment claims against Schneider-Neureither and the SNP Entities.

{02017490 }

Schneider-Neureither in the United States unless he obtained the drug here illegally as well), got on top of Schrotberger and forced himself inside her as she tried to stop him.

23. On three (3) other occasions, Schneider-Neureither also violently forced Schrotberger to engage in unwanted and unwelcome sex acts.

24. At no time did Schrotberger consent to Schneider-Neureither's sex acts and conduct. Schneider-Neureither blamed his alcohol and/or drug use for his actions and begged for Schrotberger's forgiveness, promising it would not occur again.

25. Further, Schneider-Neureither repeatedly touched and groped Schrotberger throughout her body and against her will at the Bluefield House as well as at company-sponsored events. This conduct was witnessed by several employees of the SNP Entities as well as third parties.

26. The SNP Entities fostered a "party" atmosphere, allowing and encouraging heavy drinking and illegal drug use by their employees and management, which in turn has led to sexual assaults and abuse.

27. For example, Schrotberger suffered abuse and feared for her safety at the Bluefield House, at SNP Entities-sponsored events and in the SNP Entities' premises, including but not limited to, these incidents:

     a.       During an alcohol and drug-fueled rage on a business trip, Schneider-Neureither struck Schrotberger in the face with a closed fist;

     b.     At the 2019 SAPPHIRE conference, Schneider-Neureither obtained a key to Schrotberger's hotel room from hotel staff, to which she did not consent or agree. Drunk and high, Schneider-Neureither entered her room in the middle of the night while Schrotberger was asleep. Schneider-Neureither demanded sex, which Schrotberger repeatedly refused;

     c.     Schneider-Neureither and Benedikt Biesinger, the son of SNP SE board member Karl Biesinger have each come to Schrotberger's hotel door at company conferences, knocking heavily and demanding that she let them in to perform sexual acts. On each occasion, Schrotberger refused to let them in and instead, cowered in fear in her hotel room; and

     d.     Schneider-Neureither forced Schrotberger to travel by car with him and his son (and SNP SE employee), Tristan Neureither, from Dallas to Pennsylvania. During the drive, both father and son used cocaine and alcohol. At the first extended stop in Memphis, TN, Schneider-Neureither demanded that Schrotberger stay in his hotel room, which she refused. Fearing for her safety, Schrotberger went to airport in the middle of the night to get a flight home to Pennsylvania in the morning.

28. Schneider-Neureither also menaced Schrotberger by telling her that he had firearms at the Bluefield House, which he had obtained illegally. Schrotberger was frightened and threatened by this disclosure, notably because Schneider-Neureither also told he that he was capable of killing others, and that he even had a prepared script in the event he was questioned by police after shooting and killing someone.

29. Schneider-Neureither's abuse and harassment also included, but is not limited to:

a.　repeatedly demanding that Schrotberger have sexual relations with him, including during conferences and business trips sponsored by the SNP Entities;

b.　repeatedly and openly groping Schrotberger, including in front of employees and clients of the SNP Entities as well as third parties;

c.　repeatedly attempting to kiss and embrace Schrotberger, including in front of employees and clients of the SNP Entities as well as third parties;

d.　requesting that Schrotberger give Schneider-Neureither massages, sending Schrotberger unwanted "romantic" emails and handwritten "love" notes;

e.　stating, in writing and verbally, that he loves Schrotberger and would leave his wife to marry Schrotberger;

f.　making repeated and unwanted marriage proposals to Schrotberger and stating that he wanted Schrotberger to live at the Bluefield House, which is Schneider-Neureither's residence near Dallas, Texas and which Schneider-Neureither also leases, in part, to the SNP Entities for offices;

g.　discussing Schrotberger's body and features, and private medical diagnoses, with employees of the SNP Entities and third parties;

h.　misrepresenting to employees of the SNP Entities and others that he was in a consensual sexual relationship with Schrotberger;

i.　openly and repeatedly discussing sex with Schrotberger, including the fact that his wife did not want to have sex with him;

      j.      undressing in front of Schrotberger and exposing himself to her on several occasions

      k.      forcing Schrotberger's unwilling participation in Schneider-Neureither's criminal and wrongful conduct, including (but not limited to) his fraud in relation to the payment, construction and permitting of the Bluefield House, his counseling of Schrotberger to lie in court proceedings about Schneider-Neureither's sexual misconduct (with Schrotberger), his participation in the SNP Entities' misstatement to German regulatory authorities of material facts about the health and conduct of the SNP Entities' CEO and Chairman, and his obtaining of illegal drugs.

30. The SNP Entities and SN Assets have known about Schneider-Neureither egregious acts and conduct as well as that of Benedikt Biesinger and Tristan Neureither, and did nothing to address it and/or protect Schrotberger or any other employee.

31. Indeed, despite a complaint by Schrotberger's colleague, Gabrielle Gaeto, against Schneider-Neureither; the hiring of a law firm to do human resources compliance work due to complaints about Schneider-Neureither's flagrant misconduct; Schneider-Neureither's frequent public admissions and demonstrations of inappropriate sexual behavior towards Schrotberger; Schrotberger's disclosure to a lawyer representing the SNP Entities that Schneider-Neureither had forced Schrotberger to have sex; SNP General Counsel Jane He's recognition that Schneider-Neureither engaged in abusive and harassing conduct that the SNP's human resources department had ignored; and a federal complaint filed by Regina Fox, which specifically alleged a sexual relationship between Schneider-Neureither and Schrotberger; the SNP Entities did not

{02017490 }

interview Schrotberger, investigate Schneider-Neureither's or other employees' actions, or take

any remedial actions until Schrotberger finally notified them that she was filing a claim.

32. The SNP Entities were also aware that Schneider-Neureither:

a. repeatedly used the shocking and deplorable racial slur "nigger", including when speaking about African American employees of the SNP Entities and while speaking at SNP Entities' meetings and conferences with third parties;

b. repeatedly made derogatory comments about Jewish, Indian and Turkish people, including Jewish, Indian and Turkish employees and clients of the SNP Entities;

c. repeatedly made comments about the physical appearance/characteristics of other women employed by the SNP Entities, including women who have similarly complained about Schneider-Neureither's conduct; and

d. publicly stated at the 2019 SNP Transformation World conference that women were not in "leadership positions" at the SNP Entities because "they're not good enough."

33. Schrotberger feared losing her job if she complained about Schneider-Neureither's conduct and she knew - based on past experience - that the Human Resources department would not advocate on her behalf, but rather would rally around Schneider-Neureither and against her.

34. Schrotberger also knew that Schneider-Neureither had forced other employees to sign false statements in support of his actions, by threatening their continued employment with the

SNP Entities. Upon information and belief, these employees are now willing to recant their statements and describe the circumstances under which they were forced to make them.

35. While Schrotberger was aware that SNP's own in-house Counsel, Jane He, had alerted SNP SE executives about the ineffectiveness of the Human Resources department, how the problems prevented "[c]andid disclosure to HR", and that improvements were necessary to promote "a safe working environment", she nevertheless finally raised her complaints about Schneider-Neureither's egregious conduct in early July 2020, when she confided in the then-SNP CEO, Derek Oats.

36. Once Schrotberger formally complained about Schneider-Neureither's acts and conduct, however, as feared by Schrotberger, the SNP Entities retaliated against her, denying her a promised promotion and then demoting her to a lesser position at SNP in October 2020.

37. Schneider-Neureither died under suspect circumstances on November 2, 2020 in Heidelberg, Germany. Employees (and former employees) previously threatened by Schneider-Neureither, and who observed the acts alleged herein, are now willing to speak truthfully about his flagrant wrongful conduct toward Schrotberger and other SNP Entities' employees.

**COUNT I**
**Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither**
**Battery**

38. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

39. Schneider-Neureither's offensive and harmful contact with Schrotberger as set forth herein at length constituted a battery upon her.

{02017490 }

11

40. The aforesaid conduct by Schneider-Neureither was committed willfully, knowingly, maliciously, intentionally, wantonly, recklessly, and/or negligently.

41. As the direct and proximate result of Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger has suffered serious and debilitating injuries, mental anguish, humiliation, embarrassment, physical and emotional upset, including, but not limited to, post-traumatic stress disorder, depression, sleeplessness, isolation, flashbacks, anxiety, eating disorder, low self-esteem and confidence, and suicidal tendencies, the full extent of which injuries are not yet known, and some or all of which may be permanent in nature.

42. As the direct and proximate result of the Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger suffered and will in the future continue to suffer serious pain, mental anguish, emotional upset, and the loss of enjoyment of life's pleasures.

43. As the direct and proximate result of Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger has sustained a loss of earnings and earning capacity.

44. As the direct and proximate result of the Schneider-Neureither's acts as described in the foregoing paragraphs of this Complaint, Schrotberger has in the past and will in the future continue to be compelled to expend large sums of money for psychological treatment and therapy.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, the Estate of Andreas Schneider-Neureither, in an

amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus reasonable

attorneys' fees, interest, costs, punitive damages, and such other relief as the Court deems just

and proper.

## COUNT II
### Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither
### Assault

45. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint

as though fully set forth at length.

46. Schneider-Neureither's harmful or offensive contact with Schrotberger as set forth

herein at length, placed her in imminent apprehension of such contact, and constituted an assault

upon her.

47. The aforesaid conduct by Schneider-Neureither was committed willfully, knowingly,

maliciously, intentionally, wantonly, recklessly, and/or negligently.

48. As the direct and proximate result of Schneider-Neureither's acts described in the

foregoing paragraphs of this Complaint, Schrotberger has suffered serious and debilitating

injuries, mental anguish, humiliation, embarrassment, physical and emotional upset, including,

but not limited to, post-traumatic stress disorder, depression, sleeplessness, isolation, flashbacks,

anxiety, eating disorder, low self-esteem and confidence, and suicidal tendencies, the full extent

of which injuries are not yet known and some or all of which may be permanent in nature.

49. As the direct and proximate result of Schneider-Neureither's acts described in the

foregoing paragraphs of this Complaint, Schrotberger suffered and will in the future continue to

{02017490 }

13

suffer serious pain, mental anguish, emotional upset, and the loss of enjoyment of life's pleasures.

50. As the direct and proximate result of Schneider-Neureither's acts described in the foregoing paragraphs of this Complaint, Schrotberger has sustained a loss of earnings and earning capacity.

51. As the direct and proximate result of Schneider-Neureither's acts described in the foregoing paragraphs of this Complaint, Schrotberger has in the past and will in the future continue to be compelled to expend large sums of money for psychological treatment and therapy.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, the Estate of Andreas Schneider-Neureither, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

## COUNT III
### Jillian Schrotberger v. the Estate of Andreas Schneider-Neureither
### Intentional and Negligent Infliction of Emotional Distress

52. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

53. Schneider-Neureither's conduct, as set forth in the foregoing paragraphs of this Complaint, was so outrageous in character and so extreme in degree as to fall outside the bounds of decency, and is to be regarded as intolerable in the community.

{02017490 }

14

54. At all times relevant hereto, Schneider-Neureither knew with substantial certainty, or should have known that severe emotional distress would be produced by his conduct.

55. By engaging in the acts set forth in the foregoing paragraphs of this Complaint, Schneider-Neureither engaged in extreme and outrageous conduct and intentionally inflicted severe emotional distress upon Schrotberger.

56. By engaging in the acts set forth in the foregoing paragraphs of this Complaint, Schneider-Neureither exploited and abused his friendship, and his business and mentor relationship with Schrotberger, violated her trust, and caused her great distress.

57. As a direct and proximate result of the acts of Schneider-Neureither as set forth in the foregoing paragraphs of this Complaint, Schrotberger has in the past been required, and may in the future required, medicine, medical, psychological and other treatment in order to cure herself of the injuries she has sustained; has in the past been obliged, and may in the future be obliged, to expend various sums of money for such medical care and treatment.

58. As further direct and proximate result of the acts of the Schneider-Neureither as set forth in the foregoing paragraphs of this Complaint, Schrotberger has been caused to suffer and continues to suffer severe emotional distress, humiliation, embarrassment and financial loss.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, the Estate of Andreas Schneider-Neureither, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

{02017490 }

15

**COUNT IV**
**Jillian Schrotberger v. The SNP Entities and SN Assets Americas LLC**
**Negligence, Gross Negligence and Recklessness**

59. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

60. At all times relevant, the SNP Entities and SN Assets had a duty of care to protect Schrotberger.

61. The SNP Entities and SN Assets violated their duties of care, and were negligent, grossly negligent, and/or reckless as follows:

a.   by failing to properly screen, interview, hire, and train employees/volunteers/contractors/agents;

b.   by failing to adopt, implement, and/or enforce adequate policies and procedures related to the supervision of employees/volunteers/contractors/agents;

c.   by failing to adequately train employees/volunteers/contractors/agents regarding sexual abuse;

d.   by retaining and continuing to do business with Schneider-Neureither after they became aware of his abusive conduct;

e.   by failing to provide a safe environment for Schrotberger to conduct business of the SNP Entities and SN Assets; and/or

f.   by failing to protect Schrotberger from the abuse and harm caused to her on their premises.

{02017490 }

16

62. As a direct and proximate cause of the SNP Entities' and SN Assets' actions and omissions, and breach of the duties of reasonable care, Schrotberger was abused, including sexually and mentally, resulting in damages as set forth above.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter judgment in her favor and against SNP Transformation, Inc., SNP Schneider-Neureither & Partner SE, and SN Assets Americas LLC, jointly and severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00) plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this Court deems just and proper.

**COUNT V**
**Jillian Schrotberger v. All Defendants**
**Conspiracy**

63. Schrotberger hereby incorporates by reference the prior paragraphs of this Complaint as though fully set forth at length.

64. The SNP Entities, SN Assets, and Schneider-Neureither have acted in concert to commit tortious acts against Schrotberger.

65. The SNP Entities, SN Assets, and Schneider-Neureither have acted in concert to create an environment whereby Schrotberger was raped, physically and emotionally harmed, and forced to commit criminal acts.

66. The SNP Entities, SN Assets, and Schneider-Neureither have acted without legal justification and with the intent to injure Schrotberger.

67. The action of each of the SNP Entities, SN Assets, and Schneider-Neureither violates the law and shocks the conscience.

68. Schrotberger has sustained damages as a direct and proximate cause of the SNP

Entities', SN Assets' and Schneider-Neureither's concerted actions.

**WHEREFORE**, Schrotberger respectfully requests that this Honorable Court enter

judgment in her favor and against SNP Transformation, Inc., SNP Schneider-Neureither &

Partner SE, SN Assets Americas LLC, and the Estate of Andreas Schneider-Neureither, jointly

and severally, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00)

plus attorneys' fees, interest, costs, punitive damages, and such other additional relief as this

Court deems just and proper.

**KLEINBARD LLC**

/s/ Matthew H. Haverstick
Matthew H. Haverstick (No. 85072)
Lorena E. Ahumada (No. 91630)
Samantha G. Zimmer* (No. 325650)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Counsel for Plaintiff, Jillian Schrotberger*

*\*Application for general admission pending*

Dated:  January 27, 2021

{02017490 }                                    18

JS 44 (REV. 10/20)

# DECKBLATT FÜR ZIVILKLAGEN

Das Deckblatt für Zivilklagen JS 44 und die hierin enthaltenen Informationen ersetzen oder ergänzen nicht die gesetzlich vorgeschriebene Einreichung und Zustellung von Schriftsätzen oder anderen Schriftstücken, es sei denn, dies in den örtlichen Gerichtsvorschriften vorgesehen ist. Dieses Formular, das im September 1974 durch die Judicial Conference der Vereinigten Staaten genehmigt wurde, wird vom Leiter der Gerichtskanzlei für die Aufnahme in die Liste der Zivilrechtsprozesse benötigt. *(SIEHE ANWEISUNGEN AUF DER NÄCHSTEN SEITE DIESES FORMULARS.)*

## I. (a) KLÄGER
Jillian Schrotberger

**BEKLAGTE**
N. N., als Verwalter des Nachlasses von Andreas Schneider-Neuriether [sic]; SNP Transformations, Inc.; SNP Schneider-Neuriether & Partner SE; SN Assets Americas LLC

**(b)** **Bezirk** des Wohnsitzes des erstgenannten Klägers Montgomery

Bezirk des Wohnsitzes des erstgenannten Beklagten _____

*(AUSSER IN FÄLLEN, IN DENEN DIE USA KLÄGER SIND)*

*(NUR IN FÄLLEN, IN DENEN DIE USA KLÄGER SIND)*
HINWEIS: IN FÄLLEN, IN DENEN ES UM LANDENTEIGNUNG GEHT, IST DER ORT DES BETROFFENEN GRUNDSTÜCKS ANZUGEBEN.

**(c)** Anwälte *(Name, Anschrift und Telefonnummer der Kanzlei)*
Kleinbard LLC, Three Logan Square
1717 Arch Street, 5th Floor
Philadelphia, PA 19103

Anwälte *(falls bekannt)*
McGuire Woods LLP
2000 McKinney Ave #1400
Dallas, TX 75201

## II. GRUNDLAGE FÜR DIE ZUSTÄNDIGKEIT *(nur ein Kästchen ankreuzen)*

- ☐ 1 US-Regierung als Klägerin
- ☐ 2 US-Regierung als Beklagte
- ☐ 3 Verfassungs-/bundesrechtliche Frage *(US-Regierung ist keine Partei)*
- ☒ 4 Diversity Jurisdiction *(Staatsangehörigkeit der Parteien in Punkt III angeben)*

## III. STAATSBÜRGERSCHAFT DER HAUPTPARTEIEN
*(nur falls Staatsbürgerschaft bzw. Gründungsort/Wohnsitz unterschiedlich sind)*

*(jeweils ein Kästchen für den Kläger und den Beklagten ankreuzen)*

| | KLÄ | BEK | | KLÄ | BEK |
|---|---|---|---|---|---|
| Bürger dieses Bundesstaates | ☐ 1 | ☐ 1 | Gegründet *oder* Hauptgeschäftssitz in diesem Bundesstaat | ☐ 4 | ☐ 4 |
| Bürger eines anderen Bundesstaates | ☐ 2 | ☐ 2 | Gegründet *oder* Hauptgeschäftssitz in einem anderen Bundesstaat | ☐ 5 | ☐ 5 |
| Bürger oder Staatsangehöriger eines ausländischen Staates | ☐ 3 | ☒ 3 | Ausländischer Staat | ☐ 6 | ☐ 6 |

## IV. ART DER KLAGE *(nur ein Kästchen ankreuzen)*
Hier klicken für: Code-Beschreibungen für Art der Klage

| VERTRAG | DELIKTE | | VERWIRKUNG/STRAFE | INSOLVENZ | ANDERE GESETZE |
|---|---|---|---|---|---|
| ☐110 Versicherung | **PERSONENSCHADEN** | **PERSONENSCHADEN** | ☐625 Drogenbezogene Beschlagnahme von Eigentum 21 USC 881 | ☐422 Berufung 28 USC 158 | ☐375 False Claims Act (Betrügerische Zahlungsanforderungen) |
| ☐120 Schifffahrt | ☐310 Flugzeug | ☐365 Personenschäden – Produkthaftung | ☐690 Sonstiges | ☐423 Rücktritt 28 USC 157 | ☐376 Qui Tam (Whistleblower) (31 USC 3729(a)) |
| ☐130 Müller Act (Staatsaufträge) | ☐315 Produkthaftung für Flugzeuge | | | **EIGENTUMSRECHTE** | ☐400 Staatliche Neuaufteilung |
| ☐140 Handelbare Instrumente | | ☐367 Gesundheitswesen/Pharma Personenschäden Produkthaftung | | ☐820 Urheberrechte | ☐410 Kartellrecht |
| ☐150 Rückforderung von Überzahlungen und Vollstreckung von Urteilen | ☐320 Körperverletzung, Verleumdung und üble Nachrede | | | ☐830 Patent | ☐430 Banken und Bankwesen |
| ☐151 Medicare Act (Krankenversicherungsgesetz) | ☐330 Berufshaftpflicht eines staatlichen Arbeitgebers | | | ☐835 Patent – verkürztes Zulassungsverfahren | ☐450 Handel |
| ☐152 Einziehung von säumigen Studentenkrediten (ausgenommenen Veteranen) | ☐340 Schifffahrt | ☐368 Asbest Personenschäden Produkthaftung | | ☐840 Marken | ☐460 Abschiebung |
| | ☐345 Schifffahrt Produkthaftung | | | | ☐470 Erpresserische Beeinflussung und korrupte Organisationen |
| ☐153 Rückforderung von überzahlten Veteranenleistungen | | **PERSÖNLICHES EIGENTUM** | **ARBEIT** | **SOZIALVERSICHERUNG** | ☐480 Verbraucherkredit |
| ☐160 Aktionärsklagen | ☐350 Kraftfahrzeug | ☐370 Sonstiger Betrug | ☐710 Gesetz über faire Arbeitsstandards | ☐861 HIA (1395II) | ☐490 Kabel/Sat. Fernsehen |
| | ☐355 Kraftfahrzeug Produkthaftung | ☐371 Truth in Lending (Kreditvergabe) | | ☐862 Schwarze Lunge (92S) | ☐850 Wertpapiere/Rohstoffe/Börse |
| ☐190 Sonstiger Vertrag | | ☐380 Sonstige persönliche Sachschäden | ☐720 Arbeits-/Managementbeziehungen | ☐863 DIWC/DIWW (405(g)) | |
| ☐195 Vertrag Produkthaftung | ☐360 Sonstiger Personenschaden | | ☐740 Eisenbahnarbeitsgesetz | ☐864 SSID Title XVI | ☐890 Andere gesetzliche Klagen |
| ☐196 Franchise | | ☐385 Sachbeschädigung Produkthaftung | ☐751 Familien- und Krankenurlaubsgesetz | ☐865 RSI (405(g)) | ☐891 Landwirtschaftsgesetze |
| | ☐362 Personenschaden – Ärztliche Kunstfehler | | | | ☐893 Umweltangelegenheiten |
| | | | ☐790 Sonstige Arbeitsrechtsstreitigkeiten | | ☐895 Informationsfreiheitsgesetz |
| **GRUNDSTÜCKE** | **BÜRGERRECHTE** | **HÄFTLINGSPETITIONEN** | ☐791 Gesetz über die Sicherheit des Ruhestandseinkommens von Arbeitnehmern | **BUNDESSTEUERKLAGEN** | |
| ☐210 Enteignung von Grundstücken | ☐440 Sonstige Bürgerrechte | **Habeas Corpus:** | | ☐870 Steuern (US-Kläger oder -Beklagter) | ☐896 Schiedsgerichtsbarkeit |
| ☐220 Zwangsvollstreckung | ☐441 Wahlen/Abstimmungen | ☐463 Ausländische Häftlinge | | ☐871 IRS – Dritte 26 USC 7609 | ☐899 Verwaltungsverfahrensgesetz/ Überprüfung oder Berufung einer Behördenentscheidung |
| ☐230 Mietvertrag und Zwangsräumung | ☐442 Beschäftigung | ☐510 Anträge auf Aufhebung einer Strafe | | | |
| ☐240 Landdelikte | ☐443 Wohnen/Unterkünfte | ☐530 Allgemein | **EINWANDERUNG** | | ☐950 Verfassungsmäßigkeit von Bundesstaatsgesetzen |
| ☐245 Delikt Produkthaftung | | ☐535 Todesstrafe | ☐462 Einbürgerungsantrag | | |
| ☐290 Alle sonstigen Immobilien | ☐445 Behinderte – Beschäftigung | **Andere:** | ☐465 Andere Einwanderungsklagen | | |
| | ☐446 Behinderte – Sonstiges | ☐540 Mandamus und Sonstiges | | | |
| | | ☐550 Bürgerrechte | | | |
| | ☐448 Bildung | ☐555 Gefängniszustand | | | |
| | | ☐560 Zivilinhaftierte – Haftbedingungen | | | |

## V. URSPRUNG *(nur ein Kästchen ankreuzen)*

- ☒1 Ursprüngliches Verfahren
- ☐2 Vom Bundesstaatsgericht übernommen
- ☐3 Vom Berufungsgericht zurückverwiesen
- ☐4 Wiedereingesetzt oder wiederaufgenommen
- ☐5 Von einem anderen Bezirk überwiesen *(bitte angeben)*
- ☐6 Bezirksübergreifender Rechtsstreit – Übertragung
- ☐8 Bezirksübergreifender Rechtsstreit – Direkte Einreichung

## VI. KLAGEGRUND
Geben Sie das US-Zivilgesetz an, nach dem Sie Klage einreichen *(zitieren Sie keine Zuständigkeitsgesetze, sofern es sich nicht um Diversity Jurisdiction handelt)*:
28 U.S.C. 1332

Kurze Beschreibung des Klagegrunds:
Deliktklagen

## VII. IN DER KLAGE GEFORDERT:
ANKREUZEN IM FALLE EINER SAMMELKLAGE NACH RULE 2S, F.R.Cv.P.

FORDERUNG > 150.000 USD

JA NUR ANKREUZEN, wenn in der Klage gefordert:
JURY-FORDERUNG: ☐ Ja ☐ Nein

## VIII. ETWAIGE VERBUNDENE FÄLLE
*(siehe Anweisungen)*: RICHTER Siehe Addendum

PROZESSLISTE _____

DATUM 27.01.2021

UNTERSCHRIFT DES PROZESSBEVOLLMÄCHTIGTEN
[Unterschrift] Matthew H. Haverstick

**NUR VOM SACHBEARBEITER AUSZUFÜLLEN**
QUITTUNG NR. _____ BETRAG _____ ARMENRECHTSKLAGE _____ RICHTER _____ MAG.- RICHTER _____

## ANWEISUNGEN FÜR ANWÄLTE ZUM AUSFÜLLEN DES DECKBLATTES FÜR ZIVILKLAGEN JS 44

### Berechtigung für das Deckblatt für Zivilklagen

Das Deckblatt für Zivilklagen JS 44 und die hierin enthaltenen Informationen ersetzen oder ergänzen nicht die gesetzlich vorgeschriebenen Einreichungen und Zustellung von Schriftsätzen oder anderen Schriftstücken, es sei denn, dass dies in den örtlichen Gerichtsvorschriften vorgesehen ist. Dieses Formular, das im September 1974 durch die Judicial Conference der Vereinigten Staaten genehmigt wurde, wird vom Leiter der Gerichtskanzlei für die Aufnahme in die Liste der Zivilrechtsprozesse benötigt. Folglich wird für jede eingereichte Zivilklage ein Deckblatt für Zivilklagen beim Leiter der Gerichtskanzlei eingereicht. Der Anwalt, der einen Fall einreicht, muss das Formular wie folgt ausfüllen:

**1(a)**    **Kläger – Beklagte.** Geben Sie die Namen (Nachname, Vorname, erster Buchstabe des zweiten Vornamens) des Klägers und des Beklagten ein. Wenn der Kläger oder Beklagte eine Behörde ist, verwenden Sie nur den vollständigen Namen oder Standardabkürzungen. Wenn es sich bei dem Kläger oder Beklagten um einen Beamten einer Behörde handelt, geben Sie zuerst die Behörde und dann den Beamten mit Namen und Titel an.

**(b)**    **Bezirk des Wohnsitzes.** Geben Sie für jede eingereichte Zivilklage, mit Ausnahme von Fällen, in den die USA Kläger sind, den Namen des Bezirks an, in dem der zuerst aufgeführte Kläger zum Zeitpunkt der Einreichung seinen Wohnsitz hat. In Fällen, in den die USA Kläger sind, geben Sie den Namen des Bezirks an, in dem der zuerst aufgeführte Beklagte zum Zeitpunkt der Einreichung wohnt. (HINWEIS: In Landenteignungsfällen ist der Wohnsitz des „Beklagten" der Ort, an dem sich das betroffene Grundstück befindet.)

**(c)**    **Anwälte.** Geben Sie den Namen, die Anschrift und die Telefonnummer der Kanzlei sowie den Prozessbevollmächtigten an. Wenn es mehrere Anwälte gibt, führen Sie diese in einer Anlage auf und vermerken Sie in diesem Abschnitt „(siehe Anlage)".

**II**    **Zuständigkeit.** Die Grundlage für die Zuständigkeit ist in Rule 8(a), F.R.Cv.P. geregelt, die vorschreibt, dass die Zuständigkeiten in den Schriftsätzen dargelegt werden. Kreuzen Sie eines der Kästchen an. Wenn es mehr als eine Grundlage für die Zuständigkeit gibt, ist die Reihenfolge wie unten angegeben.

Kläger sind die Vereinigten Staaten. (1) Die Zuständigkeit basiert auf 28 U.S.C. 1345 und 1348. Klagen von Behörden und Beamten der Vereinigten Staaten sind hier eingeschlossen. Beklagte sind die Vereinigten Staaten. (2) Wenn der Kläger die Vereinigten Staaten, ihre Beamten oder Behörden verklagt, kreuzen Sie dieses Kästchen an.

Verfassungs-/bundesrechtliche Frage (3) Dies bezieht sich auf Klagen gemäß 28 U.S.C. 1331, bei denen sich die Zuständigkeit aus der Verfassung der Vereinigten Staaten, einer Änderung der Verfassung, einem Gesetz des Kongresses oder einem völkerrechtlichen Vertrag der Vereinigten Staaten ergibt. In Fällen, in denen die USA eine Partei sind, hat der USA-Kläger- bzw. USA-Beklagten-Code Vorrang, und das Kästchen 1 bzw. 2 muss angekreuzt werden.

Verschiedenheit der Staatsangehörigkeit. (4) Dies bezieht sich auf Klagen gemäß 28 U.S.C. 1332, bei denen die Parteien Bürger verschiedener Staaten sind. Wenn Kästchen 4 angekreuzt ist, muss die Staatsbürgerschaft der verschiedenen Parteien angekreuzt werden. (Siehe Abschnitt III. unten; **HINWEIS: Klagen zu verfassungs- oder bundesrechtlichen Fragen haben Vorrang vor Diversity-Jurisdiction-Fällen.)**

**III.**    **Wohnsitz (Staatsbürgerschaft) der Hauptparteien.** Dieser Abschnitt von JS 44 ist auszufüllen, wenn oben eine unterschiedliche Staatsangehörigkeit angegeben wurde. Markieren Sie diesen Abschnitt für jede Hauptpartei.

**IV.**    **Art der Klage.** Kreuzen Sie das entsprechende Kästchen an. Wenn mehrere Klagearten auf den Fall zutreffen, wählen Sie die passendste aus. Hier klicken für: Code-Beschreibungen für Art der Klage

**V.**    **Ursprung.** Kreuzen Sie eines der sieben Kästchen an.
Ursprüngliches Verfahren. (1) Fälle, die ihren Ursprung bei den Bezirksgerichten der Vereinigten Staaten haben.
Vom Bundesstaatsgericht übernommen. (2) Verfahren, die vor Bundesstaatsgerichten eingeleitet wurden, können gemäß Titel 28 U.S.C., Abschnitt 1441, an die Bezirksgerichte verwiesen werden. Vom Berufungsgericht zurückverwiesen. (3) Kreuzen Sie dieses Kästchen für Fälle an, die zur weiteren Bearbeitung an das Bezirksgericht zurückverwiesen wurden. Verwenden Sie das Datum der Zurückverweisung als Einreichungsdatum. Wiedereingesetzt oder wiederaufgenommen. (4) Kreuzen Sie dieses Kästchen für Fälle an, die vor dem Bezirksgericht wieder aufgenommen oder wiedereröffnet wurden. Verwenden Sie das Datum der Wiederaufnahme als Einreichungsdatum. Von einem anderen Bezirk überwiesen. (5) Für Fälle, die gemäß Title 28 U.S.C. Section 1404(a) übertragen wurden. Verwenden Sie dies nicht für Übertragungen innerhalb eines Bezirks oder für Übertragungen von bezirksübergreifenden Verfahren.
Bezirksübergreifender Rechtsstreit – Übertragung. (6) Kreuzen Sie dieses Kästchen an, wenn ein in mehreren Bezirken anhängiger Fall gemäß Title 28 U.S.C. Section 1407 in den Bezirk verlegt wird.
Bezirksübergreifender Rechtsstreit – Direkte Einreichung. (8) Kreuzen Sie dieses Kästchen an, wenn ein in mehreren Bezirken anhängiger Fall im selben Bezirk wie das Master-MDL-Docket eingereicht wird. **BITTE BEACHTEN SIE, DASS ES KEINEN URSPRUNGS-CODE 7 GIBT.** Der Ursprungs-Code 7 wurde für historische Unterlagen verwendet und ist aufgrund von Gesetzesänderungen nicht mehr relevant.

**VI.**    **Klagegrund.** Geben Sie das Zivilgesetz an, das sich direkt auf den Klagegrund bezieht, und beschreiben Sie den Grund kurz. **Führen Sie keine Zuständigkeitsgesetze an, sofern es nicht sich um Diversity Jurisdiction handelt.** Beispiel: US-Zivilgesetz: 47 USC 553 Kurzbeschreibung: Unerlaubter Empfang von Kabeldienstleistungen.

**VII.**    **In der Klage gefordert.** Sammelklage. Kreuzen Sie dieses Kästchen an, wenn Sie eine Sammelklage nach Rule 23, F.R.Cv.P. einreichen wollen. Forderung. Geben Sie in diesem Feld den tatsächlich geforderten Dollar-Betrag oder eine andere Forderung, wie z. B. einstweilige Verfügung, an. Jury-Forderung. Kreuzen Sie das entsprechende Kästchen an, um anzugeben, ob eine Jury gefordert wird oder nicht.

**VIII.**    **Verwandte Fälle.** Dieser Abschnitt der JS 44 wird verwendet, um auf etwaige verwandte anhängige Fälle zu verweisen. Wenn es verwandte anhängige Fälle gibt, tragen Sie die Nummern der Prozessliste und die Namen der entsprechenden Richter für diese Fälle ein.

**Datum und Unterschrift des Anwalts.** Datieren und unterschreiben Sie das Deckblatt für Zivilklagen.

**BEZIRKSGERICHT DER VEREINIGTEN STAATEN**
**FÜR DEN ÖSTLICHEN BEZIRK VON PENNSYLVANIA**

**BESTIMMUNGSFORMULAR**
*(vom Anwalt oder sich selbst vertretender Kläger zu verwenden, um die Kategorie des Falles zur Zuweisung zum entsprechenden Kalender anzugeben)*

Anschrift des Klägers: _301 Village Drive #326, King of Prussia, PA_
Anschrift des Beklagten: _125 Fex Glen Circle, Irving, TX 75062_
Ort des Unfalls, Vorfalls oder Vorgangs: _Pennsylvania, Texas, Florida_

---

*GGF. VERWANDTER FALL:*

Aktenzeichen: _____  Richter: _____

Datum der
Beendigung: _____

Zivilprozesse gelten als verwandt, wenn eine der folgenden Fragen mit *Ja* beantwortet wird:

1.  Steht dieser Fall im Zusammenhang mit Eigentum, das in einer früheren nummerierten Klage enthalten ist, die bei diesem Gericht anhängig ist oder innerhalb des letzten Jahres beendet wurde?   Ja ☐   Nein ☐

2.  Betrifft dieser Fall denselben Sachverhalt oder ist er aus derselben Transaktion wie eine frühere Klage entstanden, die bei diesem Gericht anhängig ist oder innerhalb des letzten Jahres abgeschlossen wurde?   Ja ☐   Nein ☐

3.  Betrifft dieser Fall die Wirksamkeit oder Verletzung eines Patents, das bereits Gegenstand einer Klage ist, oder eine frühere nummerierte Klage, die bei diesem Gericht anhängig ist oder innerhalb des letzten Jahres beendet wurde?   Ja ☐   Nein ☐

4.  Handelt es sich bei diesem Fall um einen zweiten oder aufeinanderfolgenden Habeas-Corpus-Fall, ein Berufungsverfahren wegen einer Sozialversicherungssache oder einen Bürgerrechtsfall mit einem sich selbst vertretenden Kläger, der von derselben Person eingereicht wurde?   Ja ☐   Nein ☐

Ich bestätige, dass der vorliegende Fall meiner Kenntnis nach mit einem jetzt anhängigen oder innerhalb des letzten Jahres beendeten Verfahren vor diesem Gericht ☐ zusammenhängt / ☒ nicht zusammenhängt, außer wie oben angegeben.

DATUM: _27.01.2021_    [Unterschrift] Matthew H. Haverstick    85072
                        Muss hier unterschreiben
                        *Anwalt/sich selbst vertretender Kläger*    *Anwalts-Nr. (falls zutreffend)*

---

**ZIVIL: (ein V in nur ein Kästchen setzen)**

*A.*    *Verfassungs-/Bundesrechtsfälle:*

☐ 1.  Entschädigungsvertrag, Schifffahrtsvertrag und alle sonstigen Verträge
☐ 2.  FELA
☐ 3.  Jones Act – Personenschaden
☐ 4.  Kartellrecht
☐ 5.  Patent
☐ 6.  Arbeitnehmer-Management-Beziehungen
☐ 7.  Bürgerrechte
☐ 8.  Habeas Corpus
☐ 9.  Wertpapiergesetzfälle
☐ 10. Sozialversicherungsprüfungsfälle
☐ 11. Alle anderen Verfassungs-/Bundesrechtsfälle
        *(bitte angeben):* _____

*B.*    *Diversity-Jurisdiction-Fälle:*

☐ 1.  Versicherungsvertrag und andere Verträge
☐ 2.  Flugzeug – Personenschaden
☐ 3.  Körperverletzung, Verleumdung
☐ 4.  Schifffahrt – Personenschaden
☐ 5.  Kraftfahrzeug – Personenschaden
☒ 6.  Sonstige Personenschäden *(bitte angeben):* Deliktklagen
☐ 7.  Produkthaftung
☐ 8.  Produkthaftung – Asbest
☐ 9.  Alle anderen Diversity-Jurisdiction-Fälle
        *(bitte angeben):* _____

---

**BESCHEINIGUNG ZUR SCHIEDSGERICHTSBARKEIT**
*(Diese Bescheinigung hat zur Folge, dass der Fall nicht mehr für ein Schiedsgerichtsverfahren in Frage kommt.)*

Ich, _Matthew H. Haverstick_ , Prozessbevollmächtigter *oder sich selbst vertretender Kläger*, bestätige hiermit:

☐   gemäß Local Civil Rule 53.2, § 3(c) (2), dass der in dieser Zivilklage geltend gemachte Schadensersatz nach meinem besten Wissen und Gewissen einen Betrag von 150.000,00 USD ohne Zinsen und Kosten übersteigt:

☒   dass ein anderer Rechtsbehelf als Schadensersatz in Geld beantragt wird.

DATUM: _27.01.2021_    [Unterschrift] Matthew H. Haverstick    85072
                        Hier unterschreiben, falls zutreffend
                        *Anwalt/sich selbst vertretender Kläger*    *Anwalts-Nr. (falls zutreffend)*

HINWEIS: Ein Prozess de novo ist nur dann ein Prozess mit einer Jury, wenn F.R.C.P. 38 befolgt wurde.

*Civ. 609 (5/2018)*

## IM BEZIRKSGERICHT DER VEREINIGTEN STAATEN
## FÜR DEN ÖSTLICHEN BEZIRK VON PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER, | : |
| Klägerin, | : |
| ./. | : |
| N. N., als VERWALTER des VERMÖGENS VON ANDREAS SCHNEIDER-NEUREITHER, | : |
| und | : |
| SNP TRANSFORMATION, INC., | :  ZIVILKLAGE NR. |
| und | : _____ |
| SNP SCHNEIDER-NEUREITHER & PARTNER SE, | : |
| und | : |
| SN ASSETS AMERICAS LLC, | : |
| Beklagte. | : |

## ZIVILKLAGE

Die Klägerin, Jillian Schrotberger, reicht hiermit durch ihre Anwälte, Kleinbard LLC, diese

Klage gegen die Beklagten ein und macht Folgendes geltend:

### Gerichtliche Zuständigkeit und Gerichtsstand

1. Aufgrund der unterschiedlichen Staatsangehörigkeiten und des Streitwerts ist das

US-Bezirksgericht für den östlichen Bezirk von Pennsylvania für diese Klage zuständig, 28 U.S.C. §

1332.

{02017490 }

2. Die Beklagten unterliegen der persönlichen Zuständigkeit in diesem Bezirk, da sie regelmäßig Geschäfte in Pennsylvania tätigen, Niederlassungen in Pennsylvania haben und/oder die Klägerin in Pennsylvania beschäftigen.

3. Gemäß 28 U.S.C. § 1391 ist der Gerichtsstand liegt im östlichen Bezirk von Pennsylvania gegeben, da bestimmte Ereignisse, die zu der Klage geführt haben, im östlichen Bezirk von Pennsylvania stattgefunden haben.

### Die Parteien

4. Die Klägerin, Jillian Schrotberger („Schrotberger"), ist eine erwachsene natürliche Person und hat ihren Wohnsitz in 301 Village Drive #326, King of Prussia, Pennsylvania.

5. Der Beklagte, N. N., ist der Verwalter des Nachlasses von Andreas Schneider-Neureither. Der Verstorbene Andreas Schneider-Neureither („Schneider-Neureither"), eine erwachsene natürliche Person, unterhielt seinen Privatwohnsitz in den Vereinigten Staaten in 125 Fox Glen Circle, Irving, TX 75062. Die Witwe und Kinder von Schneider-Neureither wohnen in Deutschland.

6. Die Beklagte, SNP Transformation, Inc. („SNP"), ist eine in Virginia gegründete Gesellschaft mit einer Geschäftsadresse in Pennsylvania, 1205 Westlakes Drive, Suite 240, Berwyn, PA 19312.

7. SNP Schneider-Neureither & Partner SE („SNP SE"), ist eine ausländische Gesellschaft mit der Geschäftsadresse Dossenheimer Landstraße 100, 69121 Heidelberg. SNP SE ist in den Vereinigten Staaten über die Beklagte SNP geschäftlich tätig.

8. Die Beklagte, SN Assets Americas LLC („SN Assets"), ist eine texanische Gesellschaft mit der Geschäftsadresse 125 Fox Glen Circle, Irving, TX 75062. SN Assets ist auch Eigentümerin der Geschäfts-/Wohnimmobilie, die sich an dieser Adresse befindet (die Immobilie wird im Folgenden als „Bluefield House" bezeichnet).

### Sachverhalt

9. Die Klägerin nimmt die vorherigen Absätze dieser Klageschrift durch Verweis hierin auf, als ob sie noch einmal ausführlich vorgetragen würden.

10. Schrotberger wurde am 1. Januar 2018 durch den Beklagten Schneider-Neureither als Beraterin für die Beklagten SNP und SNP SE eingestellt. Im März 2018 wurde sie als Vollzeitmitarbeiterin mit der Stellenbezeichnung „Chief Executive Assistant to Schneider-Neureither" eingestellt.

11. Schneider-Neureither ist CEO und Vorstandsvorsitzender der SNP und der SNP SE. (SNP SE und SNP werden im Folgenden gemeinsam als die „SNP-Gesellschaften" bezeichnet). Er ist ferner der größte Einzelaktionär der SNP SE. Schneider-Neureither ist zudem Principal der SN Assets. Schrotberger unterstand Schneider-Neureither sowohl in seiner Doppelfunktion bei den SNP-Gesellschaften als auch in seiner Eigenschaft als Principal der SN Assets.

12. Im Mai 2018 wurde Schrotberger zum Senior Advisor von Schneider-Neureither befördert. Schrotberger wurde direkt als Angestellte von SNP Transformation, Inc. bezahlt. Bis zu ihrer Herabstufung Ende 2020 berechnete die SNP ihr Gehalt jedoch an die deutsche Muttergesellschaft SNP SE weiter („charged back").

13. Nach bestem Wissen und Gewissen hat SN Assets auch zu Schrotbergers Vergütung beigetragen, die durch die SNP-Gesellschaften gezahlt wurde.

14. Im Rahmen ihres Vergütungspakets zahlte SN Assets im Jahr 2018 die monatliche Miete für Schrotbergers Privatwohnsitz in Berwyn, Pennsylvania.

15. Ferner wurden Schrotberger Geschäftskosten, die einem Mitarbeiter der SNP SE (Tristan Neureither) bei Arbeiten im Auftrag der SNP-Gesellschaften in Pennsylvania entstanden waren, von der SN Assets rückerstattet. Konkret bezahlte Schrotberger persönlich den Betrag für eine

{02017490 }

3

Geschäftsunterkunft für Neureither, der ihr durch SN Assets rückerstattet wurde und den

Schneider-Neureither später als persönliche Geschäftsausgaben bei der SNP SE einreichte.

16. Als Senior Advisor des CEO und Vorstandsvorsitzenden beriet Schrotberger

Schneider-Neureither in allen Angelegenheiten, die mit der Unternehmensstrategie und den täglichen

Geschäftszielen der SNP-Gesellschaften und der SN Assets verbunden waren. Ihr Jahresgehalt betrug

110.000 USD und beinhaltete ein Vergütungspaket mit jährlichen Boni, vollen betrieblichen

Leistungen und der Teilnahme am Aktienoptionsplan 2020 der SNP SE.

17. Zum Hintergrund: Schrotberger wurde Schneider-Neureither erstmals im November 2017

durch die ehemaligen SNP-Mitarbeiter Regina Fox und David Kennison, der damals Vertriebsleiter

von SNP war, bei einem Geschäftstreffen von SNP in Las Vegas vorgestellt. Bei einem durch die

SNP-Gesellschaften veranstalteten Firmenessen wurde Schrotberger zunehmend betrunken,

betatschte Schrotberger wiederholt und machte unangemessene Bemerkungen vor Mitarbeitern und

Kunden der SNP-Gesellschaften. Später in der Nacht begleitete Schrotberger Fox zu zwei

SNP-Afterparties in Las Vegas, darunter eine in der Suite von Schneider-Neureither. Dort

konsumierten Schneider-Neureither, Fox und Kennison große Mengen an Alkohol und Kokain und

drängten Schrotberger ebenfalls dazu.

18. Was dann folgte, war die erste in einer langen Reihe von sexuellen Übergriffen,

Belästigungen und erzwungenen sexuellen Handlungen durch Schneider-Neureither, die alle

gemeinsame Elemente aufwiesen: Schneider-Neureither, unter starkem Drogen- und Alkoholeinfluss

stehend, zwang Schrotberger in ein Hotelzimmer und drängte sie mit einer Kombination aus

Versprechungen, Drohungen und sogar Gewalt zu unerwünschtem Geschlechtsverkehr.

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 48 of 66
Az. 2:21-cv-00364   Dokument 6      Eingereicht      Seite 5 von 18
27.01.21

19. Nach Schrotbergers Einstellung und im Anschluss an eine SNP-Geschäftsreise nach Deutschland Ende Januar 2018 erklärte Schneider-Neureither gegenüber Schrotberger, dass er eine sexuelle Beziehung mit Schrotberger haben wolle. Schrotberger antwortete Schneider-Neureither, dass sie keine sexuelle Beziehung mit ihm wünsche, und erklärte ihm, dass sie ihren neuen Job schätze und ausschließlich in einer beruflichen und mentoriellen Beziehung fortfahren wolle. Statt Schrotbergers Wünsche zu respektieren, begann Schneider-Neureither eine Kampagne ungeheuerlicher Beschimpfungen, Belästigungen und Diskriminierungen gegen Schrotberger.[1]

20. Schneider-Neureither glaubte, dass es zu Schrotbergers Arbeitsaufgaben gehörte, während ihrer Geschäftsreisen auf Abruf für sexuelle Gefälligkeiten zur Verfügung zu stehen. Auf solchen Reisen folgte Schneider-Neureither einem vertrauten Muster: Schneider-Neureither berauschte sich an Alkohol und/oder Drogen, verschaffte sich Zugang zu Schrotbergers Hotelzimmer und drängte oder zwang Schrotberger dann zu unerwünschtem Sex.

21. Manchmal wandte Schneider-Neureither jedoch nicht Zwang, sondern Gewalt an.

22. Zuletzt, im Februar 2020, wurde Schrotberger durch Schneider-Neureither vergewaltigt. Diese sexuelle Nötigung ereignete sich im Bluefield House, das im Eigentum der SN Assets steht und als Schneider-Neureithers Privatwohnsitz in den Vereinigten Staaten sowie als Büro für die SNP-Gesellschaften dient. Tatsächlich war Schrotberger zu allen relevanten Zeiten im Bluefield House als Gast anwesend und führte dort Geschäfte der SNP-Gesellschaften durch. Dort stieg Schneider-Neureither, in einem Zustand der Betrunkenheit und durch illegal erworbenes Adderall berauscht (das in Deutschland illegal ist und daher für Schneider-Neureither in den Vereinigten

---

[1] Die Klägerin leitete eine vorläufige Verwaltungsklage bei der U.S. Equal Employment Opportunity Commission (Kommission für Chancengleichheit am Arbeitsplatz) mit gleichzeitiger Vorlage bei der Pennsylvania Human Relations Commission (Kommission für menschliche Beziehungen in Pennsylvania) ein, um ihre Rechte gemäß den bundes- und einzelstaatlichen Gesetzen zur Diskriminierung am Arbeitsplatz geltend zu machen. Schrotberger reichte diese vor dem Tod von Schneider-Neureither ein. Nach Ausschöpfung ihrer administrativen Rechtsbehelfe beabsichtigt die Klägerin, die vorliegende Klage zu ergänzen, um diese arbeitsrechtlichen Ansprüche gegen Schneider-Neureither und die SNP-Gesellschaften mit einzubeziehen.

{02017490 }

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 49 of 66
Az. 2:21-cv-00364   Dokument 6       Eingereicht       Seite 6 von 18
27.01.21

Staaten nicht verfügbar ist, es sei denn, dass er das Medikament auch hier illegal erwarb), auf

Schrotberger und zwang sich in sie hinein, während sie versuchte, ihn davon abzuhalten.

23. Bei drei (3) weiteren Gelegenheiten zwang Schneider-Neureither Schrotberger ebenfalls

gewaltsam zu unerwünschten und ungewollten sexuellen Handlungen

24. Zu keinem Zeitpunkt stimmte Schrotberger den sexuellen Handlungen und dem Verhalten

von Schneider-Neureither zu. Schneider-Neureither gab seinem Alkohol- und/oder Drogenkonsum

die Schuld an seinen Handlungen, bat Schrotberger, ihm zu verzeihen, und versprach, dass dies nicht

wieder vorkommen würde.

25. Darüber hinaus berührte und betatschte Schneider-Neureither Schrotberger wiederholt am

ganzen Körper gegen ihren Willen im Bluefield House sowie bei von der Firma gesponserten

Veranstaltungen. Dieses Verhalten wurde von mehreren Mitarbeitern der SNP-Gesellschaften sowie

von Dritten bezeugt.

26. Die SNP-Gesellschaften förderten eine „Party"-Atmosphäre, indem sie starkes Trinken und

illegalen Drogenkonsum durch ihre Mitarbeiter und das Management erlaubten und befürworteten,

was wiederum zu sexuellen Übergriffen und Missbrauch führte.

27. So wurde Schrotberger zum Beispiel im Bluefield House, bei von den SNP-Gesellschaften

gesponserten Veranstaltungen und in den Räumlichkeiten der SNP-Gesellschaften, unter anderem bei

den folgenden Gelegenheiten, Ziel von Übergriffen und fürchtete um ihre Sicherheit:

      a.    Während eines durch Alkohol und Drogen geschürten Wutanfalls auf einer

Geschäftsreise schlug Schneider-Neureither Schrotberger mit geschlossener Faust ins Gesicht;

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 50 of 66
Az. 2:21-cv-00364   Dokument 6   Eingereicht      Seite 7 von 18
27.01.21

b.    Auf der SAPPHIRE-Konferenz 2019 erhielt Schneider-Neureither vom Hotelpersonal einen Schlüssel zu Schrotbergers Hotelzimmer, ohne dass sie eingewilligt oder zugestimmt hatte. Mitten in der Nacht, während Schrotberger schlief, betrat Schneider-Neureither betrunken und berauscht ihr Zimmer. Schneider-Neureither verlangte Sex, den Schrotberger wiederholt ablehnte.

c.    Schneider-Neureither und Benedikt Biesinger, der Sohn des SNP SE-Vorstandsmitglieds Karl Biesinger, kamen bei Firmentagungen jeweils an Schrotbergers Hoteltür, klopften heftig und verlangten, dass sie sie für sexuelle Handlungen hereinlasse. Jedes Mal weigerte sich Schrotberger, sie hereinzulassen und kauerte stattdessen ängstlich in ihrem Hotelzimmer; und

d.    Schneider-Neureither zwang Schrotberger, mit ihm und seinem Sohn (und SNP SE-Mitarbeiter), Tristan Neureither, im Auto von Dallas nach Pennsylvania zu fahren. Während der Fahrt konsumierten sowohl Vater als auch Sohn Kokain und Alkohol. Beim ersten längeren Halt in Memphis (Tennessee) verlangte Schneider-Neureither, dass Schrotberger in seinem Hotelzimmer blieb, was sie ablehnte. Weil sie Angst um ihre Sicherheit hatte, fuhr Schrotberger mitten in der Nacht zum Flughafen, um am nächsten Morgen einen Flug nach Hause nach Pennsylvania zu bekommen.

28. Schneider-Neureither bedrohte Schrotberger auch, indem er ihr erzählte, dass er im Bluefield House Schusswaffen habe, die er sich illegal beschafft habe. Schrotberger fühlte sich durch diese Offenbarung verängstigt und bedroht, insbesondere weil Schneider-Neureither ihr auch erzählte, dass er in der Lage sei, andere zu töten, und sogar eine vorbereitete Geschichte hätte, falls er von der Polizei vernommen würde, nachdem er jemanden erschossen und getötet hatte.

29. Zu Schneider-Neureithers Missbrauch und Belästigung zählten unterem anderem auch:

a.  die wiederholte Forderung, dass Schrotberger sexuelle Beziehungen mit ihm habe,
auch während Konferenzen und Geschäftsreisen, die von den SNP-Gesellschaften gesponsert
wurden;

b.  das wiederholte und offene Begrapschen von Schrotberger, auch vor Mitarbeitern
und Kunden der SNP-Gesellschaften sowie vor Dritten;

c.  wiederholte Versuche, Schrotberger zu küssen und zu umarmen, auch vor
Mitarbeitern und Kunden der SNP-Gesellschaften sowie vor Dritten;

d.  die Forderung, dass Schrotberger Schneider-Neureither Massagen gab, das Senden
von unerwünschten „romantischen" E-Mails und handgeschriebenen „Liebes"-Notizen an
Schrotberger;

e.  schriftliche und mündliche Äußerungen, dass er Schrotberger liebe und seine Frau
verlassen würde, um Schrotberger zu heiraten;

f.  wiederholte und ungewollte Heiratsanträge an Schrotberger und Äußerungen, dass
Schrotberger im Bluefield House, dem Wohnsitz von Schneider-Neureither in der Nähe von Dallas
(Texas) wohnen solle, das Schneider-Neureither auch teilweise an die SNP-Gesellschaften als
Büroräume vermietet;

g.  das Besprechen von Schrotbergers Körper und Merkmalen sowie von privaten
medizinischen Diagnosen mit Mitarbeitern der SNP-Gesellschaften und Dritten;

h.  die fälschliche Darstellung gegenüber Mitarbeitern der SNP-Gesellschaften und
Dritten, dass er in einer einvernehmlichen sexuellen Beziehung mit Schrotberger stehe;

i.  das offene und wiederholte Besprechen von Sex mit Schrotberger, einschließlich der
Tatsache, dass seine Frau keinen Sex mit ihm haben wolle;

{02017490 }

8

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 52 of 66
Az. 2:21-cv-00364   Dokument 6   Eingereicht   Seite 9 von 18
27.01.21

j.   das Entkleiden und Entblößen vor Schrotberger bei mehreren Gelegenheiten;

k.   das Erzwingen von Schrotbergers unfreiwilliger Beteiligung an dem kriminellen und unrechtmäßigen Verhalten von Schneider-Neureither, einschließlich (unter anderem) an seinem Betrug in Bezug auf die Bezahlung, den Bau und die Genehmigung des Bluefield Houses, seines Ratschlag an Schrotberger, in Gerichtsverfahren über Schneider-Neureithers sexuelles Fehlverhalten (mit Schrotberger) zu lügen, seiner Beteiligung an der Falschaussage der SNP-Gesellschaften gegenüber deutschen Aufsichtsbehörden hinsichtlich wesentlicher Tatsachen über die Gesundheit und das Verhalten des CEO und Vorsitzenden der SNP-Gesellschaften, und seiner Beschaffung von Drogen.

30. Die SNP-Gesellschaften und SN Assets wussten von den ungeheuerlichen Handlungen und dem Verhalten von Schneider-Neureither sowie von Benedikt Biesinger und Tristan Neureither und unternahmen nichts, um dagegen vorzugehen und/oder Schrotberger oder andere Mitarbeiter zu schützen.

31. Vielmehr unterließen es die SNP-Gesellschaften trotz einer Beschwerde von Schrotbergers Kollegin, Gabrielle Gaeto, gegen Schneider-Neureither, trotz der Beauftragung einer Anwaltskanzlei mit Compliance-Belangen im Personalwesen aufgrund von Beschwerden über Schneider-Neureithers eklatantes Fehlverhalten, trotz Schneider-Neureithers häufigen öffentlichen Eingeständnissen und Demonstrationen von unangemessenem sexuellen Verhalten gegenüber Schrotberger, trotz Schrotbergers Offenlegung gegenüber einem Anwalt der SNP-Gesellschaften, dass Schneider-Neureither Schrotberger zum Sex gezwungen hatte, trotz der Erkenntnis von Jane He, SNP-Syndikusanwältin, dass Schneider-Neureither ein missbräuchliches und belästigendes Verhalten an den Tag legte, das die SNP-Personalabteilung ignoriert hatte und trotz einer von Regina Fox eingereichten Bundesbeschwerde, in der eine sexuelle Beziehung zwischen Schneider-Neureither und Schrotberger ausdrücklich vorgetragen wurde, Schrotberger zu befragen, die Handlungen von Schneider-Neureither oder anderen Mitarbeitern zu untersuchen oder

{02017490 }

9

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 53 of 66
Az. 2:21-cv-00364   Dokument 6   Eingereicht   Seite 10 von 18
27.01.21

Abhilfemaßnahmen zu ergreifen, bis Schrotberger ihnen schließlich mitteilte, dass sie Klage erheben würde.

32. Die SNP-Gesellschaften waren sich auch bewusst, dass Schneider-Neureither:

    a. wiederholt die schockierende und widerliche rassistische Beleidigung „Nigger" unter anderem dann verwendete, wenn er über afroamerikanische Mitarbeiter der SNP-Gesellschaften sprach und während er bei Treffen und Konferenzen der SNP-Gesellschaften mit Dritten sprach;

    b. wiederholt abfällige Bemerkungen über jüdische, indische und türkische Menschen machte, einschließlich jüdischer, indischer und türkischer Mitarbeiter und Kunden der SNP-Gesellschaften;

    c. wiederholt Bemerkungen über das körperliche Erscheinungsbild/den Charakter anderer bei den SNP-Gesellschaften beschäftigter Frauen machte, einschließlich von Frauen, die sich in ähnlicher Weise über das Verhalten von Schneider-Neureither beschwert haben; und

    d. auf der SNP Transformation World Konferenz 2019 öffentlich erklärte, dass Frauen bei den SNP-Gesellschaften nicht in „Führungspositionen" seien, weil „sie nicht gut genug sind".

33. Schrotberger befürchtete, ihren Arbeitsplatz zu verlieren, wenn sie sich über Schneider-Neureithers Verhalten beschwerte, und sie wusste aus früheren Erfahrungen, dass die Personalabteilung sich nicht für sie einsetzen, sondern sich vielmehr hinter Schneider-Neureither und gegen sie stellen würde.

34. Schrotberger wusste auch, dass Schneider-Neureither andere Mitarbeiter dazu gezwungen hatte, falsche Erklärungen zur Unterstützung seiner Handlungen zu unterschreiben, indem er Drohungen bezüglich ihrer Weiterbeschäftigung bei den SNP-Gesellschaften aussprach.

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 54 of 66
Az. 2:21-cv-00364   Dokument 6      Eingereicht      Seite 11 von 18
27.01.21

Nach bestem Wissen und Gewissen sind diese Mitarbeiter nun bereit, ihre Aussagen zu widerrufen und die Umstände zu beschreiben, unter denen sie zu diesen Aussagen gezwungen wurden.

35. Schrotberger wusste zwar, dass SNPs eigene Syndikusanwältin Jane He die SNP SE-Führungskräfte auf die Ineffizienz der Personalabteilung aufmerksam gemacht hatte, wie die Probleme eine „[e]hrliche Offenlegung gegenüber der Personalabteilung" verhinderten und dass Verbesserungen notwendig waren, um ein „sicheres Arbeitsumfeld" zu fördern, doch brachte sie schließlich Anfang Juli 2020 ihre Beschwerden über Schneider-Neureithers ungeheuerliches Verhalten selbst vor, als sie sich dem damaligen CEO der SNP, Derek Oats, anvertraute.

36. Nachdem sich Schrotberger formell über Schneider-Neureithers Handlungen und Verhalten beschwert hatte, übten die SNP-Gesellschaften jedoch Vergeltung an ihr, wie Schrotberger befürchtet hatte, indem sie ihr eine versprochene Beförderung verweigerten und sie dann im Oktober 2020 auf eine niedrigere Position bei SNP herabstuften.

37. Schneider-Neureither starb am 2. November 2020 in Heidelberg unter verdächtigen Umständen. Mitarbeiter (und ehemalige Mitarbeiter), die zuvor von Schneider-Neureither bedroht worden waren und die die hierin vorgetragenen Handlungen beobachtet hatten, sind nun bereit, wahrheitsgemäß über sein eklatantes Fehlverhalten gegenüber Schrotberger und anderen Mitarbeitern der SNP-Gesellschaften zu sprechen.

## PUNKT I DES KLAGEBEGEHRENS
### Jillian Schrotberger ./. Der Nachlass von Andreas Schneider-Neureither – Körperverletzung (Battery)

38. Schrotberger nimmt die vorherigen Absätze dieser Klageschrift durch Verweis hierin auf, als ob sie noch einmal ausführlich vorgetragen würden.

39. Bei Schneider-Neureithers beleidigendem und verletzendem Kontakt mit Schrotberger, der hier ausführlich dargelegt wurde, handelte es sich um Körperverletzung ihr gegenüber.

{02017490 }

11

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 55 of 66
Az. 2:21-cv-00364   Dokument 6   Eingereicht   Seite 12 von 18
27.01.21

40. Das vorgenannte Verhalten von Schneider-Neureither wurde vorsätzlich, wissentlich, böswillig, absichtlich, mutwillig, rücksichtslos und/oder fahrlässig begangen.

41. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den vorstehenden Absätzen dieser Klageschrift beschrieben wurden, hat Schrotberger schwere und lähmende gesundheitliche Schäden, seelische Qual, Demütigung, Peinlichkeit sowie körperliche und emotionale Störungen erlitten, darunter u. a. posttraumatische Belastungsstörung, Depression, Schlaflosigkeit, Isolation, Flashbacks, Angstzustände, Essstörungen, vermindertes Selbstwertgefühl und Selbstvertrauen sowie Selbstmordgedanken, wobei das volle Ausmaß der gesundheitlichen Schäden noch nicht bekannt ist und einige oder alle dieser gesundheitlichen Schäden dauerhaft sein können.

42. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die sie in den vorstehenden Absätzen dieser Klageschrift beschrieben wurden, leidet Schrotberger unter schweren Schmerzen, seelischer Qual, emotionalen Störungen und Verlust der Lebensfreude und wird auch in Zukunft darunter leiden.

43. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den vorstehenden Absätzen dieser Klageschrift beschrieben wurden, hat Schrotberger Verdienstausfälle und Beeinträchtigungen der Erwerbsfähigkeit erlitten.

44. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den vorstehenden Absätzen dieser Klageschrift beschrieben wurden, war Schrotberger in der Vergangenheit gezwungen, große Geldsummen für psychologische Behandlung und Therapie auszugeben, und wird auch in Zukunft dazu gezwungen sein.

**DARUM** ersucht Schrotberger dieses ehrenwerte Gericht, ein Urteil zu ihren Gunsten und gegen den Beklagten, den Nachlass von Andreas Schneider-Neureither, in Höhe von mehr als einhundertfünfzigtausend US-Dollar (150.000,00 USD) zuzüglich angemessener Anwaltsgebühren,

{02017490 }

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 56 of 66
Az. 2:21-cv-00364   Dokument 6   Eingereicht   Seite 13 von 18
27.01.21

Zinsen, Kosten, Strafschadensersatz und anderer Entschädigungen, die das Gericht für gerecht und angemessen hält, zu sprechen.

## PUNKT II DES KLAGEBEGEHRENS
### Jillian Schrotberger ./. Der Nachlass von Andreas Schneider-Neureither – Angriff (Assault)

45. Schrotberger nimmt die vorherigen Absätze dieser Klageschrift durch Verweis hierin auf, als ob sie noch einmal ausführlich vorgetragen würden.

46. Der schädigende oder beleidigende Kontakt von Schneider-Neureither mit Schrotberger, der hierin ausführlich dargelegt wurde, schaffte für sie die unmittelbare Befürchtung eines solchen Kontakts und stellte einen Angriff auf sie dar.

47. Das vorgenannte Verhalten von Schneider-Neureither wurde vorsätzlich, wissentlich, böswillig, absichtlich, mutwillig, rücksichtslos und/oder fahrlässig begangen.

48. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den vorstehenden Absätzen dieser Klageschrift beschrieben wurden, hat Schrotberger schwere und lähmende gesundheitliche Schäden, seelische Qual, Demütigung, Peinlichkeit sowie körperliche und emotionale Störungen erlitten, darunter u. a. posttraumatische Belastungsstörung, Depression, Schlaflosigkeit, Isolation, Flashbacks, Angstzustände, Essstörungen, vermindertes Selbstwertgefühl und Selbstvertrauen sowie Selbstmordgedanken, wobei das volle Ausmaß der gesundheitlichen Schäden noch nicht bekannt ist und einige oder alle dieser gesundheitlichen Schäden dauerhaft sein können.

49. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die sie in den vorstehenden Absätzen dieser Klageschrift beschrieben wurden, leidet Schrotberger unter schweren Schmerzen, seelischer Qual, emotionalen Störungen und Verlust der Lebensfreude und wird auch in Zukunft darunter leiden.

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 57 of 66
Az. 2:21-cv-00364   Dokument 6        Eingereicht        Seite 14 von 18
27.01.21

50. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den

vorstehenden Absätzen dieser Klageschrift beschrieben wurden, hat Schrotberger Verdienstausfälle

und Beeinträchtigungen der Erwerbsfähigkeit erlitten.

51. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den

vorstehenden Absätzen dieser Klageschrift beschrieben wurden, war Schrotberger in der

Vergangenheit gezwungen, große Geldsummen für psychologische Behandlung und Therapie

auszugeben, und wird auch in Zukunft dazu gezwungen sein.

**DARUM** ersucht Schrotberger dieses ehrenwerte Gericht, ein Urteil zu ihren Gunsten und gegen

den Beklagten, den Nachlass von Andreas Schneider-Neureither, in Höhe von mehr als

einhundertfünfzigtausend US-Dollar (150.000,00 USD) zuzüglich Anwaltsgebühren, Zinsen,

Kosten, Strafschadensersatz und anderer weiterer Entschädigungen, die dieses Gericht für gerecht

und angemessen hält, zu sprechen.

### PUNKT III DES KLAGEBEGEHRENS
**Jillian Schrotberger ./. Der Nachlass von Andreas Schneider-Neureither – Vorsätzliche und fahrlässige Zufügung von seelischem Leid**

52. Schrotberger nimmt die vorherigen Absätze dieser Klageschrift durch Verweis hierin auf, als

ob sie noch einmal ausführlich vorgetragen würden.

53. Das Verhalten von Schneider-Neureither, das in den vorstehenden Absätzen dieser

Klageschrift dargelegt wurde, war von seinem Charakter her so haarsträubend und von seinem

Ausmaß her so extrem, dass es außerhalb der Grenzen des Anstands lag und in der Gemeinschaft als

unerträglich anzusehen ist.

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 58 of 66
Az. 2:21-cv-00364   Dokument 6   Eingereicht   Seite 15 von 18
27.01.21

54. Zu allen hier relevanten Zeitpunkten wusste Schneider-Neureither entweder mit erheblicher Sicherheit oder hätte wissen müssen, dass sein Verhalten schweres emotionales Leid hervorrufen würde.

55. Durch die in den vorstehenden Absätzen dieser Klageschrift dargelegten Handlungen hat Schneider-Neureither ein extremes und haarsträubendes Verhalten an den Tag gelegt und Schrotberger vorsätzlich schweres emotionales Leid zugefügt.

56. Durch die in den vorstehenden Absätzen dieser Klageschrift dargelegten Handlungen hat Schneider-Neureither seine Freundschaft sowie seine Geschäfts- und Mentorenbeziehung zu Schrotberger ausgenutzt und missbraucht, ihr Vertrauen missbraucht und ihr große Not bereitet.

57. Als direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den vorstehenden Absätzen dieser Klageschrift dargelegt wurden, hat Schrotberger in der Vergangenheit Medikamente, medizinische, psychologische und andere Behandlungen benötigt, um sich von den erlittenen gesundheitlichen Schäden zu heilen und wird dies möglicherweise auch in der Zukunft benötigen; sie war in der Vergangenheit gezwungen und kann auch in der Zukunft gezwungen sein, Geldbeträge in unterschiedlicher Höhe für diese medizinische Versorgung und Behandlung auszugeben.

58. Als weitere direkte und unmittelbare Folge der Handlungen von Schneider-Neureither, die in den vorstehenden Absätzen dieser Klageschrift dargelegt wurden, hat Schrotberger schweres seelisches Leid, Demütigung, Peinlichkeit und finanzielle Verluste erlitten und erleidet sie weiterhin.

**DARUM** ersucht Schrotberger dieses ehrenwerte Gericht, ein Urteil zu ihren Gunsten und gegen den Beklagten, den Nachlass von Andreas Schneider-Neureither, in Höhe von mehr als einhundertfünfzigtausend US-Dollar (150.000,00 USD) zuzüglich Anwaltsgebühren, Zinsen, Kosten, Strafschadensersatz und anderer weiterer Entschädigungen, die dieses Gericht für gerecht und angemessen hält, zu sprechen.

{02017490 }

15

**PUNKT IV DES KLAGEBEGEHRENS**
**Jillian Schrotberger ./. Die SNP-Gesellschaften und SN Assets Americas LLC – Fahrlässigkeit,**
**grobe Fahrlässigkeit und Rücksichtslosigkeit**

59. Schrotberger nimmt die vorherigen Absätze dieser Klageschrift durch Verweis hierin auf, als ob sie noch einmal ausführlich vorgetragen würden.

60. Zu allen relevanten Zeitpunkten hatten die SNP-Gesellschaften und SN Assets eine Sorgfaltspflicht zum Schutz von Schrotberger.

61. Die SNP-Gesellschaften und SN Assets haben ihre Sorgfaltspflichten verletzt und fahrlässig, grob fahrlässig und/oder rücksichtslos gehandelt:

    a. indem sie es unterlassen haben, Mitarbeiter, Freiwillige, Auftragnehmer und/oder Beauftragte ordnungsgemäß zu überprüfen, zu befragen, einzustellen und zu schulen;

    b. indem sie es unterlassen haben, angemessene Richtlinien und Verfahren in Bezug auf die Beaufsichtigung von Mitarbeitern, Freiwilligen, Auftragnehmern und/oder Beauftragten anzunehmen, umzusetzen und/oder durchzusetzen;

    c. indem sie es unterlassen haben, Mitarbeiter, Freiwillige, Auftragnehmer und/oder Beauftragte in Bezug auf sexuellen Missbrauch angemessen zu schulen;

    d. indem sie Schneider-Neureither weiter beschäftigt und weiterhin Geschäfte mit ihm gemacht haben, nachdem sie von seinem missbräuchlichen Verhalten erfahren haben;

    e. indem es es versäumt haben, Schrotberger ein sicheres Umfeld für die Abwicklung der Geschäfte der SNP-Gesellschaften und SN Assets zu bieten; und/oder

    f. indem sie es unterlassen haben, Schrotberger vor dem Missbrauch und dem Schaden, der ihr in ihren Räumlichkeiten zugefügt wurde, zu schützen.

{02017490 }

16

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 60 of 66
Az. 2:21-cv-00364   Dokument 6        Eingereicht      Seite 17 von 18
27.01.21

62. Als direkte und unmittelbare Ursache der Handlungen und Unterlassungen der SNP-Gesellschaften und SN Assets und der Verletzung der Sorgfaltspflichten wurde Schrotberger missbraucht, sexuell sowie psychisch, was zu den oben dargelegten Schäden geführt hat.

**DARUM** ersucht Schrotberger dieses ehrenwerte Gericht, ein Urteil zu ihren Gunsten und gegen SNP Transformation, Inc., SNP Schneider-Neureither & Partner SE und SN Assets Americas LLC, gesamtschuldnerisch, in Höhe von mehr als einhundertfünfzigtausend US-Dollar (150.000,00 USD) zuzüglich Anwaltsgebühren, Zinsen, Kosten, Strafschadensersatz und anderer weiterer Entschädigungen, die dieses Gericht für gerecht und angemessen hält, zu sprechen.

### PUNKT V DES KLAGEBEGEHRENS
### Jillian Schrotberger ./. Alle Beklagten
### Verschwörung

63. Schrotberger nimmt die vorherigen Absätze dieser Klageschrift durch Verweis hierin auf, als ob sie noch einmal ausführlich vorgetragen würden.

64. Die SNP-Gesellschaften, SN Assets und Schneider-Neureither haben in gemeinsamer Abstimmung gehandelt, um unerlaubte Handlungen gegen Schrotberger zu begehen.

65. Die SNP-Gesellschaften, SN Assets und Schneider-Neureither haben in gemeinsamer Abstimmung gehandelt, um ein Umfeld zu schaffen, in dem Schrotberger vergewaltigt, körperlich und seelisch geschädigt und zu kriminellen Handlungen gezwungen wurde.

66. Die SNP-Gesellschaften, der SN Assets und von Schneider-Neureither haben ohne rechtliche Berechtigung und in der Absicht gehandelt, Schrotberger zu schädigen.

67. Die Handlungen der SNP-Gesellschaften, der SN Assets und von Schneider-Neureither verstoßen gegen die Gesetze und erschüttern das Gewissen.

Case 2:21-cv-00364-JMY   Document 24   Filed 08/10/21   Page 61 of 66
Az. 2:21-cv-00364   Dokument 6      Eingereicht      Seite 18 von 18
27.01.21

68. Schrotberger hat als direkte und unmittelbare Ursache der abgestimmten Handlungen der

SNP-Gesellschaften, der SN Assets und von Schneider-Neureither Schaden erlitten.

**DARUM** ersucht Schrotberger dieses ehrenwerte Gericht, ein Urteil zu ihren Gunsten und gegen

SNP Transformation, Inc., SNP Schneider-Neureither & Partner SE und SN Assets Americas LLC

und den Nachlass von Andreas Schneider-Neureither, gesamtschuldnerisch, in Höhe von mehr als

einhundertfünfzigtausend US-Dollar (150.000,00 USD) zuzüglich Anwaltsgebühren, Zinsen,

Kosten, Strafschadensersatz und anderer weiterer Entschädigungen, die dieses Gericht für gerecht

und angemessen hält, zu sprechen.

**KLEINBARD LLC**

[Unterschrift] Matthew H. Haverstick
Matthew H. Haverstick (Nr. 85072)
Lorena E. Ahumada (Nr. 91630)
Samantha G. Zimmer* (Nr. 325650)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Anwälte der Klägerin, Jillian Schrotberger*

*\*Antrag auf allgemeine Zulassung anhängig*

Datum: 27. Januar 2021

{02017490 }                                    18

# EXHIBIT B

{02113286;v1 }

# Baden-Württemberg
## District Court of Freiburg im Breisgau
### The President

Freiburg District Court • Holzmarkt 2 • 79098 Freiburg i. Br.

| | |
|---|---|
| Date | 06/30/2021 |
| Name | Ms. Hirschmann |
| Direct line | 0761 205-1529 |
| File reference | 934 E – 561/21 |
| | (Please state when replying) |

Matthew H. Haverstick
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
USA

[lion icon]   **Judicial assistance in civil matters;**

**Your request dated 03/25/2021**
**Your file reference: 2:21-cv-00364**

**Attachment(s)**
1 (stapled)

Dear Madams and Sirs,

In the above entitled matter, the request for legal service was resolved. Enclosed I am sending you the certificate of legal service dated 06/30/2021 along with a copy of the request for legal service.

Yours faithfully,
p.p.                                                    [stamp:] Freiburg District Court

[signature]

Hirschmann
Judiciary Official

Holzmarkt 2 • 79098 Freiburg i.Br. • Telephone 0761 205-0 • Fax 0761 205-1804 • Street car stop: Holzmarkt
www.agfreiburg.de • poststelle@agfreiburg.bwl.de • www.service-bw.de
Banking details: Landesoberkasse Baden-Württemberg • Baden-Württembergische Bank • Routing no. 600 501 01 • Account no. 7 469 534 505
BIC: SOLADEST600 – IBAN: DE82 6005 0101 7469 5345 05
When making a money transfer, please provide the above file reference and cashier reference no. 9880723000014

# CERTIFICATE
## ATTESTATION

**Die unterzeichnete Behörde beehrt sich, nach Artikel 6 des Übereinkommens zu bescheinigen,**
The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,
L'autorité soussignée a l'honneur d'attester conformément à l'article 6 de ladite Convention,

**1. dass der Antrag erledigt worden ist \*)**
that the document has been served \*)
que la demande a été exécutée \*)

**- am (Datum)**       **06/23/2021**
the (date)
le (date)

**- in (Ort, Straße, Nummer)**       69115 Heidelberg, Speyerer
at (place, street, number)       Straße 4
à (localité, rue, numéro)

**- in einer der folgenden Formen nach Artikel 5:**
in one of the following methods authorised by article 5:
dans une des formes suivantes prévues à l'article 5:

**a)** **in einer der gesetzlichen Formen (Artikel 5 Absatz 1 Buchstabe a) \*).**
in accordance with the provisions of sub-paragraph a) of the first paragraph of article 5 of the Convention \*).
selon les formes légales (article 5, alinéa premier, lettre a) \*).

**b)** ~~in der folgenden besonderen Form \*):~~
~~in accordance with the following particular method \*):~~
~~selon la forme particulière suivante \*):~~

**c)** ~~durch einfache Übergabe \*):~~
~~by delivery to the addressee, who accepted it voluntarily \*):~~
~~par remise simple \*):~~

**The text documents were deposited in the letterbox belonging to the business premises or in a similar device, because a handover in the business premises was not possible (alternative service pursuant to § 180 Zivilprozessordnung [Code of Civil Procedures]).**

**Die in dem Antrag erwähnten Schriftstücke sind übergeben worden an:**
The documents referred to in the request have been delivered to:
Les documents mentionnés dans la demande ont été remis à:

~~- (Name und Stellung der Person)~~
~~- (identity and description of person)~~
~~- (identité et qualité de la personne)~~

~~- Verwandtschafts-, Arbeits- oder sonstiges Verhältnis zum Zustellungsempfänger:~~
~~- relationship to the addressee (family, business or other):~~
~~- liens de parenté, de subordination ou autres, avec le destinataire de l'acte:~~

~~2. dass der Antrag aus folgenden Gründen nicht erledigt werden konnte \*):~~
~~that the document has not been served, by reason of the following facts \*):~~
~~que la demande n'a pas été exécutée, en raison des faits suivants \*):~~

**Nach Artikel 12 Absatz 2 des Übereinkommens wird die ersuchende Stelle gebeten, die Auslagen, die in der beiliegenden Aufstellung im einzelnen angegeben sind, zu zahlen oder zu erstatten \*).**
In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement \*).
Conformément à l'article 12, alinéa 2, de ladite Convention, le requérant est prié de payer ou de rembourser les frais dont le détail figure au mémoire ci-joint \*).

**Anlagen**       - Statement of Claim dated 01/27/2021
Annexes       - Summons dated January 27, 2021 (no. 21-364)
Annexes       - Letter dated March 25, 2021

**Zurückgesandte Schriftstücke:**       - Stipulation Form
Documents returned:       - Coversheet of Civil Action
Pièces renvoyées:       - each in English with German translation

**Gegebenenfalls Erledigungsstücke:**       Ausgefertigt in **Freiburg i. Br.**       **am**   **06/30/2021**
In appropriate cases, documents establishing the service:       Done at       the
Le cas échéant, les documents justificatifs de l'exécution:       Fait à       le.

**District Court of Freiburg i. Br.**
**– The President –**

Unterschrift und/oder Stempel.       **p.p.**
Signature and/or stamp.
Signature et/ou cachet

[stamp:] [signature]
Freiburg District Court
Hirschmann
Judiciary Official

\*) Unzutreffendes streichen. / Delete if inappropriate. / Rayer les mentions inutiles.



**DATE OF TRANSLATION:**                    7/21/2021

**ENGLISH ELECTRONIC FILE NAME:**          07.19.2021 Central Auth.
                                           Correspondence

**SOURCE LANGUAGE:**                       German
**TARGET LANGUAGE:**                       English
**TRANSPERFECT JOB ID:**                   US1048405

TransPerfect is globally certified under the standards ISO 9001:2015, ISO 17100:2015, and ISO 18587:2017. This Translation Certificate confirms the included documents have been completed in conformance with the Quality Management System documented in its ISO process maps and are, to the best knowledge and belief of all TransPerfect employees engaged on the project, full and accurate translations of the source material.

TRANSPERFECT TRANSLATIONS INTERNATIONAL, INC.
TRANSPERFECT GLOBAL HQ
1250 BROADWAY, 7TH FLOOR, NEW YORK, NY 10001

TCert v. 4.0

## CERTIFICATE OF SERVICE

I, Samantha G. Zimmer, hereby certify that on this 10th day of August 2021, a true and

correct copy of Plaintiff's Affidavit of Service and accompanying exhibits has been filed

electronically and is available for viewing and downloading from the Court's ECF system.  I

further certify that I caused a true and correct copy of the same to be served upon the following

in the manner indicated below:

| | |
|---|---|
| *Via ECF* | *Via US Mail* |
| Gregory S. Hyman, Esq. | SNP Schneider-Neureither & Partner SE |
| Katharine W. Fogarty, Esq. | Dossenheimer Landstraße 100, 69121 |
| Four Penn Center | Heidelberg, Germany |
| 1600 JFK Blvd., Suite 1030 | |
| Philadelphia, PA 19103 | SN Assets Americas, LLC |
| | 222 W Las Colinas Blvd, Ste 1150E |
| *Counsel for Defendant, SNP Transformations, Inc.* | Irving, TX 75039 |
| George M. Vinci, Jr., Esq. | |
| Neal R. Troum, Esq. | |
| Spector Gadon Rosen Vinci P.C., | |
| 1635 Market Street, Seventh Floor, | |
| Philadelphia, PA 19103 | |
| *Counsel for SN Assets Americas, LLC* | |

/s/ Samantha G. Zimmer
Samantha G. Zimmer