IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JILLIAN SCHROTBERGER, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 2:21-cv-00364-JMY |
| JOHN DOE, as the ADMINISTRATOR | § | |
| of the ESTATE OF ANDREAS | § | JURY TRIAL DEMANDED |
| SCHNEIDER-NEUREITHER, SNP | § | |
| TRANSFORMATIONS, INC., SNP | § | |
| SCHNEIDER-NEUREITHER & | § | |
| PARTNER SE and SN ASSETS | § | |
| AMERICAS LLC | § | |
| | § | |
| **Defendants.** | § | |

**SNP SCHNEIDER-NEUREITHER & PARTNER SE'S REPLY IN SUPPORT OF ITS OBJECTIONS TO PLAINTIFF'S AFFIDAVIT SUBMITTED IN RESPONSE TO ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant SNP Schneider-Neureither & Partner SE ("SNP SE" or "Defendant"), submits this Reply in Support of its Objections to Plaintiff's Affidavit Submitted in Response to its Motion to Dismiss for Lack of Personal Jurisdiction. In support of its Objections, SNP SE respectfully states as follows:

## I.  INTRODUCTION

The majority of SNP SE's objections to Plaintiff's affidavit pertain to her lack of personal knowledge. In response, Plaintiff submits a supplemental affidavit that includes the phrase "personal knowledge" in nearly every paragraph. But magic words do not make an affidavit admissible. Plaintiff was required to establish the *foundation* of her personal knowledge, not merely to insist upon it. As a result, Plaintiff has failed to establish personal jurisdiction of SNP SE, and her claims against SNP SE must be dismissed. *See* Fed. R. Civ. P. 12(b)(2).

## II.      ARGUMENT & AUTHORITIES

Plaintiff's amended affidavit does little more than insert the phrase "personal knowledge" before making unsupported allegations. For example, in her original affidavit, Plaintiff states that she is "an employee of Defendant SNP Transformations, Inc. . . . and SNP Schneider Neureither & Partner SE ('SNP SE')(together, the 'SNP Entities')." *See* Doc. 27 at Ex. A ¶ 1. In her supplemental affidavit, she revises her allegation to state: "I have personal knowledge and know that I was hired by Schneider -Neurieither as a consultant to both SNP Entities." *See* Doc. 28 at Ex. A ¶ 4. Plaintiff does not address the fact that Jörg Harald Vierfuß testifies, based on SNP SE's personnel and corporate documents, to the exact opposite: "I have reviewed personnel and other corporate documents related to SNP SE's employees. My review of these documents establishes that Plaintiff was never an employee of SNP SE. Rather, she was and continues to be employed by SNP Transformations, Inc." See Doc. 27-2 ¶11. Instead of addressing the inconsistency, Plaintiff merely repeats that her information comes from "personal knowledge," but does not specify how she obtained such knowledge.

Similarly, in her original affidavit, Plaintiff states that "SNP SE wholly owns and controls SNP Transformations." *See* Doc. 27 at Ex. A ¶ 9. In her amended affidavit, Plaintiff revises this assertion to read: "Based on my knowledge and experience as the former Senior Advisor to Schneider-Neureither and as a current employee who works for the benefit of both SNP SE and SNP Transformations, SNP SE wholly owns and controls SNP Transformations." *See* Doc. 28 Ex. A ¶ 8. There is no difference in these statements apart from the preamble in the supplemental affidavit, which adds only that Plaintiff worked for Schneider-Neureither.

Finally, in Plaintiff's original affidavit, she states: "During all relevant times, SNP SE and SNP Transformations had an overlap of corporate officers, including Schneider-Neureither, who

2

was the Chairman and CEO of both SNP SE and SNP Transformations." *See* Doc. Doc. 27 at Ex. A ¶ 11. In her supplemental affidavit, the same testimony reads as follows: "Based on my knowledge and experience as the former Senior Advisor to Schneider-Neureither and as a current employee who works for the benefit of both SNP SE and SNP Transformations, I know that SNP SE and SNP Transformations shared at least one corporate officer in Schneider-Neureither." *See* Doc. 28 Ex. A ¶ 9. But Plaintiff provides no information about how her "knowledge and experience" confer personal knowledge upon her.

An affiant is required to state the basis of her personal knowledge for her testimony to be admissible. *See* Fed. R. Civ. P. 602. In *Lopresti v. Cty. of Lehigh*, the Third Circuit considered the affidavit of a corrections officer who alleged that her Union had breached its duty to fairly represent her. 572 F. App'x 133, 136 (3d Cir. 2014). In her response to the Union's motion for summary judgment, the corrections officer included an affidavit in which she stated that five other female corrections officers had *not* received grievance hearings, while seven male officers *had* received such hearings. *Id.* She argued that this evidence supported her claim that she—like the other female corrections officers she listed—had not been fairly represented by the Union. *Id.* The Third Circuit affirmed summary judgment on behalf of the Union, concluding that the corrections officer's affidavit was made "without any foundation, attribution or indication of how she had or could have personal knowledge of other officers' disciplinary records and how the Union handled them." *Id.* The corrections officer argued that she had personal knowledge of the disciplinary process "because of her long tenure" with her employer. *Id.* at 137. But the Third Circuit explained that the officer's "long tenure' does not automatically bestow personal knowledge upon her, and without more [the officer] could not testify to such unsupported claims[.]" *Id.*

The same is true of Plaintiff here. She essentially relies on her "long tenure" as Schneider-

3

Neureither's assistant to "automatically bestow" personal knowledge upon her. But personal knowledge is not acquired by osmosis: Plaintiff was required to state *how* she acquired her personal knowledge for her affidavit to be admissible. *See* Fed. R. Civ. P. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Plaintiff has introduced no evidence that she has personal knowledge of the corporate relationship between SNP Transformations, Inc. and SNP SE. Plaintiff's supplemental affidavit does nothing to cure this failure—it merely repeatedly states that Plaintiff's testimony is made on personal knowledge. But invocation of the phrase is not enough. Plaintiff's supplemental affidavit does nothing to cure the defects in her original affidavit, which remains insufficient to establish personal jurisdiction over SNP SE.[1]

### III.   CONCLUSION

Plaintiff has failed to establish personal knowledge for the statements in her amended and supplemental affidavits. Accordingly, SNP SE prays that his Court sustain SNP SE's objections, disregard Plaintiff's supplemental affidavit, disregard paragraphs 1, 2, 6, and 9–11 of her original affidavit, dismiss all of Plaintiff's claims against SNP SE for lack of personal jurisdiction, and grant SNP SE all other and further relief to which it is entitled.

---

[1] As SNP SE notes in its Objections, even if the Court accepts Plaintiff's affidavit as true, Plaintiff's allegations are still insufficient to establish personal jurisdiction over SNP SE. Plaintiff's attempt to distinguish the case law in SNP SE's Objections by characterizing those cases as considering legal sufficiency, rather than admissibility, misses the point. Whether Plaintiff's affidavit is admitted or not, Plaintiff has still not carried her burden.

Dated: October 6, 2021            Respectfully submitted,

           */s/Adam T. Simons*
Adam T. Simons
Pennsylvania Bar No. 322256
asimons@mcguirewoods.com
**MCGUIREWOODS LLP**
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
Telephone: 410.659.4400
Facsimile:  410.659.4599

Joel S. Allen
Texas Bar No. 795069
jallen@mcguirewoods.com
(*Pro Hac Vice Forthcoming*)
Olga A. Bograd
Texas Bar No. 24075613
obograd@mcguirewoods.com
(*Pro Hac Vice Forthcoming*)
**MCGUIREWOODS LLP**
2000 McKinney Avenue, Suite 1400
Dallas, Texas 75201
Telephone: 214.932.6400
Facsimile:  214.932.6499

*Attorneys for Defendant
SNP Schneider-Neureither & Partner SE*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on this 6th day of October, 2021, which constitutes service on Plaintiff's counsel of record, who are registered users of the CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E).

                                        */s/ Adam T. Simons*
                                        Adam T. Simons
                                        Pennsylvania Bar No. 322256
                                        **MCGUIREWOODS LLP**
                                        500 East Pratt Street, Suite 1000
                                        Baltimore, Maryland 21202-3169
                                        Telephone: 410.659.4400
                                        Facsimile:  410.659.4599
                                        asimons@mcguirewoods.com