IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jillian Schrotberger,<br><br>                    Plaintiff,<br>      v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>                    Defendants. | No. 2:21-cv-00364 |

**ORDER**

AND NOW, this ___ day of _____, 2021, upon consideration of the Renewed Motion to Dismiss of Defendant SN Assets Americas, LLC, and any response thereto, it is hereby ORDERED, ADJUDGED, and DECREED that the motion is GRANTED. Plaintiff's claims against Defendant SN Assets Americas, LLC are hereby DISMISSED with PREJUDICE.

BY THE COURT:

_____
                                            Younge, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jillian Schrotberger,<br><br>    Plaintiff,<br>v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>    Defendants. | No. 2:21-cv-00364 |

### Renewed Motion to Dismiss of Defendant SN Assets Americas, LLC

Pursuant to Federal Rule of Civil Procedure 12(b)(2), Defendant SN Assets Americas, LLC respectfully moves the Court to dismiss the Complaint with prejudice for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference. A form of Order is also provided.

            Respectfully submitted,

            /s/ George M. Vinci, Jr.
            George M. Vinci, Jr., Esquire
            Neal R. Troum, Esquire
            Spector Gadon Rosen Vinci P.C.
            1635 Market Street
            Seventh Floor
            Philadelphia, PA 19103
            (215) 241-8888
            gvinci@lawsgr.com, ntroum@lawsgr.com

Dated: October 15, 2021      *Attorneys for Defendant SN Assets Americas, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Jillian Schrotberger,<br><br>　　　　　　Plaintiff,<br>v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>　　　　　　Defendants. | No. 2:21-cv-00364 |

**Memorandum in Support of**
**Renewed Motion to Dismiss of Defendant SN Assets Americas, LLC**

## I.　Background

### A.　Factual Background

The gravamen of this action is that Plaintiff, Jillian Schrotberger ("Ms. Schrotberger"), claims she underwent abuse at the hands of Andreas Schneider-Neureither ("Mr. Schneider-Neureither"). Ms. Schrotberger brings claims against the estate of Mr. Schneider-Neureither, who is deceased; against certain companies allegedly related to Mr. Schneider-Neureither for whom Ms. Schrotberger worked, including SNP Transformation, Inc. ("SNP") and SNP Schneider-Neureuther & Partner, SE ("SNP SE"); and moving Defendant SN Assets Americas, LLP ("SN Assets").[1] Ms. Schrotberger's Complaint recounts allegations of battery, harassment, and coercion.

As against Defendant SN Assets, however, the averments in the Complaint are few and far between.  We are told that SN Assets is a Texas LLC with a Texas business address that owns

---

[1] Ms. Schrotberger plays fast and loose with the record, admitting that she was employed by SNP and SNP SE, (Compl. ¶ 10), yet at other times she inaccurately suggests that SN Assets employed her, (Compl. ¶ 2), which Plaintiff knows is not true.

property in Texas. (Compl. ¶ 8.) Plaintiff avers that SN Assets allegedly contributed to Ms. Schotberger's salary by paying the rent at her personal residence in Pennsylvania in 2018. (Compl. ¶¶ 13-14.) And, SN Assets may have been involved with reimbursing an employee for a business expense in Pennsylvania on one occasion. (Compl. ¶ 15.) But that's is. There are no other averments in the Complaint that seek to tie SN Assets to the forum state, Pennsylvania, to the allegations of wrongdoing herein, or that or otherwise provide a basis for the imposition of liability. As a result, this case must be dismissed as to SN Assets because this Court lacks personal jurisdiction over SN Assets.

### B. **Procedural Background**

Plaintiff filed this action in January 2021. She made several unsuccessful attempts to serve SN Assets, after which SN Assets filed a motion to dismiss on July 16, 2021 (docket 18), seeking dismissal based on lack of personal jurisdiction and improper service. That motion is fully briefed and remains pending (and has now been mooted by the instant filing). Plaintiff then moved for alternative service on SN Assets (docket 19), which the Court granted (docket 29). Plaintiff filed her affidavit of service on SN Assets on October 11, 2021 (docket 39).

SN Assets now files this renewed motion to dismiss, which removes the service argument, seeking dismissal from this action for lack of personal jurisdiction.

## II. **Standard of Review**

Once a defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the court's jurisdiction over the defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[T]he plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence," and may not "rely on the bare pleadings alone." *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990).

Where an evidentiary hearing is held, "the plaintiff has the . . . substantial burden of proving that personal jurisdiction is proper by a preponderance of the evidence." *Leone v. Cataldo*, 574 F. Supp. 2d 471, 477 (E.D. Pa. 2008) (internal quotation marks omitted).

Federal Rule of Civil Procedure Rule 4(e) authorizes personal jurisdiction over non-resident defendants to the extent permissible under the law of the state in which the District Court sits. *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 697 (3d Cir. 1990). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction over nonresident defendants to the extent permitted by the U.S. Constitution. *N. Penn Gas Co. v. Corning Nat. Gas Corp.*, 897 F.2d 687, 689-90 (3d Cir. 1990); 42 Pa.C.S.A. § 5322(b). The due process limit to the exercise of personal jurisdiction is governed by a two-part test. *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. *Id.* Second, the assertion of personal jurisdiction over the defendant must comport with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 440 (E.D. Pa. 2006). Personal jurisdiction may be exercised under two distinct theories: general jurisdiction and specific jurisdiction. Neither exists herein with respect to SN Assets.

### III.   Argument[2]

Dismissal of SN Assets is required because this Court does not have personal jurisdiction over this Texas entity. There is neither general nor specific personal jurisdiction over SN Assets

---

[2] SN Assets seeks dismissal herein based on lack of personal jurisdiction over SN Assets in this Court. Because dismissal of this action is required on these grounds, SN Assets does not challenge the merits of Plaintiff's claims under Rule 12(b)(6) at this time. However, in the event the Court declines to dismiss the claims against SN Assets pursuant to the arguments set forth herein, SN Assets will raise its merits arguments in a motion for judgment on the pleadings under Rule 12(c), which arguments will not have been waived. Fed.R.Civ.P. 12(h)(2).

in this Court.

### A.     There Is No General Jurisdiction

The exercise of general jurisdiction over a nonresident requires a plaintiff to establish that the defendant's contacts with the forum state are "so continuous and substantial" that the defendant should reasonably expect to be haled into court there on any cause of action. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). The plaintiff must come forward with "extensive and persuasive" facts indicating that the defendant has maintained such continuous and substantial forum affiliations. *Metallic Ceramic Coatings, Inc. v. Precision Prods.*, Inc., 2001 WL 122227, at *2 (E.D. Pa. Feb.13, 2001); *see also Reliance Steel Prod. v. Watson, Ess, Marshall, & Enggas*, 675 F.2d 587, 588–89 (3d Cir. 1982).

SN Assets has no such contacts with Pennsylvania. As its Tax Manager, who is familiar with SN Assets' books and papers, has established, SN Assets has no continuous or substantial contacts with the Commonwealth of Pennsylvania. (Declaration of Tiffany Nguyen ("Nguyen Decl.") ¶¶ 1-3, attached hereto as Exhibit 1.) SN Assets is a Texas entity formed under Texas law. (Nguyen Decl. ¶ 5.) It is physically located in Irving Texas, and that is the only place it does business, and so it would have no Pennsylvania property, accounts, employees, offices, etc. in Pennsylvania. (*Id.* ¶¶ 6-7.) And the Pennsylvania Secretary of State corporation search does not reveal that SN Assets is licensed to do business in Pennsylvania. (https://www.corporations.pa.gov/search/corpsearch.)

Where, as here, SN Assets is not registered to conduct business in Pennsylvania, does not maintain offices or employees in Pennsylvania, does not own property in Pennsylvania, etc., general jurisdiction does not exist. *D'Onofrio*, 430 F. Supp. 2d at 440.

### B. There Is No Specific Jurisdiction

Nor is there specific personal jurisdiction for Ms. Schrotberger's claims against SN Assets. Specific jurisdiction arises when the plaintiff's "claim is related to or arises out of the defendant's contacts with the forum." *Dollar Sav. Bank v. First Sec. Bank*, 746 F.2d 208, 211 (3d Cir.1984). Specific jurisdiction exists only where the relationship among the defendant, the causes of action, and the forum satisfies the "minimum contacts" analysis. *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). Put differently, specific jurisdiction is appropriate only if the plaintiff's claims stem from the defendant's forum-related activities such that it should reasonably expect to be haled into court. *Vetrotex*, 75 F.3d at 151.

Further, the defendant must have "purposefully directed his activities at residents of the forum," and plaintiff's claims must result from alleged injuries that "arise out of or relate[] to those activities." *BP Chem., Ltd. v. Formosa Chem. & Fibre Corp.*, 229 F.3d 254, 259 (3d Cir. 2000) (internal quotations omitted). Moreover, a defendant's contacts with the forum that "are not the basis of the alleged [wrongful] acts . . . are not considered in a finding of specific jurisdiction." *Hydro Eng'g v. Landa, Inc.*, 231 F. Supp. 2d 1130, 1135 (D. Utah 2002). That is, "[q]uestions of specific jurisdiction are properly tied to the particular claims asserted." *Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). The factors courts consider in this context include "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, [and] the interstate [and international] judicial system's interest in obtaining the most efficient resolution of controversies." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 324 (3d Cir. 2007).

The factors considered by courts in this context demonstrate that jurisdiction is lacking. The burden on SN Assets – which has no Pennsylvania presence – of litigating in Pennsylvania would be significant. And Pennsylvania's interest in adjudicating this dispute as to SN Assets, a non-resident with virtually no contacts with the forum, is minimal if not nonexistent. And the case-specific allegations as to SN Asset are inconsequential at best. In terms of jurisdictional facts, Plaintiff falls short. All Plaintiff can muster is the averment that SN Assets allegedly contributed to Ms. Schotberger's salary by paying the rent at her personal residence in 2018, (Compl. ¶¶ 13-14), and SN Assets may have been involved with reimbursing an employee for a business expense in Pennsylvania on one occasion, (Compl. ¶ 15). But none of those facts is sufficient to show "defendant's suit-related conduct" that "create[s] a substantial connection with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). The sum total of SN Assets' contacts with Pennsylvania amount to nothing more than the payment of rent in one year and, according to the Complaint, the possible repayment of some unknown business expense. None of these contacts, even if true, supports the exercise of specific personal jurisdiction against SN Assets. Vague allegations of rent or reimbursement of a business expense cannot support the exercise of personal jurisdiction. *Hill v. Consultants in Pathology*, S.C., 345 F. Supp. 3d 1011, 1015 (N.D. Ill. 2018) ("[W]here factual assertions amount only to vague generalizations or unsupported allegations, they are not enough to support personal jurisdiction."); *Prospect Funding Holdings, LLC v. Vinson*, 256 F. Supp. 3d 318, 323 (S.D.N.Y. 2017) ("conclusory statements without any supporting facts . . . lack the factual specificity necessary to confer jurisdiction"). Further, none of the Defendants is a Pennsylvania entity, and the abuse alleged in the Complaint happened predominantly in Texas and Germany (*e.g.*, Compl. ¶¶ 19, 22). Pennsylvania's interest in this matter is thus attenuated.

Nor can Ms. Schrotberger show that the required "purposeful direction" needed to establish specific jurisdiction exists or that its claims are alleged to result from such activities. While the Complaint purports to include a few allegations that try to connect SN Assets with the forum, none of those allegations has anything to do with Ms. Schrotberger's claims or injury. The gravamen of her case is, in Ms. Schrotenberger's own words:

> What followed would be the first in a long series of sexual assaults, harassment and coerced sex acts by Schneider-Neureither, all with common elements: Schneider-Neureither, heavily intoxicated from drugs and alcohol, would coerce Schrotberger into a hotel room, and with a combination of promises, threats and even violence, would engage in unwanted sexual intercourse with Schrotberger.

(Compl. ¶ 18.) But none of the averments in the Complaint that purport to tie SN Assets to this forum relates to such alleged wrongdoing. As a result, personal jurisdiction over SN Assets with respect to Plaintiff's claims does not exist.

## IV.   Conclusion

For the foregoing reasons, Defendant SN Assets Americas, LLC, respectfully requests that the Court dismiss Plaintiff's claims against it with prejudice.

Respectfully submitted,

/s/ George M. Vinci, Jr.
George M. Vinci, Jr., Esquire
Neal R. Troum, Esquire
Spector Gadon Rosen Vinci P.C.
1635 Market Street
Seventh Floor
Philadelphia, PA 19103
(215) 241-8888
gvinci@lawsgr.com, ntroum@lawsgr.com

Dated: October 15, 2021         *Attorneys for Defendant SN Assets Americas, LLC*

## Certificate of Service

      I, Neal R. Troum, hereby certify that I filed the foregoing with the Court's ECF/CM electronic filing system, which served it upon all counsel of record.

Dated: October 15, 2021          /s/ Neal R. Troum  
                                                  Neal R. Troum

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Schrotberger,<br><br>          Plaintiff,<br>v.<br><br>John Doe, as Administrator of the Estate of Andreas Schneider-Neureither, et al.,<br><br>          Defendants. | No. 2:21-cv-00364 |

### Declaration of Tiffany Nguyen

I, Tiffany Nguyen, pursuant to 28 U.S.C. § 1746, being of full age, hereby declare as follows:

1. I am a Tax Manager for Meredith CPAs ("Meredith"). I work at Meredith's offices at 222 W. Las Colinas Blvd., Suite 1150E, Irving, TX 75039.

2. I make this Declaration in Support of the Motion to Dismiss of Defendant SN Assets Americas, LLC ("SN Assets"), in the above-captioned matter.

3. I make this Declaration based on my personal knowledge.

4. SN Assets is a client of Meredith's for accountancy purposes. Meredith provides only accounting services to SN Assets. Meredith is not SN Assets' registered agent for process. Meredith is not authorized to accept service of process for SN Assets.

5. SN Assets is a limited liability company formed under the laws of Texas.

6. SN Assets is physically located in Irving, Texas.

7. The only place where I am aware SN Assets does business is in Irving, Texas.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __July 12__, 2021, in __Irving__, Texas.

_____
Tiffany Nguyen