IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER; ET AL. <br><br> Defendants. | : <br> : <br> : <br> : <br> : Civil Action No. 2:21-CV-00364-JMY <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

**JOINT STATUS REPORT OF THE RULE 26(f) MEETING**

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on November 9, 2021 and submit the following report of their meeting for the Court's consideration:

**I.    Discussion of Claims, Defenses and Relevant Issues**

a.  Plaintiff's Position

On January 27, 2021, Ms. Schrotberger commenced this action asserting tort claims arising from the acts and omissions of Andreas Schneider-Neureither, a German national, and defendants, SNP Transformations, Inc. ("SNP Transformations"), SN Assets Americas, LLC ("SN Assets"), and SNP Schneider-Neureither & Partner SE ("SNP SE"). Specifically, in her complaint Ms. Schrotberger seeks recourse for the physical and emotional abuse, including rape, she suffered at the hands of her now-deceased former boss. She further asserts claims of negligence, gross negligence and recklessness against her employers and the entity that owns the property in which she was physically assaulted, due to their concerted actions which caused

Schrotberger to be physical and emotionally harmed. Schrotberger further alleges conspiracy against all defendants.

On November 4, 2021, Ms. Schrotberger filed a motion for leave to amend her complaint to add federal employment discrimination and retaliation claims against SNP Transformations. The Court has not ruled on that motion.

Ms. Schrotberger was hired in March 2018 as a full-time employee with the job title of Chief Executive Assistant to Schneider-Neureither.[1] Ms. Schrotberger reported to Schneider-Neureither in his dual capacities at the SNP Entities, as well as his capacity as a principal of SN Assets, and her salary was paid by each of these entities in varying ways. The harassing and discriminatory conduct continued throughout her employment. Indeed, Schneider-Neureither committed acts of sexual violence; inappropriate touching; sexual jokes, statements and innuendos; and repeatedly told Ms. Schrtoberger that he loved her and wanted to marry her. Schneider-Neureither also made disparaging comments about other women, people of color and anyone else he believed was inferior to him. Others at the SNP Entities regularly witnessed Schneider-Neureither's conduct against Ms. Schrtoberger, which Schneider-Neureither told co-workers and others was consensual – which it was not. Ms. Schrotberger did not immediately go to the human resources department because she knew that doing so would result in retaliation and/or termination, as she had witnessed other women complain about Schneider-Neureither and the sexualized culture at the SNP Entities and then face immediate backlash. Instead, Ms. Schrotberger attempted to ignore and refuse Schneider-Neureither's sexual advancements and conduct, until she simply could no longer endure it.

---

[1] At all relevant times, Schneider-Neureither was the CEO and Chairman of the Boards of SNP and SNP SE (together, the "SNP Entities"). Schneider-Neureither also was the largest single shareholder of SNP SE and a principal of SN Assets.

In July 2020, Ms. Schrotberger accepted a promotion to a more senior position, with responsibilities at the level between the President of SNP Transformations and Chief Operating Officer of SNP SE.  Ms. Schrotberger was also promised a significant pay increase with this promotion.  Soon after she accepted the promotion, Ms. Schrotberger complained to the President of SNP Transformations, Derek Oats, about the abuse and harassment she was subjected to by Schneider-Neureither, his son (also an employee at the company) and others at the SNP Entities.  Immediately thereafter, Schneider-Neureither learned about the internal complaint, which resulted in immediate retaliation by the SNP Entities against Ms. Schrotberger.

Due to the open and notorious conduct by Schneider-Neureither and the culture fostered by the SNP Entities, Plaintiff has identified more than 40 potential witnesses in this matter.

b. Defendant SNP SE's Position.

Defendant SNP Schneider-Neureither & Partner SE ("SNP SE") did not employ Plaintiff and should not be subjected to personal jurisdiction in this forum.  SNP SE has moved for dismissal for lack of personal jurisdiction (Doc. 27). Should SNP SE's motion be denied, SNP SE will respond to Plaintiff's allegations in its answer, to the extent that it has the knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations.

c. Defendant SN Assets America's Position

Defendant SN Assets America, LLC ("SN Assets") also did not employ Plaintiff and believes no basis exists for liability against it.  SN Assets is also not subject to personal jurisdiction in this Court.  SN Assets has filed a motion to dismiss for lack of personal jurisdiction, which is fully briefed.

      d. <u>SNP Transformations' Position</u>

Defendant SNP Transformations, Inc. ("SNP Transformations") denies Plaintiff's allegations. Plaintiff and her supervisor, Andreas Schneider-Neureither ("Schneider-Neureither") had been involved in a consensual romantic relationship prior to her commencement of employment with SNP Transformations, and shared a long, successful professional and friendly relationship after their romantic relationship concluded.

SNP Transformations, Plaintiff's employer, eliminated Plaintiff's position as Schneider-Neureither's assistant in the United States due to the effects of COVID-19 and the lack of travel. Without the continuous travel of Schneider-Neureither, Plaintiff was left without her primary job responsibilities, rendering her position obsolete. Notwithstanding, SNP Transformations offered Plaintiff a similar alternate position without any loss of pay or benefits, which Plaintiff accepted. Further, SNP Transformations did not change Plaintiff's employment in any way after Schneider-Neureither died in November 2020. Plaintiff remains employed with SNP Transformations, still serving in an equivalent administrative and supporting role with no lost pay or other benefits, and with none of the other terms and conditions of her employment having been altered in any material way.

## II. Informal Disclosures

Plaintiff, SNP Transformations and SN Assets have each exchanged Rule 26(a)(1) initial disclosures. Plaintiff and SNP Transformation further intend to produce documents identified in their respective disclosures prior to the parties' Rule 16 conference with the Court. SNP SE moved for a stay of discovery as to it (Doc. 41) pending a ruling on its Motion to Dismiss for Lack of Personal Jurisdiction (Doc. 27). Accordingly, SNP SE has not exchanged initial

disclosures at this time. SN Assets has joined in the motion for stay of discovery filed by SNP SE.

### III.  Formal Discovery

Given the claims made, including against the estate of Schneider-Neureither, a German national, and the number of witnesses identified by Plaintiff, the parties agree that a six (6) month discovery schedule is appropriate, and respectfully request that the Court permit the same. Plaintiff intends to serve written discovery requests prior the Rule 16 conference and anticipates that the scheduling of depositions will begin soon thereafter. SNP Transformations also intends to serve written discovery requests prior to the Rule 16 conference. SNP SE, however, believes that an enlargement of time for discovery may be necessary depending on the timing and outcome of the Court's decision on its motion to dismiss for lack of personal jurisdiction.

The parties have initially addressed e-discovery and have agreed to continue discussions to identify search terms and date range(s) for all appropriate searches. While the parties anticipate arriving at a mutually agreeable and cost-effective e-discovery plan, they respectfully request an opportunity to address the Court should any objections or disputes arise.

Further, Plaintiff anticipates entering into a standard form of Confidentiality Order.

### IV.  Expert Witness Disclosures

Plaintiff intends to identify expert(s) on the issues of damages, and SNP Transformations, Inc. intends to identify rebuttal expert witnesses. Plaintiff proposes that all expert reports be filed simultaneous by the parties within 30 days after the close of discovery, and all rebuttal reports due 30 days thereafter. The parties anticipate taking the deposition(s) of all designated experts.

## V. Early Settlement and Resolution

Plaintiff and SNP Transformations engaged in private mediation prior to the filing of the complaint. At this time, the parties believe any further ADR should occur after the exchange of written discovery and key witness depositions.

## VI. Magistrate Jurisdiction

The parties respectfully request that this matter not be transferred the jurisdiction of a U.S. Magistrate Judge.

## VII. Trial Date

Given the number and location of the parties and the anticipated witnesses, Plaintiff respectfully requests that a date certain be assigned to this matter.

## VIII. Other Matters

N/A

Respectfully submitted,

| **KLEINBARD LLC** | **KAUFMAN DOLOWICH & VOLUCK** |
|---|---|
| /s/ Matthew H. Haverstick | /s/ Katharine W. Fogarty |
| Matthew H. Haverstick | Greg Hyman, Esquire |
| Eric J. Schreiner | Katharine W. Fogarty, Esquire |
| Lorena E. Ahumada | Four Penn Center |
| Samantha G. Zimmer | 1600 JFK Blvd., Suite 1030 |
| Three Logan Square, 5th Floor | Philadelphia, PA 19103 |
| 1717 Arch Street | (215) 501-7044 |
| Philadelphia, PA 19103 | |
| (215) 568-2000 | *Counsel for Defendant, SNP Transformations, Inc.* |
| *Counsel for Plaintiff, Jillian Schrotberger* | |

| | |
|---|---|
| **MCGUIREWOODS LLP**<br><br>*/s/ Adam T. Simons*<br>Adam T. Simons<br>Pennsylvania Bar No. 322256<br>asimons@mcguirewoods.com<br>500 East Pratt Street, Suite 1000<br>Baltimore, Maryland 21202-3169<br>Telephone: 410.659.4400<br>Facsimile:  410.659.4599<br><br>Joel S. Allen<br>Texas Bar No. 795069<br>jallen@mcguirewoods.com<br>(*Admitted Pro Hac Vice*)<br>Olga A. Bograd<br>Texas Bar No. 24075613<br>obograd@mcguirewoods.com<br>(*Admitted Pro Hac Vice*)<br>2000 McKinney Avenue, Suite 1400<br>Dallas, Texas 75201<br>Telephone: 214.932.6400<br>Facsimile:  214.932.6499<br><br>*Attorneys for Defendant*<br>*SNP Schneider-Neureither & Partner SE* | /s/ George M. Vinci, Jr.<br>George M. Vinci, Jr., Esquire<br>Neal R. Troum, Esquire<br>Spector Gadon Rosen Vinci P.C.<br>1635 Market Street<br>Seventh Floor<br>Philadelphia, PA 19103<br>(215) 241-8888<br>gvinci@lawsgr.com, ntroum@lawsgr.com<br><br>*Attorneys for Defendant SN Assets Americas, LLC* |

Dated: November 11, 2021