**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JILLIAN SCHROTBERGER, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 2:21-CV-00364-JMY |
| | : | |
| v. | : | |
| | : | |
| JOHN DOE, as the ADMINISTRATOR of | : | **JURY TRIAL DEMANDED** |
| the ESTATE OF ANDREAS SCHNEIDER- | : | |
| NEUREITHER, | : | |
| | : | |
| and | : | |
| | : | |
| SNP TRANSFORMATIONS, INC., | : | |
| | : | |
| and | : | |
| | : | |
| SNP SCHNEIDER-NEUREITHER & | : | |
| PARTNER SE, | : | |
| | : | |
| and | : | |
| | : | |
| SN ASSETS AMERICAS LLC, | : | |
| | : | |
| Defendants. | : | |

**DEFENDANT SNP TRANSFORMATIONS, INC.'S ANSWER TO PLAINTIFF'S**
**AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant SNP Transformations, Inc. ("SNP Transformations") by and through its counsel, Kaufman Dolowich & Voluck, LLP, answer Plaintiff Jillian Schrotberger's Amended Complaint as follows:

**Jurisdiction and Venue**

1.      SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, SNP Transformations denies the allegations and Plaintiff is left to her proofs.

2.      SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, SNP Transformations denies the allegations except to admit only that Plaintiff asserts claims under Title VII.

3.      SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, SNP Transformations denies the allegations except to admit only that Plaintiff asserts state law claims.

4.      SNP Transformations admits only that it has an office in Pennsylvania where Plaintiff is employed.  SNP Transformations neither admits nor denies the remaining allegations in this paragraph the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, SNP Transformations denies the allegations and Plaintiff is left to her proofs.

5.      SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, SNP Transformations denies the allegations and Plaintiff is left to her proofs.

**The Parties**

6.      Upon information and belief, SNP Transformations admits the allegations in this paragraph of the Amended Complaint.

7.      SNP Transformations admits the allegations in this paragraph of the Amended Complaint.

8.      The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

9.      SNP Transformations admits only that it is a Virginia corporation with a Pennsylvania address.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

10.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

11.     SNP Transformations admits only that it has over 15 employees.  After reasonable investigation, SNP Transformations is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations in this paragraph of the Amended Complaint as "all materials times" is not defined and the same are therefore denied and Plaintiff is left to her proofs.

12.     After reasonable investigation, SNP Transformations is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Amended Complaint as "all material times" is not defined and the same are therefore denied and Plaintiff is left to her proofs.

13.     The allegations in this paragraph of the Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

14.     SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, after reasonable investigation, SNP Transformations is

presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations as "all material times" is not defined in this paragraph of the Amended Complaint and the same are therefore denied and Plaintiff is left to her proofs.

15.     SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

16.     SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

**Administrative Procedures**

17.     SNP Transformations admits only that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Pennsylvania Human Relations Commission ("PHRC").   SNP Transformations neither admits nor denies the remaining allegations in this paragraph of the Amended Complaint as the allegations refer to the EEOC's Notice of Rights to Sue, a document which speaks for itself.

18.     SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as the allegations refer to the EEOC's Notice of Rights to Sue, a document which speaks for itself.

19.     SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.

20.     SNP Transformations neither admits nor denies the allegations in this paragraph of the Amended Complaint as they are conclusions of law to which no response is required.

**Facts**

21.     There are no allegations contained in this paragraph the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

22.     SNP Transformations admits only that Plaintiff was hired on March 1, 2018 as a full-time employee as the Chief Executive Assistant to SNP Transformation's Chairman of the Board.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

23.     SNP Transformations admits only that Andreas Schneider-Neureither was the Chairman of the Board of SNP Transformations.  SNP Transformations further admits that Plaintiff reported directly to him.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

24.     SNP Transformations admits only that in May 2018, Plaintiff held the position of Senior Advisor to SNP Transformations' Chairman of the Board. SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

25.     After reasonable investigation, SNP Transformations is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Amended Complaint and the same are therefore denied and Plaintiff is left to her proofs.

26.     After reasonable investigation, SNP Transformations is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in

this paragraph of the Amended Complaint and the same are therefore denied and Plaintiff is left to her proofs.

27.     After reasonable investigation, SNP Transformations is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Amended Complaint and the same are therefore denied and Plaintiff is left to her proofs.

28.     SNP Transformations admits only that Plaintiff was paid an annual salary.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

29.     SNP Transformations admits only that Plaintiff was introduced to Mr. Schneider-Neureither in November 2017 in Las Vegas.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

30.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

31.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

32.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

33.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

34.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

35.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

36.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

37.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

38.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

39.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

40.     SNP Transformations denies the allegations in this paragraph and its subparts of the Amended Complaint both factually and as conclusions of law.

41.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

42.     SNP Transformations denies the allegations in this paragraph and its subparts of the Amended Complaint both factually and as conclusions of law.

43.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

44.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

45.     SNP Transformations denies the allegations in this paragraph and its subparts of the Complaint both factually and as conclusions of law.

46.     After reasonable investigation, SNP Transformations is presently without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations in this paragraph of the Amended Complaint with regard to Plaintiff's subjective feelings and the same are therefore denied and Plaintiff is left to her proofs.

47.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

48.     SNP Transformations admits only that Plaintiff spoke to former CEO, Derek Oats.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

49.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

50.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

51.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint.

52.     SNP Transformations admits only that Mr. Schneider-Neureither died on November 2, 2020.  SNP Transformations denies the remaining allegations in this paragraph of the Amended Complaint and Plaintiff is left to her proofs.

**COUNT I**
**Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither**
**Battery**

53.     There are no allegations contained in this paragraph of the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent

a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

54.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

55.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

56.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

57.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

58.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

59.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

**WHEREFORE**, SNP Transformations demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

**COUNT II**
**Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither**
**Assault**

60.     There are no allegations contained in this paragraph of the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

61.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

62.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

63.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

64.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

65.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

66.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

**WHEREFORE**, SNP Transformations demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

## COUNT III
### Jillian Schrotberger v. The Estate of Andreas Schneider-Neureither
### Intentional and Negligent Infliction of Emotional Distress

67.     There are no allegations in this paragraph of the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

68.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

69.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

70.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

71.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

72.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

73.     The allegations in this paragraph of the Amended Complaint are directed at a party other than SNP Transformations and therefore no response is required from SNP Transformations.

**WHEREFORE**, SNP Transformations demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

**COUNT IV**
**Jillian Schrotberger v. SNP Transformations, Inc.**
**Violations of Title VII, 42 U.S.C. §2000e *et seq.***

74.     There are no allegations in this paragraph the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

75.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

76.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

77.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

78.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

79.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

80.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

81.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

82.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

83.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

**WHEREFORE**, SNP Transformations demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

## COUNT V
### Jillian Schrotberger v. The SNP Entities and SN Assets Americas LLC
### Negligence, Gross Negligence and Recklessness

84.     There are no allegations in this paragraph of the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

85.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

86.     SNP Transformations denies the allegations in this paragraph and its subparts of the Amended Complaint both factually and as conclusions of law.

87.     SNP Transformations denies the allegations in this paragraph of the Complaint both factually and as conclusions of law.

**WHEREFORE**, SNP Transformations demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

## COUNT VI
### Jillian Schrotberger v. All Defendants
### Conspiracy

88.     There are no allegations in this paragraph of the Amended Complaint as it is an incorporation paragraph only and therefore no response is required thereto.  To the extent a response is required, SNP Transformations incorporates by reference its responses to the allegations above as if set forth at length herein.

89.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

90.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

91.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

92.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

93.     SNP Transformations denies the allegations in this paragraph of the Amended Complaint both factually and as conclusions of law.

**WHEREFORE**, SNP Transformations demands the entry of judgment in its favor dismissing with prejudice any and all claims asserted against it, together with any other relief this Court deems just and appropriate.

## AFFIRMATIVE DEFENSES[1]

Without assuming any burden of proof that would otherwise rest with Plaintiff, SNP Transformations states the following affirmative defenses:

1.     Plaintiff's Amended Complaint as a whole and each count individually fails to state a claim upon which relief can be granted.

2.     SNP Transformations acted lawfully and appropriately at all times herein and did not violate Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, or any other statute, law or ordinance with regard to Plaintiff's employment.

3.     SNP Transformations complied with all governing laws, statutes, and policies in dealing with Plaintiff.

4.     SNP Transformations complied fully with all applicable standards of care with respect to Plaintiff's employment and the matters alleged in the Amended Complaint.

5.     Plaintiff's claims against SNP Transformations are barred or limited because SNP Transformations was not negligent, careless, or reckless at any time material to Plaintiff's claims.

6.     Plaintiff was not deprived of any rights created or recognized by any state or federal law at any time.

---

[1] SNP Transformations reserves the right to assert additional defenses and/or supplement, alter, and change its Answer to Plaintiff's Amended Complaint upon the revelation of more definite facts by the various parties to this suit and third-party witnesses.

7.      SNP Transformations did not violate any public policy or legal duty with regard to Plaintiff's employment, nor did SNP Transformations breach or violate any provision, duty to or right of Plaintiff under any policies of SNP Transformations.

8.      SNP Transformations did not engage in any unlawful, discriminatory, or retaliatory conduct against Plaintiff.

9.      Plaintiff was not subjected to sex discrimination, harassment or retaliation of any kind.

10.     All actions taken by SNP Transformations with regard to Plaintiff's employment were made in good faith and for legitimate, non-discriminatory and non-retaliatory reasons and were not based on any protected classification.

11.     Plaintiff cannot prove a causal connection between her alleged complaints and any alleged adverse employment action.

12.     If Plaintiff was subjected to discriminatory or otherwise unlawful conduct, which SNP Transformations specifically denies, SNP Transformations maintains a policy against such conduct and exercised reasonable care to prevent and promptly correct any purportedly unlawful behavior in the workplace and therefore SNP Transformations cannot be held vicariously liable for any alleged discriminatory, retaliatory, harassing or otherwise unlawful conduct, which is contrary to SNP Transformations' express policies, procedures, and good faith efforts to comply with applicable laws.

13.     If Andreas Schneider-Neureither engaged in any discriminatory, harassing, retaliatory, or otherwise unlawful conduct, which SNP Transformations expressly denies, such conduct occurred outside the scope of his employment and therefore SNP Transformations cannot be held vicariously liable.

14.     Plaintiff did not suffer any damages as a result of any action or inaction of SNP Transformations for which SNP Transformations can be liable.

15.     Plaintiff's claims are barred or limited because any alleged conduct was consensual and not unwelcome.

16.     The Complaint as a whole and each count individually fails to state a claim for compensatory, punitive or other damages or injunctive relief, nor is Plaintiff entitled to any damages or relief under governing law or the facts herein.

17.     Plaintiff's claims against SNP Transformations are barred or limited because there is no causal relationship between an act or omission on the part of SNP Transformations and the damages Plaintiff alleges to have suffered.

18.     Plaintiff's claims against SNP Transformations are barred or limited because SNP Transformations acted in a proper and appropriate manner and its acts were not a factor in the damages, if any, suffered by Plaintiff.

19.     Plaintiff's claims against SNP Transformations are barred or limited to the extent the injuries or losses alleged in Plaintiff's Amended Complaint were contributorily caused or entirely caused by the negligent or liability producing acts or omissions of individuals or entities other than SNP Transformations.

20.     Plaintiff's claims against SNP Transformations are barred or limited to the extent that other people were negligent, and this negligence proximately contributed to the events that gave rise to Plaintiff's Amended Complaint.

21.     Plaintiff's claims against SNP Transformations are barred or limited by the Pennsylvania Comparative Negligence Statute.

22.     Plaintiff's claims are insufficient to entitle her to an award of attorneys' fees and

costs.

23.     If Plaintiff suffered any damages or losses, which SNP Transformations denies, such damages or losses were not proximately caused by any unlawful acts or omissions of SNP Transformations, but were caused in whole or in part by Plaintiff's own acts, omissions or conduct, or by the acts, omissions or conduct of third parties other than that of SNP Transformations about which SNP Transformations had no prior knowledge and for whom they had no duty of supervision or control and are not legally responsible.

24.     Plaintiff's claims are not brought in good faith, and SNP Transformations shall seek attorneys' fees and costs under all applicable statutes.

25.     Plaintiff's claims may be barred or limited by the doctrines of waiver, estoppel and/or unclean hands.

26.     In the event that Plaintiff is entitled to a recovery herein, the same being specifically denied, SNP Transformations is entitled to a credit for any sums received from other sources for payment of any alleged damages and/or losses.

27.     Plaintiff's demand for punitive damages fails as a matter of law because Plaintiff cannot establish especially egregious conduct by SNP Transformations.

28.     Plaintiff's claims are barred to the extent she seeks relief for discrete acts which do not fall within the continuing violation doctrine and are time barred.

29.     Plaintiff's claims that occurred more than 300 days before Plaintiff filed a Charge of Discrimination with the EEOC are barred.

30.     Plaintiff's claims in whole or in part may be barred by the applicable statute of limitations and/or failure to exhaust administrative remedies.

31.     To the extent Plaintiff has incurred any damages or losses, which SNP

Transformations specifically denies, on information and belief, Plaintiff has failed to mitigate her damages. Plaintiff's damages, if any, must be reduced by the income or other payments she has received or should have received, in mitigation.

Respectfully submitted this 6th day of December 2021,

**KAUFMAN DOLOWICH & VOLUCK LLP**

BY:   */s/ Katharine W. Fogarty*
Gregory S. Hyman, Esquire
Katharine W. Fogarty, Esquire
Four Penn Center
1600 JFK Blvd., Suite 1030
Philadelphia, PA 19103
(215) 501-7024 / (215) 501-7044 (Phone)
(215) 405-2973 (Fax)
ghyman@kdvlaw.com
kfogarty@kdvlaw.com

*Counsel for Defendant,*
*SNP Transformations, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILLIAN SCHROTBERGER, | : |
| | : |
| Plaintiff, | :   Civil Action No. 2:21-CV-00364-JMY |
| | : |
| v. | : |
| | : |
| JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER, | :   **JURY TRIAL DEMANDED** |
| | : |
| and | : |
| | : |
| SNP TRANSFORMATIONS, INC., | : |
| | : |
| and | : |
| | : |
| SNP SCHNEIDER-NEUREITHER & PARTNER SE, | : |
| | : |
| and | : |
| | : |
| SN ASSETS AMERICAS LLC, | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

I, Katharine W. Fogarty, Esquire, hereby certify that a true and correct copy of Defendant SNP Transformations, Inc.'s Answer to Plaintiff's Amended Complaint with Affirmative Defenses was served via electronic service of the Court upon all Counsel of Record listed below:

Matthew H. Haverstick, Esquire
Lorena E. Ahumada, Esquire
Samantha G. Zimmer, Esquire
Kleinbard LLC
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
*Counsel for Plaintiff*

Adam T. Simons, Esquire

McGuireWoods LLP
500 E Pratt Street, Suite 1000
Baltimore, MD 21202
*Counsel for Defendant,*
*SNP Schneider-Neureither & Partner, SE*

Joel S. Allen, Esquire
McGuireWoods LLP
2000 McKinney Avenue, Suite 1400
Dallas, TX 75201
*Counsel for Defendant,*
*SNP Schneider-Neureither & Partner, SE*

George M. Vinci, Jr., Esquire
Neal Robert Troum, Esquire
Spector Gadon & Rosen PC
1635 Market Street, 7th Floor
Philadelphia, PA 19103
*Counsel for Defendant,*
*SN Assets Americas LLC*

**KAUFMAN DOLOWICH & VOLUCK LLP**

BY:   */s/ Katharine W. Fogarty*
Gregory S. Hyman, Esquire
Katharine W. Fogarty, Esquire
Four Penn Center
1600 JFK Blvd., Suite 1030
Philadelphia, PA 19103
(215) 501-7024 / (215) 501-7044 (Phone)
(215) 405-2973 (Fax)
ghyman@kdvlaw.com
kfogarty@kdvlaw.com

*Counsel for Defendant,*
*SNP Transformations, Inc.*

Dated: December 6, 2021

4862-2795-2901, v. 1

2