**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JILLIAN SCHROTBERGER : <br> : <br> Plaintiff, : <br> : Civil Action No. 2:21-CV-00364-JMY <br> v. : <br> : <br> JOHN DOE, as the ADMINISTRATOR of the : <br> ESTATE OF ANDREAS SCHNEIDER- : <br> NEUREITHER; ET AL. : <br> : <br> Defendants. : | |

## ORDER

**AND NOW**, this _____ day of _____, 2021, upon consideration of the Motion to Dismiss Amended Complaint filed by Defendant SN Assets Americas, LLC, and any responses thereto, it is hereby **ORDERED** and **DECREED** that the motion is **DENIED**.

                                                               **BY THE COURT:**

                                                               JOHN MILTON YOUNGE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER; ET AL.<br><br>Defendants. | Civil Action No. 2:21-CV-00364-JMY |

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO SN ASSETS' MOTION TO DISMISS AMENDED COMPLAINT**

Plaintiff Jillian Schrotberger ("Schrotberger"), by and through her undersigned counsel, respectfully submits this memorandum of law in opposition to the Motion to Dismiss Amended Complaint ("Motion") filed by SN Assets Americas, LLC ("SN Assets").

**I.   BACKGROUND**

**A.   Procedural History**

On January 27, 2021, Schrotberger commenced this action asserting tort claims arising from the acts and omissions of Andreas Schneider-Neureither ("Schneider-Neureither"), a German national, and defendants, SNP Transformations, Inc. ("SNP Transformations"), SN Assets Americas, LLC ("SN Assets"), and SNP Schneider-Neureither & Partner SE ("SNP SE").

SNP Transformations executed a waiver of the service of the summons and complaint and filed its Answer on April 8, 2021. Schrotberger moved to conduct expedited discovery for purposes of service on the estate of Andreas Schneider-Neureither, who is now deceased. The motion was granted by the Court on May 27, 2021 (Doc. no.13). Schrotberger served interrogatories pursuant to this order, which still did not reveal the identity of an individual who

can accept service on behalf of the estate. Schrotberger served SNP SE and SNP SE filed a motion to dismiss for lack of jurisdiction. (Doc nos. 24, 27, 28).

Schrotberger made various attempts at service on SN Assets since filing the Complaint. Following one of those attempts, SN Assets filed a Motion to Dismiss on the basis of improper service or, alternatively, lack of jurisdiction. Schrotberger opposed both of these grounds for dismissal. Further, Schrotberger sought and this Court granted a Motion for Alternative Service on SN Assets. (Doc. nos. 19, 29). Schrotberger completed alternative service pursuant to this Court's Order. (Doc. no. 39). SN Assets filed a Renewed Motion to Dismiss for lack of jurisdiction, which reiterates the same basis for lack of jurisdiction as set forth in its initial Motion to Dismiss, which Schrotberger again opposed. (Doc nos. 40, 43). SNP SE filed a motion to stay discovery pending its motion to dismiss and SN Assets filed a joinder seeking the same with respect to its own motion. (Doc nos. 41, 42).

Schrotberger filed a motion for leave to amend her Complaint to include employment-related claims, which this Court granted. (Doc. nos. 47, 51). Schrotberger filed the Amended Complaint, which includes a claim against SNP Transformations for a violation of Title VII. This Court issued an order denying as moot both SN Assets' and SNP SE's pending motions to dismiss as moot. (Doc. no. 54). SN Assets filed the present Motion to Dismiss the Amended Complaint, again reiterating the same objection to personal jurisdiction.

### B. Relevant Factual Background

Schrotberger is a resident of Pennsylvania. Am. Compl. at ¶ 6. She was first hired as a consultant to SNP Transformations and SNP SE (together, the "SNP Entities") on January 1, 2018 by Schneider-Neureither. Am. Compl. ¶ 22; Affidavit of Schrotberger (the "Aff.") at ¶ 2. The Affidavit is attached hereto as **Exhibit "A"**.

By March 2018, Schrotberger was a full-time employee, with the job title of Chief Executive Assistant to Schneider-Neureither. Am. Compl. ¶ 10; Aff. at ¶ 3. Schneider-Neureither was the CEO And Chairman of the Boards of both SNP Transformations and SNP SE, the largest single shareholder of SNP SE, and the only corporate officer of SN Assets. Am. Compl. ¶ 23. Schrotberger was promoted in May 2018 to Senior Advisor to Schneider-Neureither. *Id.* ¶ 24; Aff. at ¶ 4.

At all relevant times, Schrotberger's work primarily occurred in Pennsylvania. Aff. at ¶ 5. Further, Schrotberger's compensation was paid by SNP Transformations and charged back to SNP SE. Am. Compl. ¶ 24; Aff. at ¶ 6. Upon information and belief, SN Assets contributed to Schrotberger's compensation paid by SNP Entities. Am. Compl. ¶ 25; Aff. at ¶ 7. Schrotberger's compensation package from her employment with the SNP Entities included the monthly rent for her personal residence, which was paid for by SN Assets. Am. Compl. ¶ 26; Aff. at ¶¶ 8-9. Indeed, when Schrotberger incurred a business expense for a fellow SNP SE employee performing work on behalf of SNP Entities, SN Assets paid that reimbursement to Schrotberger. Am. Compl. ¶ 27; Aff. at ¶ 10. SN Assets owns a business/residential property at 125 Fox Glen Circle, Irving, TX 75062. Am. Compl. ¶ 13; Aff. at ¶ 11. This property is known as the "Bluefield House," which functions as an office space for SNP Entities and was also Schneider-Neureither's personal residence in the United States. Am. Compl. ¶¶ 34, 37.

Beginning in November 2017, Schneider-Neureither perpetrated the first in a long series of sexual assaults, harassment, and coerced sex acts on Schrotberger. Am. Compl. ¶ 30. The most recent of these acts occurred in February 2020, when Schneider-Neureither raped Schrotberger at the Bluefield House. *Id.* ¶ 34. Some of many of Schneider-Neureither's sexual assaults and harassment occurred at the Bluefield house while Schrotberger was an invitee of SN

4

Assets conducting business for the SNP Entities as part of her employment. *Id.* ¶¶ 34, 37, 40. Schneider-Neureither's harassment included forcing Schrotberger's unwilling participation in a variety of activities, including fraud in the payment, construction, and permitting of the Bluefield House. *Id.* ¶ 42. SN Assets and the SNP Entities knew of Schneider-Neureither's conduct and did nothing to address it or protect Schrotberger. *Id.* ¶ 43.

Because of SN Assets' interconnected relationship with the SNP Entities and its contribution to Schrotberger's compensation package as an SNP Entities' employee, SN Assets violated a duty of care that it had to Schrotberger and acted in concert with the SNP Entities and Schneider-Neureither to act tortiously against Schrotberger. Therefore, Schrotberger seeks relief against SN Assets for negligence; gross negligence and recklessness; and conspiracy. *Id.* ¶¶ 84-93.

## II.   ARGUMENT

This Court has specific jurisdiction over SN Assets, a related entity to SNP Transformations and SNP SE, as SN Assets has purposefully availed itself to Pennsylvania with regard to Schrotberger's employment.

### A. Standard of Review

When a party moves to dismiss a complaint for lack of personal jurisdiction under Rule 12(b)(2), "the court must accept the allegations in the complaint as true and draw all reasonable inferences supported by the well-pleaded allegations in the plaintiff's favor." *Novinger's Inc. v. A.J.D. Constr. Co., Inc.*, 376 F. Supp. 3d 445, 450 (M.D. Pa. 2019). The plaintiff bears the ultimate burden of proving that jurisdiction exists by presenting evidence demonstrating, "with reasonable particularity, a sufficient nexus between the defendant and the forum state." *Simeone ex rel. Estate of Albert Fancis Simeone, Jr. v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 669 (E.D. Pa. 2005). In deciding a motion to dismiss for lack of jurisdiction, the Court "is

required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).

The Pennsylvania long-arm statute is coextensive with the constitutional limits of due process, 42 Pa.C.S. § 5322; thus, the inquiry for personal jurisdiction is whether the defendant has minimum contacts with the forum state "such that the maintenance of suit does not offend traditional notions of fair play and substantial justice." *Simeone*, 360 F. Supp .2d at 670 (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)). Once the plaintiff has made a prima facie showing of personal jurisdiction, using affidavits, competent evidence, or sufficient contacts with the forum state, the burden shifts to the defendant to "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Baker v. LivaNova PLC*, 210 F. Supp. 3d 642, 648 (M.D. Pa. 2016). If the Court does not hold an evidentiary hearing on a motion to dismiss for lack of personal jurisdiction, the plaintiff "need only establish a prima facie case of personal jurisdiction." *Metcalfe*, 566 F.3d at 330.

**B. This Court has specific jurisdiction over SN Assets because Schrotberger's claims arise out of SN Assets' contacts in Pennsylvania.**

This Court has specific jurisdiction over SN Assets because it has directed its activities towards Pennsylvania, Schrotberger's claims arise out of those activities, and the exercise of jurisdiction comports with fair play and substantial justice.

"Specific jurisdiction exists when the plaintiff's claim is related to or arises out of the defendant's contacts with the forum." *Pennzoil Products Co. v. Colelli & Assocs.*, 149 F.3d 197, 201 (3d Cir. 1998) (quotations omitted). A court considers three factors to determine if it has specific jurisdiction: (1) whether the defendant purposefully directed its activities at the forum state; (2) whether the litigation arises out of or relates to at least one of those activities; and (3)

6

whether the exercise of jurisdiction otherwise comports with fair play and substantial justice." *Neopart Transit*, 314 F. Supp. 3d at 644.

First, SN Assets purposefully directed its activities to Pennsylvania by taking actions related to Schrotberger's employment. Purposeful availment includes a "deliberate targeting of the forum." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). SN Assets contributed to Schrotberger's salary, paid Schrotberger's rent as part of her compensation package, and, on at least one occasion, reimbursed Schrotberger for business expenses she incurred as a result of her employment with the SNP Entities. Am. Compl. ¶¶ 25-27; Aff. at ¶¶ 7-9. These actions, on the whole, demonstrate that SN Assets purposefully directed its activities to Pennsylvania, similar to that of an employer. *See, e.g.*, *Pritchett v. Alternative Bearings Corp.*, No. 1:19-cv-01493, 2020 WL 2847865 (M.D. Pa. June 2, 2020) (finding personal jurisdiction over a foreign corporation where the corporation paid, *inter alia*, the plaintiff's compensation and monthly expenses, which created a continuing obligation that was intended to reach into Pennsylvania).

Second, the present claims are connected to these contacts, as Schrotberger's claims against SN Assets relate to its acts, omissions, and breach of duties to Schrotberger owed to her as an SNP Entities employee compensated, in part, by SN Assets. The principle underlying the relatedness factor "is the notion of a tacit quid pro quo that makes litigation in the forum reasonably foreseeable." *O'Connor*, 496 F.3d at 322. This is because for each purposeful contact by an out of state defendant, the forum state law extends benefits and imposes obligations, such as personal jurisdiction. *Id.* Here, SN Assets has made purposeful contact with Pennsylvania specifically related to Schrotberger's employment and her claims arise therefrom. Specifically, Schrotberger alleges with regard to SN Assets that it violated a duty of care to Schrotberger and

acted in concert with the SNP Entities in a way that caused harm to her in relation to the harassment and assault by Schneider-Neureither. SN Assets directed its actions to Pennsylvania by contributing to Schrotberger's compensation package in a substantial way.

Third, the exercise of jurisdiction comports with fair play and substantial justice. In evaluating this factor, courts consider "the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining the most efficient resolution of controversies, and the shared interest of several States in furthering fundamental substantive social policies." *Law School Admission Council v. Tatro*, 153 F. Supp. 3d 714, 721 (E.D. Pa. 2015) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)). Jurisdiction is presumptively constitutional if there are minimum contacts with the forum state. *Id.* Because SN Assets purposefully availed itself to Pennsylvania as it relates to Schrotberger's employment with SNP Entities, it is fair to SN Assets to be subject to litigation in this forum. Further, given that SN Assets has reached into this forum by contributing to Schrotberger's compensation package and acting in concert with SNP Transformations, Pennsylvania has an interest in adjudicating the dispute.

The heart of the allegations in Schrotberger's Complaint arise from the actions of Schneider-Neureither and the surrounding failures and omissions of the SNP Entities and SN Assets that contributed to this harm. SN Assets purposefully availed itself to Pennsylvania as it relates to Schrotberger's employment in Pennsylvania with SNP Entities by paying her rent, reimbursing her for expenses on at least one occasion, and contributing to her salary. The foregoing show that SN Assets' duty to Schrotberger arises from its actions directed to the forum. Because SN Assets contributed to Schrotberger's compensation package and Schrotberger was subject to harassment and sexual assault on SN Assets' premises while

conducting business for the SNP Entities, SN Assets can reasonably expect to be subject to litigation in Pennsylvania related to these events and Schrotberger's employment.

### III. CONCLUSION

For the foregoing reasons, Plaintiff, Jillian Schrotberger respectfully requests that this Honorable Court deny the Motion.

Respectfully submitted,

**KLEINBARD LLC**

*/s/ Matthew H. Haverstick*
Matthew H. Haverstick
Lorena E. Ahumada
Eric J. Schreiner
Samantha G. Zimmer
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
(215) 568-2000

*Counsel for Plaintiff, Jillian Schrotberger*

Dated:  December 7, 2021

## CERTIFICATE OF SERVICE

I, Samantha G. Zimmer, hereby certify that on this 7th day of December 2021, a true and correct copy of the Plaintiff's Memorandum of Law in Opposition to SN Assets' Motion to Dismiss Amended Complaint, with accompanying exhibit, have been filed electronically and is available for viewing and downloading from the Court's ECF system. I further certify that I caused a true and correct copy of the same to be served upon the following via this Court's ECF system:

Gregory S. Hyman, Esq.
Katharine W. Fogarty, Esq.
Four Penn Center
1600 JFK Blvd., Suite 1030
Philadelphia, PA 19103

*Counsel for Defendant,
SNP Transformations, Inc.*

George M. Vinci, Jr., Esq.
Neal R. Troum, Esq.
Spector Gadon Rosen Vinci P.C.,
1635 Market Street,
Seventh Floor,
Philadelphia, PA 19103

*Counsel for SN Assets Americas, LLC*

Adam T. Simons, Esq.
Joel S. Allen, Esq.
Olga A. Bograd, Esq.
McGuireWoods, LLC
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169

*Counsel for SNP Schneider Neureither & Partner SE*

             */s/ Samantha G. Zimmer*
             Samantha G. Zimmer

# Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SCHROTBERGER | : |
| Plaintiff, | : |
| | : Civil Action No. 2:21-CV-00364-JMY |
| v. | : |
| JOHN DOE, as the ADMINISTRATOR of the ESTATE OF ANDREAS SCHNEIDER-NEUREITHER; ET AL. | : |
| Defendants. | : |

### AFFIDAVIT OF JILLIAN SCHROTBERGER

I, Jillian Schrotberger, a competent adult, being duly sworn according to law, depose and state as following:

1. I am the Plaintiff in this matter and an employee of Defendant SNP Transformations, Inc. ("SNP Transformations") and SNP Schneider-Neureither & Partner SE ("SNP SE") (together, the "SNP Entities").

2. I am a resident of Pennsylvania, and was hired as a consultant to the SNP Entities on January 1, 2018 by Schneider-Neureither.

3. In March 2018, I became a full-time employee of the SNP Entities as Chief Executive Assistant to Schneider-Neureither.

4. In May 2018, I was promoted to Senior Advisor to Schneider-Neureither.

5. As an employee of the SNP Entities, I work primarily in Pennsylvania.

6. My compensation was paid for by SNP Transformations and charged back to SNP SE.

{02113352;v1 }

1

7. Further, upon information and belief, SN Assets contributed to my salary paid by the SNP Entities for work I primarily did in Pennsylvania.

8. My compensation package from employment with SNP Entities also included for some time my monthly rent for my personal residence in Pennsylvania.

9. SN Assets Americas paid the rent for my personal residence in Pennsylvania as part of my compensation package.

10. On at least one occasion, when I incurred a business expense for a fellow SNP SE employee performing work on behalf of SNP Entities, SN Assets reimbursed me for the expense.

11. SN Assets owns a business/residential property at 125 Fox Glenn Circle, Irving, TX, 75062, where I often conducted business for SNP Entities in the course and scope of my employment.

12. SN Assets' directed business activities towards Pennsylvania by contributing to my compensation package and reimbursing me for business expenses for work I performed and expenses I incurred while performing my job in Pennsylvania.

*Jillian Schrotberger*
Jillian Schrotberger

Sworn to and subscribed
before me this 28th day
of July, 2021

*Notary Public*

BRANDEE ANDERSON
Notary Public - State of Utah
Commission # 709473
My Commission Expires
December 2, 2023

{02113352;v1}

2