**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JILLIAN SCHROTBERGER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **Civil Action No. 2:21-cv-00364-JMY** |
| **JOHN DOE, as the ADMINISTRATOR** | § | |
| of the ESTATE OF ANDREAS | § | **JURY TRIAL DEMANDED** |
| SCHNEIDER-NEUREITHER, SNP | § | |
| TRANSFORMATIONS, INC., SNP | § | |
| SCHNEIDER-NEUREITHER & | § | |
| PARTNER SE and SN ASSETS | § | |
| AMERICAS LLC | § | |
| | § | |
| **Defendants.** | § | |

**SNP SCHNEIDER-NEUREITHER & PARTNER SE'S REPLY IN SUPPORT OF ITS
OBJECTIONS TO PLAINTIFF'S AFFIDAVIT SUBMITTED IN RESPONSE TO ITS
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant SNP Schneider-Neureither & Partner SE ("SNP SE" or "Defendant"), submits

this Reply in Support of its Objections to Plaintiff's Affidavit Submitted in Response to its Motion

to Dismiss for Lack of Personal Jurisdiction. In support of its Objections, SNP SE respectfully

states as follows:

## I.      INTRODUCTION

The majority of SNP SE's objections to Plaintiff's affidavit pertain to her lack of personal

knowledge. In her Response to SNP SE's Objections—just as she does in the affidavit at issue—

Plaintiff simply parrots the conclusory allegation that she was employed by both SNP

Transformations, Inc. and SNP SE. Plaintiff claims to have "personal knowledge" of the corporate

structure and dealings of both entities, but gives no indication of how she obtained such

knowledge. Plaintiff was required to establish the *foundation* of her personal knowledge, not

merely to insist upon it. Because Plaintiff's amended complaint mooted SNP SE's earlier motion to dismiss, the affidavit at issue here is her *third* attempt to allege facts that would establish personal jurisdiction over SNP SE. *See* Docs. 28 (Exhibit A), 32-1, 59-1. Despite so many bites at the apple, Plaintiff still fails to establish the basis of the personal knowledge she claims to have. Accordingly, Plaintiff's inadmissible testimony is insufficient to establish personal jurisdiction over SNP SE.

## II.     ARGUMENT & AUTHORITIES

### A.  Plaintiff Has Not Established Any Basis for Personal Knowledge Concerning the Corporate Structure of SNP SE and SNP Transformations, Inc.

In nearly every paragraph of her affidavit, Plaintiff makes the repeated allegation that she was employed by both SNP SE and SNP Transformations, Inc. *See* Doc. 59-1 at ¶¶ 1–4, 6–8, 10–17. But the only basis for the personal knowledge she claims is that she worked as a "Senior Advisor" to Schneider-Neureither. *Id.* at ¶¶ 2, 5. Essentially, she asks the Court to accept that she gained personal knowledge of SNP SE and SNP Transformations, Inc.'s corporate structure by osmosis.

However, for testimony to be admissible, an affiant must state the *basis* of her personal knowledge. *See* Fed. R. Civ. P. 602. In *Lopresti v. Cty. of Lehigh*, the Third Circuit considered the affidavit of a corrections officer who alleged that her Union had breached its duty to fairly represent her. 572 F. App'x 133, 136 (3d Cir. 2014). In her response to the Union's motion for summary judgment, the corrections officer included an affidavit in which she stated that five other female corrections officers had *not* received grievance hearings, while seven male officers *had* received such hearings. *Id.* She argued that this evidence supported her claim that she—like the other female corrections officers she listed—had not been fairly represented by the Union. *Id.* The Third Circuit affirmed summary judgment on behalf of the Union, concluding that the corrections

officer's affidavit was made "without any foundation, attribution or indication of how she had or could have personal knowledge of other officers' disciplinary records and how the Union handled them." *Id.* The corrections officer argued that she had personal knowledge of the disciplinary process "because of her long tenure" with her employer. *Id.* at 137. But the Third Circuit explained that the officer's "long tenure' does not automatically bestow personal knowledge upon her, and without more [the officer] could not testify to such unsupported claims[.]" *Id.*

The same is true of Plaintiff here. She essentially relies on her "long tenure" as Schneider-Neureither's assistant to "automatically bestow" personal knowledge upon her. Plaintiff does not, for example, testify that she worked with a corporate secretary or treasurer who explained SNP SE and SNP Transformations, Inc.'s corporate structure. And Plaintiff does not, for example, testify that Schneider-Neureither showed her documents demonstrating that SNP SE was the entity that employed her. Instead, Plaintiff testifies only that she worked for someone who had the personal knowledge she now claims. But mere proximity to an executive is not enough to "automatically bestow" personal knowledge. Plaintiff was required to state *how* she acquired her personal knowledge of which entity employed her. *See* Fed. R. Civ. P. 602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."). Plaintiff has introduced no evidence that she has personal knowledge that she was employed by both SNP Transformations, Inc. and SNP SE.

Plaintiff also makes no attempt to address the declaration of SNP SE executive Jörg Harald Vierfuß, whose testimony was ***based on his review*** of SNP SE's personnel and corporate documents. Contrary to the inadmissible evidence presented by Plaintiff, Vierfuß's testimony provides a sufficient basis for personal knowledge as a matter of law. *See Byrd v. Merrill Lynch*, No. CIV. A. 10-0247, 2011 WL 2680572, at \*6 (D.N.J. July 8, 2011), *aff'd*, 479 F. App'x 444 (3d

Cir. 2012). Moreover, Vierfuß, who holds the title "Director Finance," is in a position to access financial and corporate documents indicating Plaintiff's employing entity, unlike Plaintiff.

First, Vierfuß stated that SNP SE never employed Plaintiff: "I have reviewed personnel and other corporate documents related to SNP SE's employees. My review of these documents establishes that Plaintiff was never an employee of SNP SE. Rather, she was and continues to be employed by SNP Transformations, Inc." *See* Doc. 60-1 at ¶ 3. Second, despite the fact that Plaintiff styles herself a "Senior Advisor," Vierfuß clarified that "[d]uring her tenure at SNP Transformations, Inc., Plaintiff's role has not been managerial in nature." *Id*. The relevant case law establishes that when an employee's position is non-managerial, more than mere employment is needed to show a basis for personal knowledge of corporate structure. *See Smith v. Schwan's Food Serv.*, No. 7:13-CV-00844-RDP, 2015 WL 5559825, at *9 (N.D. Ala. Sept. 18, 2015); *Nielsen v. AECOM Tech. Corp.*, No. 12-CIV-5163-KBF, 2012 WL 6200613, at *4 (S.D.N.Y. Dec. 11, 2012), *aff'd*, 762 F.3d 214 (2d Cir. 2014).[1] In sum, Plaintiff argues that this Court should exercise personal jurisdiction over SNP SE because Plaintiff was employed by SNP SE. But Plaintiff lacks the personal knowledge to offer that testimony, and it is contrary to the established facts. The Court should disregard Plaintiff's testimony.

**B.  Plaintiff Has Not Established Any Basis for Personal Knowledge Concerning the Level of Control SNP SE Exerts Over SNP Transformations, Inc.**

Plaintiff testifies that "[b]ased on my knowledge, information, and belief, SNP SE wholly owns and controls SNP Transformations." *See* Doc. 59-1 at ¶ 11. She also states that "on knowledge, information, and belief as an employee all product for SNP Transformations comes

---

[1] As SNP SE notes in its Objections, even if the Court accepts Plaintiff's affidavit as true, Plaintiff's allegations are still insufficient to establish personal jurisdiction over SNP SE. Plaintiff's attempt to distinguish the case law in SNP SE's Objections by characterizing those cases as considering legal sufficiency, rather than admissibility, misses the point. Whether Plaintiff's affidavit is admitted or not, Plaintiff has still not carried her burden.

from SNP SE, marketing for the SNP Entities is done globally through SNP SE, and SNP Transformations' budget is controlled by SNP SE." *Id.* at ¶ 12. This testimony is inadmissible because it is made upon information and belief—*not* on personal knowledge. *Dean v. Philadelphia Gas Works*, No. CIV. A. 19-4266, 2021 WL 2661485, at *3 n.5 (E.D. Pa. June 28, 2021); *Burns v. Lavender Hill Herb Farm, Inc.*, No. 01-CV-7019, 2002 WL 31513418, at *4 (E.D. Pa. Oct. 30, 2002). In her Opposition, Plaintiff does not dispute this point. Accordingly, the Court should disregard Plaintiff's testimony concerning the degree of control SNP SE exercises over SNP Transformations, Inc.

### III.    <u>CONCLUSION</u>

Plaintiff has failed to establish personal knowledge for the statements in her affidavit. Accordingly, SNP SE asks that this Court sustain SNP SE's objections to paragraphs 1–4, 6–8, 10–17 of Plaintiff's affidavit, dismiss with prejudice all of Plaintiff's claims against SNP SE for lack of personal jurisdiction, and grant SNP SE all other and further relief to which it is entitled.

Dated: January 6, 2022                          Respectfully submitted,


                                                */s/ Adam T. Simons*
                                                Adam T. Simons
                                                Pennsylvania Bar No. 322256
                                                asimons@mcguirewoods.com
                                                **MCGUIREWOODS LLP**
                                                500 East Pratt Street, Suite 1000
                                                Baltimore, Maryland 21202-3169
                                                Telephone: 410.659.4400
                                                Facsimile:  410.659.4599

                                                Joel S. Allen
                                                Texas Bar No. 795069
                                                jallen@mcguirewoods.com
                                                (*Admitted Pro Hac Vice* )
                                                Olga A. Bograd
                                                Texas Bar No. 24075613
                                                obograd@mcguirewoods.com
                                                (*Admitted Pro Hac Vice*)
                                                **MCGUIREWOODS LLP**
                                                2000 McKinney Avenue, Suite 1400
                                                Dallas, Texas 75201
                                                Telephone: 214.932.6400
                                                Facsimile:  214.932.6499

                                                *Attorneys for Defendant*
                                                *SNP Schneider-Neureither & Partner SE*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system on this 6th day of January, 2022, which constitutes service on Plaintiff's counsel of record, who are registered users of the CM/ECF system pursuant to Fed. R. Civ. P. 5(b)(2)(E).

/s/ Adam T. Simons
Adam T. Simons
Pennsylvania Bar No. 322256
**MCGUIREWOODS LLP**
500 East Pratt Street, Suite 1000
Baltimore, Maryland 21202-3169
Telephone: 410.659.4400
Facsimile:  410.659.4599
asimons@mcguirewoods.com